# EXHIBIT 1

**EXECUTION VERSION**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

FRESNO COUNTY EMPLOYEES'
RETIREMENT ASSOCIATION,
EMPLOYEES' RETIREMENT SYSTEM OF
THE CITY OF BATON ROUGE AND
PARISH OF EAST BATON ROUGE, and
WILLIAM HUFF, Individually and on Behalf
of All Others Similarly Situated,

                Plaintiffs,

        -against-

COMSCORE, INC., SERGE MATTA,
MELVIN WESLEY III, MAGID M.
ABRAHAM, KENNETH J. TARPEY,
WILLIAM J. HENDERSON, RUSSELL
FRADIN, GIAN M. FULGONI, WILLIAM
KATZ, RONALD J. KORN, JOAN LEWIS,
RENTRAK CORPORATION, DAVID
BOYLAN, DAVID I. CHEMEROW,
WILLIAM ENGEL, PATRICIA
GOTTESMAN, WILLIAM LIVEK, ANNE
MACDONALD, MARTIN O'CONNOR,
BRENT ROSENTHAL, and RALPH SHAW,

                Defendants.

-------------------------------------------------------- x

**Case No. 1:16-cv-01820-JGK**

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of December 28, 2017 (the "Stipulation"), is submitted to the Court under Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into between (a) Lead Plaintiffs Fresno County Employees' Retirement Association and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge (collectively, the "Lead Plaintiffs") and plaintiff William Huff ("Huff" or "Named Plaintiff", and together with Lead Plaintiffs,

"Plaintiffs"), on behalf of themselves and the Settlement Class (defined in ¶ 1, below); and (b) defendants comScore, Inc. ("comScore"), Serge Matta, Melvin Wesley III, Magid M. Abraham, Kenneth J. Tarpey, William J. Henderson, Russell Fradin, Gian M. Fulgoni, William Katz, Ronald J. Korn, and Joan Lewis (collectively, the "Settling Defendants"), and embodies the terms and conditions of the settlement (the "Settlement") of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided in this Stipulation, this Stipulation is intended to fully, finally, and forever compromise, settle, release, discharge, resolve, and dismiss with prejudice the Action and all claims asserted in the Action against the Settling Defendants.

**RECITALS**

A.     On March 10, 2016, the initial complaint in this Action was filed. In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended (the "PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

B.     On July 19, 2016, the Court appointed Lead Plaintiffs as the lead plaintiffs in this Action and approved the selection of Bernstein Litowitz Berger & Grossmann LLP to serve as lead counsel for the class ("Lead Counsel").

C.     On October 12, 2016, certain of the Settling Defendants filed, in the Court, a motion to stay discovery in the Oregon Rentrak Merger Class Action and the Oregon Section 11 Class Action (the "Motion to Stay").[1]

---

[1] Capitalized terms not defined at the time of their initial usage have the meanings ascribed to them in ¶ 1 of this Stipulation.

**EXECUTION VERSION**

      D.      On October 18, 2016, Lead Plaintiffs filed their response to the Motion to Stay and requested that the Court impose an expedited briefing schedule on the issue, and certain of the Settling Defendants filed their reply to Lead Plaintiffs' response to the Motion to Stay.

      E.      On October 19, 2016, Plaintiffs filed the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws in the Action (the "Consolidated Amended Complaint").

      F.      On October 27, 2016, the Court held oral argument on the Motion to Stay.

      G.      On October 28, 2016, the Court denied the Motion to Stay.

      H.      On December 9, 2016, Defendants moved to dismiss the Consolidated Amended Complaint.

      I.      On January 13, 2017, Plaintiffs filed their Second Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint"). The Second Amended Complaint alleges claims against the Settling Defendants for violations of Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78(j), 78(t), 79n(a); Section 11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77k; and Securities and Exchange Commission ("SEC") Rules 10b-5, 17 C.F.R. § 240.10b-5, and 14a-9, 17 C.F.R. § 240.14a-9. The Second Amended Complaint also alleges claims against defendants Rentrak Corporation ("Rentrak"), David Boylan, David I. Chemerow, William Engel, Patricia Gottesman, William Livek, Anne MacDonald, Martin O'Connor, Brent Rosenthal, and Ralph Shaw (collectively, the "Non-Settling Defendants" or "Rentrak Defendants") for violation of Section 14(a) of the Exchange Act, 15 U.S.C. § 79n(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9.

J. Plaintiffs have brought the claims alleged in the Second Amended Complaint on behalf of themselves and all persons or entities who (i) purchased or otherwise acquired comScore common stock during the period from February 11, 2014 through November 23, 2016; inclusive, (ii) held the common stock of Rentrak as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock pursuant to the Registration Statement on Form S-4 filed with the SEC by comScore on October 30, 2015 and subsequently amended, and who were damaged thereby.

K. On March 13, 2017, Defendants filed motions to dismiss the Second Amended Complaint.

L. On April 13, 2017, Plaintiffs filed their opposition to Defendants' motions to dismiss.

M. On April 27, 2017, Defendants filed their replies in support of their motions to dismiss.

N. On July 14, 2017, the Court held oral argument on Defendants' motions to dismiss.

O. On July 28, 2017, the Court denied Defendants' motions to dismiss in their entirety.

P. On August 17, 2017, Plaintiffs and the Settling Defendants engaged in a full-day, private mediation session with Hon. Layn R. Phillips (fmr.) (the "Mediator") in an attempt to reach a consensual resolution of this Action.

Q. On September 10, 2017, after weeks of negotiations assisted by the Mediator following the mediation session, Lead Plaintiffs and the Settling Defendants entered into a term sheet outlining the terms of the Settlement (the "Term Sheet") based on a proposal by the Mediator.

R.      In connection with the extensive settlement-negotiation process in this Action, Lead Plaintiffs and Lead Counsel have reviewed, with the assistance of an investment banking advisor, publicly available financial information about comScore, as well as confidential internal information provided by comScore, and have analyzed comScore's ability, in light of its liquidity position, to continue to litigate this Action and to pay any judgment or to fund any settlement in the Action.

S.      On or about September 10, 2017, in accordance with the Term Sheet, Lead Plaintiffs commenced Due Diligence Discovery for the purpose of confirming the fairness, reasonableness, and adequacy of the Settlement.

T.      On September 13, 2017, the Settling Parties filed a Stipulation and [Proposed] Order Regarding Stay of Proceedings, which the Court signed and entered on September 15, 2017.

U.      On September 19, 2017, Plaintiffs filed a Notice of Voluntary Dismissal With Prejudice of Plaintiffs' Claims Against the Rentrak Defendants Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure (the "Notice of Voluntary Dismissal") in light of the final approval of the settlement in the Oregon Rentrak Merger Class Action, which includes a release of all of the claims against the Rentrak Defendants in this Action.

V.      On October 4, 2017, the Court held a court conference regarding Plaintiffs' Notice of Voluntary Dismissal. The Court was not asked to and did not enter an order dismissing the claims against the Rentrak Defendants in this Action.

W.      Due Diligence Discovery is ongoing.

X.      Based upon their investigation, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class,

and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of Lead Counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action in accordance with this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by this Stipulation.

Y.      This Stipulation constitutes a compromise of matters that are in dispute among the Settling Parties. The Settling Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each Settling Defendant denies any wrongdoing, and this Settlement and Stipulation must in no event be construed or deemed to be evidence of or an admission or concession on the part of any Settling Defendant with respect to (i) any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever; or (ii) any infirmity in the defenses that the Settling Defendants have, or could have, asserted. The Settling Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation must in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Settling Defendants' defenses to liability have any merit. Each Settling Party recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by the Settling Defendants in good faith in compliance with Rule 11 of the Federal Rules of Civil Procedure; that the Action

**EXECUTION VERSION**

is being voluntarily settled with the advice of counsel; and that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, without any admission or concession of any liability, wrongdoing, or lack of merit, Plaintiffs (individually and on behalf of all other members of the Settlement Class) and the Settling Defendants STIPULATE AND AGREE, by and through each of their respective undersigned attorneys, and subject to the approval of the Court under Rule 23(e) of the Federal Rules of Civil Procedure, that (in consideration of the benefits flowing to the Settling Parties from the Settlement) all Released Plaintiffs' Claims as against the Settling Defendants' Released Parties and all Released Settling Defendants' Claims as against the Plaintiffs' Released Parties will be settled, released, and dismissed with prejudice, upon and subject to the terms and conditions stated below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached to this Stipulation and made a part of it, the following capitalized terms have the following meanings:[2]

(a)      "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(b)      "Bylaws" means the Amended and Restated Bylaws of comScore, as amended and in effect on the date of this Stipulation.

(c)      "Cash Settlement Amount" means $27,231,527.20 in cash.

---

[2] For ease of reference, certain capitalized terms are defined elsewhere in this Stipulation, but will nonetheless be treated as having been defined in this ¶ 1, if a definition is provided.

(d)     "Cash Settlement Fund" means the Cash Settlement Amount and any amounts, if paid, deemed included under ¶¶ 13(a) and 20 of this Stipulation, plus any and all interest earned thereon.

(e)     "Certificate of Incorporation" means the comScore Amended and Restated Certificate of Incorporation, as in effect on the date of this Stipulation.

(f)     "CIC" means an acquisition of comScore by way of merger or through the acquisition of all of the outstanding shares of comScore common stock (including by tender offer) or any other corporate transaction in which the outstanding shares of comScore common stock are extinguished.

(g)     "CIC Transaction" means a transaction or transactions effecting a CIC.

(h)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached to this Stipulation as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(i)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(j)     "Claims Administrator" means the firm retained by Lead Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(k)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(l)     "Class Settlement Shares" means the Settlement Shares, less any Settlement Shares awarded to Plaintiffs' Counsel for attorneys' fees.

**EXECUTION VERSION**

(m)     "Complaint" or "Second Amended Complaint" means the Second Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws filed on January 13, 2017.

(n)     "comScore" or the "Company" means comScore, Inc.

(o)     "Defendants" means the Settling Defendants and the Non-Settling Defendants.

(p)     "Due Diligence Discovery" means the discovery that Lead Plaintiffs have undertaken for the purpose of confirming the fairness, reasonableness, and adequacy of the Settlement.

(q)     "Effect" means a fact, development, circumstance, condition, event, occurrence, change or effect, or any of them.

(r)     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 46 of this Stipulation have been met and have occurred, or have been waived.

(s)     "Escrow Account" means an interest-bearing escrow account controlled by Lead Counsel, in which the Cash Settlement Amount plus the net cash proceeds from the sale of any Class Settlement Shares will be deposited and maintained and held in escrow under the control of Lead Counsel, and will remain subject to the jurisdiction of the Court until such funds are distributed or returned in accordance with this Stipulation.

(t)     "Escrow Agent" means Valley National Bank.

(u)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent stating the terms under which the Escrow Agent will maintain the Escrow Account, consistent with this Stipulation.

**EXECUTION VERSION**

(v)    "Excluded Claims" means (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims asserted in any pending derivative action; (iii) any claims by any governmental entity arising out of any governmental investigation of comScore or Rentrak, or any of their respective former or current officers or directors, relating to the conduct alleged in the Action; (iv) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (v) any claims against the Non-Settling Defendants or Ernst & Young.

(w)    "Final," with respect to the Judgment or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal; or (ii) if there is an appeal from the Judgment or other order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the later of (i) the date the Judgment or other order is finally affirmed on an appeal; (ii) the expiration of the time to file a petition for a writ of certiorari or other form of review; (iii) the denial of a petition for a writ of certiorari or other form of review; or (iv) if certiorari or other form of review is granted, the date of final affirmance following review in accordance with that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the Plan of Allocation (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment from becoming Final.

(x)    "Governmental Authority" means any government, any governmental or regulatory entity or body, department, commission, board, agency or instrumentality, and any court, tribunal or judicial body, in each case whether federal, state, county, provincial, and whether local or foreign.

(y)     "Judgment" means the final judgment, substantially in the form attached to this Stipulation as Exhibit B, to be entered by the Court approving the Settlement.

(z)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(aa)    "Individual Settling Defendants" means Serge Matta, Melvin Wesley III, Magid M. Abraham, Kenneth J. Tarpey, William J. Henderson, Russell Fradin, Gian M. Fulgoni, William Katz, Ronald J. Korn, and Joan Lewis.

(bb)    "Individual Non-Settling Defendants" means David Boylan, David I. Chemerow, William Engel, Patricia Gottesman, William Livek, Anne MacDonald, Martin O'Connor, Brent Rosenthal, and Ralph Shaw.

(cc)    "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(dd)    "Lead Plaintiffs" means Fresno County Employees' Retirement Association and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge.

(ee)    "Legal Requirements" means applicable domestic or foreign federal, state, provincial, local, municipal or other law, statute, treaty, constitution, principle of common law, binding resolution, ordinance, code, binding edict, decree, directive, order, rule, regulation, ruling or requirement issued, enacted, adopted, promulgated, implemented or otherwise put into effect by or under the authority of any Governmental Authority.

(ff)    "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' Counsel in commencing, prosecuting, and settling the Action, and may also include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class, for which Lead Counsel intends to apply to the Court for reimbursement from the Cash Settlement Fund.

(gg)    "Material Adverse Effect" means any Effect that, individually or when taken together with all other Effects that exist at the date of determination of the occurrence of the Material Adverse Effect, has or is reasonably likely to have a material adverse effect on the business, operations, financial condition or results of operations of comScore and its Subsidiaries, taken as a whole; *provided, however*, that no Effects (by themselves or when aggregated with any other Effects) resulting from, relating to or arising out of the following shall be deemed to be or constitute a Material Adverse Effect, and no Effects resulting from, relating to or arising out of the following (by themselves or when aggregated with any other Effects) shall be taken into account when determining whether a Material Adverse Effect has occurred or may, would or could occur:

(i)    economic, business, financial or political conditions (including interest or exchange rates) in the United States or any other jurisdiction in which comScore or any of its Subsidiaries has substantial business or operations, and any changes therein, but solely to the extent that such conditions and changes do not have a disproportionate adverse effect on comScore and its Subsidiaries, taken as a whole, relative to other companies of comparable size operating in the industry or industries in which comScore operates;

(ii)    conditions in the industry or industries in which comScore operates, and any changes therein, but solely to the extent that such conditions and changes do not have a disproportionate adverse effect on comScore and its Subsidiaries, taken as a whole, relative to

other companies of comparable size operating in the industry or industries in which comScore operates;

(iii)   conditions in the financial markets, and any changes therein, but solely to the extent that such conditions and changes do not have a disproportionate adverse effect on comScore and its Subsidiaries, taken as a whole, relative to other companies of comparable size operating in the industry or industries in which comScore operates;

(iv)   acts of terrorism or war (whether or not declared), the commencement, continuation or escalation of a war, acts of armed hostility, geopolitical conditions, weather conditions, power outages, national or international calamity, crisis or emergency, and other force majeure events, including any material worsening of such conditions threatened or existing as of the date of this Stipulation, but solely to the extent that such conditions and changes do not have a disproportionate adverse effect on comScore and its Subsidiaries, taken as a whole, relative to other companies of comparable size operating in the industry or industries in which comScore operates;

(v)   changes in Legal Requirements or generally accepted accounting principles, as applied in the United States "GAAP" (or any interpretations of GAAP);

(vi)   changes in comScore's stock price or the trading volume of comScore stock, in and of itself;

(vii)   the failure to meet public estimates or forecasts of revenues, earnings or other financial metrics, in and of itself, or the failure to meet internal projections, forecasts or budgets of revenues, earnings or other financial metrics, in and of itself; or

(viii)   any reduction in the credit rating of comScore or its Subsidiaries, in and of itself.

(hh)   "Named Plaintiff" or "Huff" means plaintiff William Huff.

(ii)   "Named Plaintiff's Counsel" means the law firm of Kessler Topaz Meltzer & Check LLP.

(jj)   "Net Settlement Fund" means the Settlement Fund (including, if applicable, the net cash proceeds from the sale of any Class Settlement Shares deposited into the Escrow Account in accordance with ¶ 16 below, as well as accrued interest thereon) less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(kk)   "Non-Settling Defendants" or "Rentrak Defendants" means Rentrak and the Individual Non-Settling Defendants.

(ll)   "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached to this Stipulation as Exhibit A-1, which is to be mailed to Settlement Class Members.

(mm)   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator or Lead Counsel relating to: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred relating to the Escrow Account.

(nn)   "Opt-out Deadline" means the last date by which the Claims Administrator must receive a request for exclusion for the request to be considered timely as stated in the Notice, unless otherwise ordered by the Court.

(oo)   "Oregon Rentrak Merger Class Action" means the consolidated action filed on October 9, 2015, captioned *In re Rentrak Corporation Shareholders Litigation*, 15cv2759 (Or.

**EXECUTION VERSION**

Cir. Ct., Multnomah County), which alleged claims for breach of fiduciary duty against the Rentrak Defendants and claims for aiding and abetting breach of fiduciary duty and unjust enrichment against comScore. On May 12, 2017, the parties in the Oregon Rentrak Merger Class Action entered into a stipulation of settlement, which included a release of all claims against the Rentrak Defendants in this Action, and on September 12, 2017, the Oregon court entered final approval of the settlement and dismissed that action with prejudice.

(pp)    "Oregon Section 11 Class Action" means the consolidated action filed on October 3, 2016 and captioned *Ira S. Nathan v. Serge Matta et al.*, 16cv32458 (Or. Cir. Ct., Multnomah County), which alleges claims against the Individual Settling Defendants for violations of Section 11 of the Securities Act.

(qq)    "Plaintiffs' Counsel" means Lead Counsel and Named Plaintiff's Counsel.

(rr)    "Plaintiffs' Released Parties" means Plaintiffs, all other Settlement Class Members, and their respective present and former officers and directors, trustees, agents, parents, subsidiaries, affiliates, attorneys, insurers, reinsurers, employees, heirs, executors, administrators, trustees, Immediate Family members, beneficiaries, predecessors, successors, assigns, and assignees.

(ss)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund stated in the Notice.

(tt)    "Preliminary Approval Order" means the order, substantially in the form attached to this Stipulation as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(uu)    "Released Claims" means all Released Settling Defendants' Claims and all Released Plaintiffs' Claims.

(vv)   "Released Parties" means each and any of the Settling Defendants' Released Parties and each and any of the Plaintiffs' Released Parties.

(ww)   "Released Plaintiffs' Claims" mean any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, and any and all debts, disputes, demands, rights, actions, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal, state, or foreign statutory or common law, or any other law, rule, or regulation, that Plaintiffs or any other member of the Settlement Class: (i) asserted in any complaint filed in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the facts, allegations (including any and all allegations relating to the financial statements at issue in the Action), transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts, omissions, or failures to act involved, set forth, or referred to in any complaint filed in the Action and that relate to the purchase or acquisition of comScore common stock during the Settlement Class Period, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment. Released Plaintiffs' Claims do not include any of the Excluded Claims.

(xx)   "Released Settling Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, and any and all debts, disputes, demands, rights, actions, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues, and charges of any kind whatsoever

(including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal, state, or foreign statutory or common law, or any other law, rule, or regulation, that arise out of, are based upon, or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Defendants.   Released Settling Defendants' Claims do not include any claims relating to the enforcement of the Settlement.

(yy)   "Releases" means the releases stated in ¶¶ 10-12 of this Stipulation.

(zz)   "Rentrak" means Rentrak Corporation.

(aaa)   "Securities Brokerage Account" means the securities brokerage account that Lead Counsel will designate as the recipient of the Settlement Shares.

(bbb)   "Settlement" means the settlement between Plaintiffs, on behalf of themselves and the Settlement Class, and the Settling Defendants on the terms and conditions set forth in this Stipulation.

(ccc)   "Settlement Amount" means a total consideration equal to $110 million in value, consisting of the Cash Settlement Amount and the Settlement Shares.

(ddd)   "Settlement Class" means all persons or entities who or which (i) purchased or otherwise acquired comScore common stock during the period from February 11, 2014 through November 23, 2016, inclusive; (ii) held the common stock of Rentrak as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended, and

who were damaged thereby. Excluded from the Settlement Class are Defendants; the officers and directors of comScore and Rentrak during the Settlement Class Period; members of the Immediate Families of any such excluded person; any entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest (including, without limitation, any excluded entity's subsidiaries); and the legal representatives, heirs, successors, and assigns of any excluded person or entity. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(eee)   "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(fff)   "Settlement Class Period" means the period from February 11, 2014 through November 23, 2016, inclusive.

(ggg)   "Settlement Hearing" means the hearing held by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(hhh)   "Settlement Fund" means the Cash Settlement Fund plus the Settlement Shares.

(iii)   "Settlement Shares" means the number of shares of comScore common stock that equates to at least $82,768,472.80, as determined in accordance with ¶ 13(a) of this Stipulation.

(jjj)   "Settling Defendants" means comScore and the Individual Settling Defendants.

(kkk)   "Settling Defendants' Counsel" means the law firms of Jones Day, Steptoe & Johnson LLP, Hogan Lovells U.S. LLP, Williams & Connolly LLP, and Spears & Imes LLP.

**EXECUTION VERSION**

(lll)   "Settling Defendants' Released Parties" means the Settling Defendants, Settling Defendants' Counsel, and their respective present and former officers and directors, trustees, agents, parents, subsidiaries, affiliates, attorneys, insurers, reinsurers, employees, heirs, executors, administrators, trustees, Immediate Family members, beneficiaries, predecessors, successors, assigns, and assignees, in their capacities as such. For the avoidance of doubt, Settling Defendants' Released Parties do not include any of the Non-Settling Defendants or Ernst & Young.

(mmm)"Settling Parties" means Plaintiffs, on behalf of themselves and the Settlement Class, and the Settling Defendants.

(nnn)   "Stay of Action" means the Stipulation and Order Regarding Stay of Proceedings entered by the Court on September 15, 2017.

(ooo)   "Subsidiary" means any corporation or other organization, whether incorporated or unincorporated, of which (i) comScore or any other Subsidiary of comScore is a general partner, manager or managing member, (ii) comScore or any Subsidiary of comScore owns at least a majority of the outstanding equity or voting securities or interests or (iii) comScore or any Subsidiary of comScore has the right to elect at least a majority of the board of directors or others performing similar functions with respect to such corporation or other organization.

(ppp)   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached to this Stipulation as Exhibit A-3, to be published as provided in the Preliminary Approval Order.

(qqq)   "Taxes" means: (i) all federal, state, or local taxes of any kind (including any interest or penalties on those taxes) on any income earned by the Settlement Fund; (ii) the

expenses and costs incurred by Lead Counsel in connection with determining the amount of, and

paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax

attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund,

including withholding taxes.

      (rrr)   "Term Sheet" means the confidential term sheet memorializing the Settling

Parties' agreement in principle to settle the Action executed on September 10, 2017.

      (sss)   "Termination Notice" means written notice of the election by Lead

Plaintiffs, provided they both agree, or the Settling Defendants, provided they all agree, to

terminate the Settlement in accordance with ¶ 49 of this Stipulation or, as applicable, the written

notice to terminate the Settlement in accordance with ¶¶ 50, 51 or 52 of this Stipulation.

      (ttt)   "Unknown Claims" means any Released Plaintiffs' Claims that any

Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its

favor at the time of the release of those claims, and any Released Settling Defendants' Claims that

any Settling Defendant or any other Settling Defendants' Released Party does not know or suspect

to exist in his, her, or its favor at the time of the release of those claims, which, if known by him,

her, or it might have affected his, her, or its decision(s) with respect to this Settlement. With respect

to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective

Date of the Settlement, the Settling Parties will expressly waive, and each of the other Settlement

Class Members and Settling Defendants' Released Parties will be deemed to have waived, and by

operation of the Judgment will have expressly waived, all provisions, rights, and benefits conferred

by any law of any state or territory of the United States, or principle of common law or foreign

law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

        A general release does not extend to claims which the creditor does
        not know or suspect to exist in his or her favor at the time of

executing the release, which if known by him or her must have
materially affected his or her settlement with the debtor.

Plaintiffs and the Settling Defendants acknowledge, and each of the other Settlement Class

Members and Settling Defendants' Released Parties will be deemed by operation of law to have

acknowledged, that the foregoing waiver was separately bargained for and is a key element of the

Settlement.

## SETTLEMENT CLASS CERTIFICATION

2.      Solely for the purpose of the Settlement and for no other purpose, the Settling

Parties stipulate and agree to the certification of the Action as a class action pursuant to Rules 23(a)

and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class. The Settling

Parties further stipulate and agree, again solely for the purpose of Settlement and for no other

purpose, to the certification of Plaintiffs as the Class Representatives for the Settlement Class, and

to the appointment of Lead Counsel as Class Counsel for the Settlement Class.

## DUE DILIGENCE DISCOVERY

3.      The Settlement is subject to the completion of Due Diligence Discovery, which

Lead Plaintiffs began conducting following the execution of the Term Sheet and will continue to

conduct.

4.      In connection with the Due Diligence Discovery, comScore (a) has and shall

continue to produce documents and information to Lead Plaintiffs; and (b) make at least five (5)

witnesses, including without limitation comScore's former CFO, David Chemerow, available for

interviews under oath at a time and place that is convenient for Lead Plaintiffs and comScore by

no later than January 31, 2018.  This deadline can be extended for good cause shown.

5.      The scope of Due Diligence Discovery shall be mutually agreed upon by Lead

Plaintiffs and the Settling Defendants, but shall at a minimum be sufficient to encompass:  (a) the

allegations and claims asserted in the Complaint; (b) claims that arise out of or are based upon the facts, allegations (including any and all allegations relating to the financial statements at issue in the Action), transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts, omissions, or failures to act involved, set forth, or referred to in the Complaint; (c) the forthcoming restatement of comScore's consolidated financial statements at issue in the Action; and (d) any and all representations made to Lead Plaintiffs in connection with the August 17, 2017 mediation session.

6.     Any disputes about the scope of the Due Diligence Discovery shall be resolved by the Mediator. A refusal by the Settling Defendants to comply with the Mediator's resolution of a dispute about the scope of the Due Diligence Discovery as described in this paragraph shall constitute a termination of the Settlement by comScore.

7.     Prior to Lead Plaintiffs' filing their motion in support of final approval of the Settlement, the Settling Defendants must certify to Lead Plaintiffs that they have made good faith efforts to provide to Lead Plaintiffs all documents and information agreed to be produced in connection with Due Diligence Discovery as required by this Stipulation.

8.     Lead Plaintiffs shall have the right to withdraw from and terminate the Settlement at any time prior to filing their motion in support of final approval of the Settlement if, in their discretion, information is produced during Due Diligence Discovery that renders the proposed Settlement unfair, unreasonable or inadequate. However, before exercising any such withdrawal or termination pursuant to this paragraph, Lead Plaintiffs are required to submit their concerns to the Mediator.

## PRELIMINARY APPROVAL OF SETTLEMENT

9.     Lead Plaintiffs will file a motion with the Court for preliminary approval of the Settlement and the scheduling of a hearing for consideration of final approval of the Settlement,

which will include the dismissal with prejudice of claims asserted against the Settling Defendants in the Action. Lead Plaintiffs will use their best efforts to file this motion within fifteen business days following the execution of this Stipulation, which motion will be unopposed by the Settling Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiffs will apply to the Court for, and the Settling Defendants will agree to, entry of the Preliminary Approval Order, substantially in the form attached to this Stipulation as Exhibit A.

## **RELEASE OF CLAIMS**

10.     The obligations incurred under this Stipulation are in consideration of: (i) the full and final disposition of the Action as against the Settling Defendants; and (ii) the Releases provided for in this Stipulation.

11.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will be deemed to have, and by operation of law and of the Judgment will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Settling Defendants and the other Settling Defendants' Released Parties, and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Defendants' Released Parties.  This release shall not apply to any of the Excluded Claims.

12.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, the Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will be deemed to have, and by operation of law and of the judgment will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every

- 23 -

**EXECUTION VERSION**

Released Settling Defendants' Claim against Plaintiffs and the other Plaintiffs' Released Parties, and will forever be barred and enjoined from prosecuting any or all of the Released Settling Defendants' Claims against any of the Plaintiffs' Released Parties.

## THE SETTLEMENT CONSIDERATION AND DEPOSIT AND DELIVERY THEREOF

13.    **Total Settlement Consideration.** In full and final settlement of the claims in the Action, comScore will provide or cause to be provided to the Settlement Class total consideration equal to $110 million in value, which will consist of $27,231,527.20 in cash, plus the number of shares of comScore common stock that equates to no less than $82,768,472.80 in value, in the form and manner described as follows:

(a)    The number of Settlement Shares that comScore will issue will be determined on the date of the Settlement Hearing and will be calculated by dividing $82,768,472.80 by the volume weighted average daily adjusted closing price of comScore common stock over the 20 trading days immediately preceding the date of the Court's Settlement Hearing unless the number of shares needed to reach that value exceeds 19.9% of the issued and outstanding common stock of comScore as of the date of the Settlement Hearing, in which case comScore will have the option to either (i) pay in cash the amount corresponding to the number of shares in excess of 19.9% (the "Excess Settlement Shares"), or (ii) seek shareholder approval as required to issue the Excess Settlement Shares no later than 90 calendar days after the date of the Settlement Hearing. Further, the total number of Settlement Shares to be issued will be adjusted to reflect any subdivision or combination in comScore common stock by stock splits, reverse stock splits, reorganization, recapitalization, or other similar transaction beginning with 20th trading day immediately preceding the date of the Settlement Hearing through and including the date the Settlement Shares are issued by comScore and delivered to the Securities Brokerage Account.

**EXECUTION VERSION**

(b)     All Settlement Shares will be duly and validly issued, fully paid, non-assessable, and free from all liens and encumbrances, and will be either registered under the Securities Act or exempt from registration under Section 3(a)(10) of the Securities Act, 15 U.S.C. §77c(a)(10); provided, however, that should comScore choose to register the Settlement Shares, the registration of the Settlement Shares will not extend the deadline by which comScore must issue and deliver the Settlement Shares in accordance with ¶ 16 below.  In order to qualify for the exemption provided by Section 3(a)(10) of the Securities Act, the Settling Parties and their counsel will take all steps necessary to ensure that each of the following conditions will be satisfied: (i) Settlement Class Members shall be given adequate notice of the Settlement Hearing; (ii) the Settlement Hearing shall be open to all Settlement Class Members; (iii) there shall be no improper impediments to the appearance by any Settlement Class Member at the Settlement Hearing; (iv) the Court shall be advised before the Settlement Hearing that comScore will rely on the Section 3(a)(10) exemption based on the Court's approval of the issuance of the Settlement Shares as part of the consideration provided in exchange for the settlement and release of the claims asserted in the Action; (v) the Settlement Hearing shall include consideration of the fairness of the terms and conditions of the issuance of the Settlement Shares in exchange for the settlement and release of the claims asserted in the Action; and (vi) the order to be entered by the Court shall approve the fairness to the Settlement Class Members of the terms and conditions of the exchange of the issuance of the Settlement Shares for the settlement and release of the claims asserted in the Action.

(c)     The Settlement Shares shall be registered or available for resale without registration under the Securities Act upon issuance and delivery and shall be issued and delivered in accordance with any applicable state securities laws, rules, or regulations ("State Blue Sky Laws") at comScore's expense. If the Settlement Shares are to be issued pursuant to the exemption

from registration under Section 3(a)(10) of the Securities Act, 15 U.S.C. §77c(a)(10), no later than the date of issuance of the Settlement Shares, comScore must at no cost to the Settlement Class, the Settlement Fund, or Plaintiffs' Counsel confirm to Lead Counsel and Lead Plaintiffs that it has received the written opinion of counsel, substantially to the effect that the issuance and delivery to the Securities Brokerage Account, Lead Counsel or Authorized Claimants, and the subsequent distribution of Settlement Shares by Lead Counsel to Authorized Claimants or sale of Settlement Shares by Lead Counsel is exempt from registration under the Securities Act under Section 3(a)(10) of that Act (the "3(a)(10) Opinion"). comScore understands that comScore's transfer agent and Lead Counsel may rely on the representation that comScore has obtained the 3(a)(10) Opinion. On the date of issuance and delivery of the Settlement Shares, comScore must deliver to Lead Counsel and Lead Plaintiffs a certificate, signed for and on behalf of comScore by the chief executive officer and the chief financial officer of comScore, certifying that comScore's representations and warranties in ¶¶ 57(a), 57(b), 57(c), and 57(d) will have been true and correct in all material respects as of the date of this Stipulation, and will be true and correct in all material respects on and as of the date of issuance and delivery of the Settlement Shares, with the same force and effect as if made on and as of that date, except, in each case, for those representations and warranties which address matters only as of a particular date (which representations shall have been true and correct in all material respect as of that particular date).

(d)     From the date of this Stipulation through the date of issuance and delivery of the Settlement Shares by comScore to Lead Counsel, comScore will not require any capital contributions or capital calls from the holders of its common stock or from the Settlement Class.

(e)     comScore represents to Lead Plaintiffs that it intends to complete and file audited financial statements for fiscal years 2015, 2016, and 2017 in a consolidated filing with the

Securities and Exchange Commission (the "Financial Statement Filing") as promptly as reasonably possible and that it is aware of no fact or circumstance that would prevent it from ultimately filing the Financial Statement Filing. comScore agrees to use commercially reasonable efforts to complete and file the Financial Statement Filing as promptly as possible.

(f)     After filing the Financial Statement Filing, comScore will use commercially reasonable efforts to cause its common stock to promptly be either relisted on the NASDAQ Global Select Market or listed on another national securities exchange in the United States.

(g)     Unless and until comScore common stock is listed for trading on a national securities exchange in the United States, comScore will make commercially reasonable efforts to arrange for its stock to continue to be eligible for trading on the Pink Open Market or another market operated by OTC Markets Group Inc., including, if and to the extent required to maintain such listing, by making commercially reasonable efforts to arrange for at least one broker-dealer that is registered as such with the SEC and is a member of FINRA to file and maintain current a Form 211 concerning comScore common stock with FINRA and to quote the stock.

(h)     comScore or a successor entity under a CIC Transaction or otherwise will have the option to pay the value of all or part of the Settlement Shares in cash of the same value.

14.     **Deposit of Cash Settlement Amount.** comScore must cause the Cash Settlement Amount to be deposited into the Escrow Account within fifteen business days following the Court's entry of an order granting preliminary approval of the Settlement. Lead Counsel must provide a complete W-9 and wire transfer and check payment instructions (including contact information and a physical address for the recipient of the Settlement Amount) to comScore's Counsel at least ten business days before the deadline for payment of the Cash Settlement Amount.

**EXECUTION VERSION**

15.     Lead Plaintiffs have the option, in their sole discretion, to terminate the Settlement if the Settlement Amount is not timely paid in full, regardless of the reasons for the lack of timely payment in full.

16.     **Issuance and Delivery of the Settlement Shares.** Within ten business days following the date of entry of the Judgment, comScore (or its successor entity) must issue and deliver the Settlement Shares to the Securities Brokerage Account in accordance with written instructions from Lead Counsel. The Settlement Shares will be issued by comScore (or its successor entity) only in certificate-less (book entry) form, and registered in the name as provided in the written instructions; comScore (or its successor entity) will not issue or otherwise provide any physical certificates for any of the Settlement Shares. Upon issuance of the Settlement Shares, Lead Counsel will have the option, in its sole discretion, to sell all or any portion of the Settlement Shares, including any shares awarded to Plaintiffs' Counsel for attorneys' fees, provided any sale of Settlement Shares is conducted in a commercially reasonable manner. The net cash proceeds from the sale of any Class Settlement Shares must be deposited in the Escrow Account pending distribution to Authorized Claimants.  With respect to any Class Settlement Shares that are not sold, Lead Counsel (through its broker) shall direct comScore's (or its successor entity's) transfer agent to transfer and post the shares electronically to the accounts of Authorized Claimants via the Direct Registration System ("DRS"), all in accordance with written instructions to be provided by Lead Counsel or the Claims Administrator at the time of this transfer in accordance with ¶ 17 below. comScore will be responsible for the payment of all costs associated with the issuance of the Settlement Shares, including without limitation, (i) all costs related to the transfer of the Settlement Shares to the Securities Brokerage Account and (ii) all costs associated with listing the Settlement Shares on NASDAQ (or any other stock exchange or market on which comScore's

common stock is then listed or quoted). However, all costs associated with distributing the Settlement Shares to Authorized Claimants (including any costs incurred by comScore's transfer agent) will be paid from the Escrow Account and will constitute Notice and Administration Costs.

17.    Any Class Settlement Shares that are not sold by Lead Counsel shall not be distributed by comScore's (or its successor entity's) transfer agent until the Company's General Counsel (whose name and contact information shall be provided by comScore's Counsel to Lead Counsel within five (5) calendar days of execution of this Stipulation, which information shall be updated as necessary) receives instructions from Lead Counsel as to the distribution of those shares. Lead Counsel shall provide instructions to comScore (or its successor entity) regarding the distribution of Settlement Shares. Such instructions will include, but are not limited to, posting the Settlement Shares to the accounts of Authorized Claimants on the DRS in the amounts directed by the Claims Administrator. comScore (or its successor entity) shall authorize its transfer agent to disburse Settlement Shares in accordance with such instructions.

18.    comScore (or its successor entity) shall direct its transfer agent to provide Lead Counsel with instructions as to all information comScore's (or its successor entity's) transfer agent requires, as well as all formatting requirements, to enable the posting of Settlement Shares electronically on the DRS to the accounts of Authorized Claimants. Such instructions shall include, but are not limited to, any requirements to satisfy STA guidelines so that the Claim Form to be sent to potential Settlement Class Members captures all such information in the appropriate format, as well as the physical or electronic medium for the delivery of such information that comScore's (or its successor entity's) transfer agent requires. comScore (or its successor entity) shall direct its (or its successor entity's) transfer agent to provide such instructions and review and provide comments, if any, on the Claim Form within five (5) calendar days of the filing of the

motion for preliminary approval. Any changes made to the Claim Form at the request of comScore's (or its successor entity's) transfer agent shall not be deemed material changes to the Claim Form.

19.     Lead Counsel shall have sole responsibility, on behalf of the Settlement Class, for directing comScore (or its successor entity) to instruct its transfer agent to post to the accounts of Authorized Claimants on the DRS the Settlement Shares allocable to those claimants. Any such directions given to comScore (or its successor entity) by Lead Counsel shall be set forth in a writing signed by Lead Counsel and accompanied by such information, and in such physical or electronic medium as specified by comScore's (or its successor entity's) transfer agent as set forth in the preceding subparagraph, to permit the Settlement Shares to be immediately posted electronically to the accounts of Authorized Claimants on the DRS, in such amounts as are appropriate (the "Settlement Shares Instructions"). Lead Counsel, comScore (and any successor entity), the Claims Administrator, and all entities under the direction of Lead Counsel shall cooperate with comScore's (or its successor entity's) transfer agent to provide such information as is required for the Settlement Shares Instructions. Each of Lead Counsel and the Claims Administrator has the right to rely on the instructions provided by comScore's (or its successor entity's) transfer agent as to the information it requires as well as the formatting requirements to enable the posting of the Settlement Shares electronically on the DRS to the accounts of Authorized Claimants. comScore's (or its successor entity's) transfer agent, in its sole discretion, may request additional information or reformatting in order to effect the posting to the accounts of the Authorized Claimants on the DRS. Each of comScore and its transfer agent (and its successor entity and its transfer agent) has the right to rely on the accuracy and completeness of the information provided by Lead Counsel or Authorized Claimants with respect to the issuance and distribution of the Settlement Shares.

Neither any of the Settling Defendants nor comScore's (or its successor entity's) transfer agent shall have any responsibility or liability regarding the accuracy or completeness of any information provided by Lead Counsel or any Authorized Claimant in respect to the issuance or distribution of the Settlement Shares, or any losses incurred in connection therewith; however, as discussed in this paragraph and in ¶ 18 above, comScore and its transfer agent (and its successor entity and its transfer agent) are responsible for providing complete and accurate instructions to Lead Counsel and the Claims Administrator with respect to the information and formatting required in respect to the issuance or distribution of the Settlement Shares and comScore (and its successor entity) shall be liable for any fees, costs or losses incurred in connection with comScore's or its transfer agent's (or its successor entity's or its successor entity's transfer agent's) failure to provide accurate and complete instructions. Lead Counsel shall provide Settling Defendants' Counsel with notice of the Settlement Shares Instructions at the same time such Settlement Shares Instructions are delivered to comScore (or its successor entity). Lead Counsel shall not issue the Settlement Shares Instructions to comScore (or its successor entity) with respect to the Settlement Shares allocable to Authorized Claimants prior to the entry of a Class Distribution Order authorizing the distribution of the Settlement Shares, in whole or part, to Authorized Claimants.

20.     In the event of a CIC prior to the issuance and delivery by comScore of the Settlement Shares to the Securities Brokerage Account: (i) if holders of comScore common stock receive all cash in the CIC Transaction, then in lieu of the Settlement Shares, comScore or the successor entity shall pay cash in an amount equal to $82,768,472.80; and (ii) if the holders of comScore common stock receive consideration in such CIC Transaction that is not entirely composed of cash, then comScore or the successor entity shall continue to be obligated to provide the Settlement Shares; provided however, in such event, the Settlement Shares shall be the stock

of the successor entity in an amount equal to $82,768,472.80 divided by the volume weighted average daily adjusted closing price of the successor entity's common stock on such stock exchange or market on which that stock is then listed over the 20 trading days immediately preceding the date of the Court's Settlement Hearing (the "Successor 20-Day Average Closing Price"). Additionally, in the event of a CIC prior to the issuance and delivery by comScore of the Settlement Shares to the Securities Brokerage Account, with respect to the Settlement Share component of the Settlement Amount, the successor entity shall have the option in its sole discretion to pay all or part of the value of the Settlement Shares in cash in an amount equal to no less than $82,768,472.80. Any amounts paid in cash pursuant to this paragraph shall be deemed part of the Cash Settlement Fund. For the avoidance of doubt, the value of the total Settlement Shares will be no less than $82,768,472.80 as of the date the Settlement Hearing.

## USE OF SETTLEMENT FUND

21.     Subject to the terms and conditions of this Stipulation and the Settlement, the Settlement Fund will be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund (including, if applicable, the net cash proceeds from the sale of any Class Settlement Shares deposited into the Escrow Account in accordance with ¶ 16 above, plus any interest earned thereon), that is, the "Net Settlement Fund," will be distributed to Authorized Claimants as provided in ¶¶ 32-44 of this Stipulation, or as otherwise ordered by the Court.

22.     Except as provided in this Stipulation or as ordered by the Court, any sums required to be held in Escrow pursuant to this Stipulation will remain in the Escrow Account before the Effective Date. All funds held by the Escrow Agent in the Escrow Account will be deemed to be in the custody of the Court, and will remain subject to the jurisdiction of the Court until the funds

are distributed or returned in accordance with this Stipulation or further order of the Court. The Escrow Agent will invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in United States Treasury Bills) and will collect and reinvest all interest accrued on those Bills, except that any residual cash balances up to the amount that is insured by the Federal Deposit Insurance Corporation ("FDIC") may be deposited in any account that is fully insured by the FDIC. If the yield on United States Treasury Bills is negative, in lieu of purchasing Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent in the Escrow Account may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

23.    The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), will be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel will also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Lead Counsel will make reasonable efforts to ensure that the Settlement Fund at all times complies with applicable provisions of the Internal Revenue Code of 1986, as amended (the "Code"), and Treasury regulations in order to maintain its treatment as a Qualified Settlement Fund. The Settling Defendants and the other Settling Defendants' Released Parties will have no liability or responsibility for any Taxes owed with respect to the Settlement

Fund. Upon written request, the Settling Defendants will cause to be provided to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), will timely make any elections that are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and will take or cause to be taken all actions that may be necessary or appropriate in connection these elections.

24.      All Taxes will be paid out of the Settlement Fund, and will be timely paid by the Escrow Agent in accordance with the disbursement instructions to be stated in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election made in the returns) will be consistent with the previous paragraph and in all events will reflect that all Taxes on the income earned by the Settlement Fund will be paid out of the Settlement Fund as provided in this Stipulation. The Settling Defendants and the other Settling Defendants' Released Parties will have no responsibility or liability for the acts or omissions of the Claims Administrator, the Escrow Agent, Lead Counsel, or their agents with respect to the payment of Taxes, as provided in this Stipulation.

25.      The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Settling Defendant, Settling Defendants' Released Party, Settling Defendants' insurer, or any other person or entity who or which paid any portion of the Settlement Amount, will have any right to the return of the Settlement Fund or any portion of the Settlement Fund for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

26.     Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Escrow Account, without further approval of the Defendants or further order of the Court, Notice and Administration Costs actually incurred and paid or payable. These costs and expenses may include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator for providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. Notwithstanding the foregoing, before the Effective Date, these Notice and Administration Costs paid may not exceed $750,000 without further approval of the Court. If the Settlement is terminated in accordance with this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, will not be returned or repaid to any of the Settling Defendants' Released Parties, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

27.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Cash Settlement Fund. Lead Counsel's application for an award of attorneys' fees or Litigation Expenses is not the subject of any agreement between the Settling Defendants and Lead Plaintiffs other than as stated in this Stipulation.

28.     Any attorneys' fees and Litigation Expenses that are awarded by the Court will be paid to Lead Counsel either (A) if paid from (and out of) the Cash Settlement Fund, immediately

upon the Court's entry of an order awarding fees and Litigation Expenses (the "Fee and Expense Order"); or (B) if paid from (and out of) the Settlement Shares, immediately upon the Court's entry of the Fee and Expense Order or, if the Settlement Shares have not yet been delivered to the Securities Brokerage Account at the time of entry of the Fee and Expense Order, immediately upon the delivery of the Settlement Shares to the Securities Brokerage Account in accordance with ¶ 16 above, notwithstanding any appeals or potential for appeal from the Fee and Expense Order, timely filed objections to the Fee and Expense Order, or collateral attack on the Settlement or any part of the Settlement.

29.     Should an appellate court later reverse the Court's final approval of the Settlement, Lead Counsel must repay all attorneys' fees and Litigation Expenses awarded. If the Settlement is terminated in accordance with this Stipulation or if, as a result of any appeal or further proceedings, the award of attorneys' fees or expenses is reduced or reversed, Lead Counsel must repay the fees and expenses accordingly, including accrued interest at the same net rate as is earned by the Cash Settlement Fund. Lead Counsel must make the appropriate refund or repayment in full no later than 30 days after: (a) receiving from Settling Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees or Litigation Expenses has become Final.

30.     Any order or proceeding relating to Lead Counsel's application for an award of fees and for reimbursement of expenses will not operate to terminate the Settlement or affect the finality or binding nature of the Settlement. Lead Counsel's fee and expense application will be treated by the Court separately from the fairness, reasonableness, and adequacy of this Stipulation and the Settlement. An award of attorneys' fees or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied in this Stipulation. Neither Lead

Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees or Litigation Expenses.

31.     Lead Counsel will allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which Lead Counsel, in good faith, believe reflects the contributions of Plaintiffs' Counsel to the institution, prosecution, and settlement of the Action. The Settling Defendants' Released Parties will have no responsibility for or liability whatsoever with respect to the payment, allocation, or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded will be payable solely from the Cash Settlement Fund and the Settlement Shares.

## NOTICE AND SETTLEMENT ADMINISTRATION

32.     As part of the Preliminary Approval Order, Lead Plaintiffs will seek appointment of a Claims Administrator. The Claims Administrator will be selected solely by Lead Counsel, and the Plan of Allocation will be proposed solely by Lead Plaintiffs, subject to Court Approval. The Claims Administrator will administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than comScore's obligation to provide shareholder information as provided in ¶ 33 below or comScore's obligations as provided under ¶¶ 13 and 16-19 above, none of the Settling Defendants will have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Claims administration process, the Plan of Allocation, or the administration of the Settlement, and the Settling Defendants will have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Plaintiffs' Counsel, in connection with the selection of the Claims Administrator, the Claims administration process, the Plan of Allocation, or the administration of the Settlement. Settling Defendants' Counsel will cooperate

in the administration of the Settlement to the extent reasonably necessary to effectuate this Stipulation.

33.     In accordance with the Preliminary Approval Order to be entered by the Court, Lead Counsel will cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class that may be identified through reasonable effort. Lead Counsel will also cause the Claims Administrator to have the Summary Notice published in accordance with the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within 5 business days of the date of entry of the Preliminary Approval Order, comScore must provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Plaintiffs' Counsel, or the Claims Administrator) comScore's and its transfer agent's records concerning the identities and last known addresses of Settlement Class Members, in electronic form, which information the Claims Administrator and Plaintiffs' Counsel shall treat and maintain as confidential.

34.     The Claims Administrator will receive Claims and determine first, whether each Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as provided in the Plan of Allocation stated in the Notice attached to this Stipulation as Exhibit A-1, or in any other plan of allocation that the Court approves).

35.     The Plan of Allocation proposed in the Notice is separate from the Settlement and is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation)

based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. The Settling Defendants and the other Settling Defendants' Released Parties will not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Settling Defendant, nor any other Settling Defendants' Released Party, will have any involvement with or liability, obligation, or responsibility whatsoever in connection with the Plan of Allocation or any other Court-approved plan of allocation.

36.     Any Settlement Class Member who does not submit a valid Claim Form by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be bound by all of the terms of this Stipulation (including the terms of the Judgment) and the Releases provided for in this Stipulation and the Judgment, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Settling Defendants or any other Settling Defendants' Released Party with respect to the Released Plaintiffs' Claims.

37.     Lead Counsel will be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Settling Defendant, or any other Settling Defendants' Released Party, will be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel will have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

38.     The Net Settlement Fund will be distributed to Authorized Claimants only after the later of the Effective Date, the Court having approved a plan of allocation in an order that has become Final, and the Court issuing a Class Distribution Order that has become Final.

39.     For purposes of determining the extent, if any, to which a Settlement Class Member will be entitled to be treated as an Authorized Claimant, the following conditions will apply:

(a)     Each Settlement Class Member will be required to submit a Claim Form, substantially in the form attached to this Stipulation as Exhibit A-2, supported by the documents that are designated in the Claim Form, including proof of the Claimant's loss, or other documents or proof that the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless extended by the Court. Any Settlement Class Member who fails to submit a Claim Form by that date will be forever barred from receiving any distribution from the Net Settlement Fund or payment under this Stipulation (unless by Order of the Court that Settlement Class Member's Claim Form is accepted), but will in all other respects be bound by all of the terms of this Stipulation and the Judgment, including the Releases provided for in this Stipulation and the Judgment, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Settling Defendants' Released Party with respect to any Released Plaintiffs' Claim. If a Claim Form is mailed by the claim-submission deadline, is received with a postmark indicated on the envelope, and is mailed by first-class mail and addressed in accordance with the instructions in the Claim Form, then the Claim Form will be deemed to be submitted when postmarked. In all other cases, a Claim Form will be deemed to have been submitted on the date when it is actually received by the Claims Administrator;

**EXECUTION VERSION**

(c)    Each Claim Form will be submitted to and reviewed by the Claims Administrator, who will determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim will be allowed, subject to review by the Court in accordance with subparagraph (e) below as necessary;

(d)    Claim Forms that do not meet the submission requirements may be rejected in whole or in part by the Claims Administrator. Before rejecting a Claim in whole or in part, the Claims Administrator must communicate with the Claimant in writing, to give the Claimant an opportunity to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator must notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part, stating the reasons for the proposed rejection, and must indicate in the notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part by the Claims Administrator desires to contest the rejection, the Claimant must, within 20 days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review of the rejection by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel will then present the request for review to the Court, on reasonable notice to the relevant Claimant.

40.    Each Claimant will be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery by Lead Counsel under the Federal Rules of Civil Procedure. This investigation and discovery will

**EXECUTION VERSION**

be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery will be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

41.     Lead Counsel will apply to the Court, on reasonable notice to Settling Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

42.     Payment in accordance with the Settlement Class Distribution Order will be final and conclusive against all Settlement Class Members. All Settlement Class Members who do not submit Claims or whose Claims are not approved by the Court for payment will be barred from participating in distributions from the Net Settlement Fund, but otherwise will be bound by all of the terms of this Stipulation and the Judgment, including the Releases provided for in this Stipulation and the Judgment, and will be permanently barred and enjoined from bringing any action against any Settling Defendants' Released Parties with respect to any of the Released Plaintiffs' Claims.

43.     No Claimant or Settlement Class Member will have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages experts, the Claims Administrator (or any other agent designated by Lead Counsel), or the Settling Defendants' Released Parties based on any investments, costs, expenses, administration, allocations, calculations, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection with taxes owed by the Settlement Fund), or distributions that are made substantially

in accordance with this Stipulation, the plan of allocation approved by the Court, or further orders of the Court.

44.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating to Claims, including disputed questions of law and fact with respect to the validity of Claims, will be subject to the jurisdiction of the Court. All Settlement Class Members and Settling Parties expressly waive trial by jury (to the extent any right to trial by jury may exist) and any right of appeal or review with respect to these determinations.

## **TERMS OF THE JUDGMENT**

45.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Settling Defendants' Counsel will request that the Court enter a Judgment, substantially in the form attached to this Stipulation as Exhibit B, including the dismissal with prejudice of all of the claims asserted against the Settling Defendants in this Action, the Releases, and a bar order barring, to the fullest extent permitted by law, any and all claims by any individual or entity ("Barred Person") against any of the Settling Defendants' Released Parties, and by the Settling Defendants' Released Parties against any Barred Person, for (a) contribution or indemnity arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury or damages claimed is that Barred Person's actual or threatened liability to Plaintiffs or any other Settlement Class Member (the "Bar Order"). Nothing herein shall release or alter any Individual Settling Defendant's right to indemnification against comScore arising: (a) under the terms of any written agreement, if any, between that Individual Settling Defendant and comScore, (b) under comScore's bylaws or comScore's certificate of incorporation, or (c) under Delaware law. The Bar Order shall also provide that any final verdict or judgment that may be obtained by

**EXECUTION VERSION**

or on behalf of the Settlement Class or a Settlement Class Member against any Barred Person shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants for common damages; or (b) the amount paid by or on behalf of the Settling Defendants to the Settlement Class or Settlement Class Member for common damages.

## EFFECTIVE DATE OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

46.     The Effective Date of the Settlement will be the first date on which all of the following conditions have occurred:

(a)     the Court has entered the Preliminary Approval Order, as required by ¶ 9 above;

(b)     the Cash Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 14 above;

(c)     the Settlement Shares have been issued and delivered in accordance with the provisions of this Stipulation.

(d)     comScore has confirmed to Lead Counsel and Lead Plaintiffs that it has received the 3(a)(10) Opinion in accordance with the provisions of ¶ 13(c) above.

(e)     the Court has entered the Judgment, substantially in the form proposed by the Settling Parties, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(f)     the Judgment has become Final and no longer subject to appeal.

47.     Upon the occurrence of all of the events referenced in ¶ 46 above, any remaining interest or right of the Settling Defendants or their insurers in or to the Settlement Fund will be absolutely and forever extinguished, and the Releases in this Stipulation will be effective.

48.   If (i) any Settling Defendant exercises his, her, or its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)   the Settlement (including, without limitation, the Releases provided under the Settlement) will be deemed null and void;

(b)   the Stay of Action will no longer apply, and the Settling Parties will return to their respective positions in the Action as of September 10, 2017;

(c)   The terms and provisions of this Stipulation, with the exception of this ¶ 48 and ¶¶ 21-24, 26, 55, 61, 65, 66, 71-75, 78, and 80-82, will have no further force and effect with respect to the Settling Parties and may not be used in the Action or in any other proceeding for any purpose, and the Judgment or any order entered by the Court in accordance with this Stipulation will be treated as vacated, *nunc pro tunc*;

(d)   within five business days after joint written notification of termination is sent by Settling Defendants' Counsel and Lead Counsel to the Escrow Agent, the Cash Settlement Fund and, if applicable, the net cash proceeds from the sale of any Settlement Shares in accordance with ¶ 16 above, as well as accrued interest thereon, less any costs incurred in accordance with ¶ 16 (Distribution of the Settlement Shares) and ¶ 26 (Notice and Administration Costs), and less any Taxes paid, due, or owing, will be returned to the Settling Defendants or their insurers (or any other persons or entities that the Settling Defendants or their insurers may identify to Lead Counsel in writing);

(e)      within five business days after joint written notification of termination is sent by Settling Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Shares will be returned to comScore, if applicable;

(f)      counsel for the Settling Parties will negotiate in good faith a proposed new scheduling order for the Action; and

(g)      attorneys' fees and Litigation Expenses will be reimbursed as provided in ¶ 29 of this Stipulation.

49.      It is further stipulated and agreed that Lead Plaintiffs, if they both agree, and the Settling Defendants, if they all agree, will each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Settling Parties within 30 days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part of the Settlement; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court. If the Settlement is terminated in accordance with the immediately preceding sentence, the provisions of ¶ 48 above will apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses, or with respect to any plan of allocation will not be considered material to the Settlement, will not affect the finality of any Judgment, and will not be grounds for termination of the Settlement.

50.      In addition to the grounds provided in ¶ 49 above, Lead Plaintiffs will have the right to withdraw from and terminate the Settlement at any time before filing their motion in support of

final approval of the Settlement if, in their discretion, information produced during the due diligence period renders the proposed Settlement unfair, unreasonable, or inadequate. However, before exercising any right of withdrawal or termination under this ¶ 50, Lead Plaintiffs must submit their concerns to the Mediator.

51.     In addition to the grounds provided in ¶ 49 above, comScore will have the unilateral right to terminate the Settlement if Settlement Class Members requesting exclusion from the Settlement Class meet the conditions provided in the confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of the Supplemental Agreement as provided in ¶¶ 53-54 below.

52.     If comScore does not issue and deliver the Settlement Shares in accordance with this Stipulation, then Lead Plaintiffs may at their option either terminate this Settlement or apply to the Court for an order directing specific performance of comScore's obligation to issue and deliver the Settlement Shares, or granting any other available, appropriate relief.

## OPT-OUTS & OPT-OUT THRESHOLD

53.     All persons and entities who are entitled to be Settlement Class Members ("Potential Settlement Class Members") will have the right to exclude themselves, or opt out, from the Settlement Class. Potential Settlement Class Members who wish to elect to opt out must submit a request for exclusion that satisfies the requirements stated in the Notice to the Claims Administrator by the Opt-out Deadline. All Potential Settlement Class Members who validly opt out will be excluded from all rights and obligations under the Settlement, but those who do not opt out in the manner and time prescribed in this Stipulation will be deemed to be members of the Settlement Class regardless of whether they timely file Claim Forms, unless otherwise ordered by the Court.

EXECUTION VERSION

54.     Simultaneously with execution of this Stipulation, Lead Counsel and Settling Defendants' Counsel are executing a Supplemental Agreement stating certain conditions under which this Settlement may be terminated at the sole option of comScore if the number of shares held by Potential Settlement Class Members who exclude themselves from the Settlement Class by timely submitting valid exclusion requests exceeds the Opt-out Threshold (as defined in the Supplemental Agreement). The Supplemental Agreement will not be filed with the Court unless and until a dispute arises between the Settling Parties with respect to its terms or application. In that event, the Settling Parties will request that the Supplemental Agreement be filed with and maintained by the Court under seal. If required by the Court, the Supplemental Agreement or any of its terms may be disclosed to the Court *in camera*, but this disclosure must be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the Opt-out Threshold. If this Settlement is terminated in accordance with the Supplemental Agreement, the provisions of ¶ 48 above will apply.

## NO ADMISSION OF WRONGDOING

55.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits to this Stipulation and the Plan of Allocation contained in the Notice (or any other plan of allocation that may be approved by the Court), the Judgment, the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken under or in connection with the Term Sheet, this Stipulation, or approval of the Settlement (including any arguments proffered in connection with approval of the Settlement):

(a)     may be (i) offered against any of the Settling Defendants' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants' Released Parties with respect to, (a) the truth of any

- 48 -

**EXECUTION VERSION**

fact alleged by Plaintiffs; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants' Released Parties; or (ii) in any way referred to for any other reason against any of the Settling Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than any proceedings that may be necessary to effectuate this Stipulation;

(b) may be (i) offered against any of the Plaintiffs' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties (a) that any of their claims are without merit, that any of the Settling Defendants' Released Parties have meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than any proceedings that may be necessary to effectuate this Stipulation; or

(c) may be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under this Stipulation represents the amount that could be or would have been recovered after trial;

*except that* if this Stipulation is approved by the Court, then the Settling Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted under this Stipulation or otherwise to enforce the terms of the Stipulation.

## REPRESENTATIONS AND WARRANTIES BY DEFENDANTS

**EXECUTION VERSION**

56.      The Individual Defendants represent that they have released or will release, in connection with the contribution of policy limits by AIG Property Casualty Inc., QBE Insurance Corporation, Endurance Risk Solutions Assurance Co., and ACE American Insurance Company (together, "D&O Insurers") into the Settlement Fund, any claims against comScore, the D&O Insurers, Plaintiffs, or the Class with respect to those insurance proceeds contributed to the Settlement Fund.

57.      comScore represents and warrants to Plaintiffs as follows:

(a)      ***Organization and Qualification.*** comScore is duly organized, validly existing and in good standing under the laws of the State of Delaware and has all requisite corporate power and authority necessary to enable it to own, lease, and operate the properties it purports to own, lease, or operate and to conduct its business as it is currently conducted. comScore is duly qualified or licensed as a foreign corporation to do business, and is in good standing, in each jurisdiction where the character or location of the properties owned, leased, or operated by it or the nature of its activities makes such qualification or licensing necessary, except to the extent that the failure to be so qualified or licensed and in good standing would not reasonably be expected to have, individually or in the aggregate, a Material Adverse Effect.

(b)      ***Authority; Approvals and Enforceability.***

(i)      comScore has all requisite corporate power and authority to execute and deliver this Stipulation, to perform its obligations under this Stipulation, and subject only to the approval of the Court and any applicable State Blue Sky Laws, to consummate the issuance and delivery of the Settlement Shares.

(ii)      The execution and delivery of this Stipulation by comScore, the performance by comScore of its obligations under this Stipulation, and the consummation of the

issuance and delivery of the Settlement Shares have been duly and validly authorized by the comScore board of directors.

(iii)     Except for the approval of the Court and pursuant to any applicable State Blue Sky Laws, no other corporate proceedings on the part of comScore are necessary to approve or adopt this Stipulation under applicable Legal Requirements and to consummate the issuance and delivery of the Settlement Shares in accordance with its terms.

(iv)     This Stipulation has been duly and validly executed and delivered by comScore, and assuming due authorization, execution, and delivery by Lead Plaintiffs, this Stipulation constitutes a valid and binding obligation of comScore, enforceable against comScore in accordance with its terms, except insofar as such enforceability may be limited by applicable bankruptcy, insolvency, reorganization, moratorium, or similar Legal Requirements affecting creditors' rights generally, or by principles governing the availability of equitable remedies.

(c)     ***Required Filings and Consents.***

(i)     The execution and delivery by comScore of this Stipulation do not, and the performance by comScore of its covenants and agreements under this Stipulation and the consummation by comScore of the transactions contemplated by this Stipulation will not, assuming Final approval of this Stipulation by the Court, (A) conflict with or violate the comScore Certificate of Incorporation or the comScore Bylaws, (B) conflict with or violate any Legal Requirements applicable to comScore or by which its properties is bound, (C) require notice to or the consent of any person or entity under, result in any breach of or constitute a default (or an event that with notice or lapse of time would become a default) or conflict with any of the agreements of comScore listed on Schedule 1, or (D) give rise to or result in any person having, or having the right to exercise, any preemptive rights, rights of first refusal, rights to acquire or similar rights

with respect to any capital stock of comScore or any of its assets or properties, except in each of (A), (B), (C), and (D) as would not reasonably be expected to have, individually or in the aggregate, a Material Adverse Effect.

(ii)    The execution and delivery by comScore of this Stipulation do not, and the performance by comScore of its covenants and agreements under this Stipulation and the consummation by comScore of its obligations under this Stipulation (including the issuance and delivery of the Settlement Shares) will not, require any consent, approval, order, license, authorization, registration, declaration or permit of, or filing with or notification to, any Governmental Authority, except for Final approval of this Stipulation by the Court and pursuant to any applicable State Blue Sky Laws.

(d)    *Certificate of Incorporation and Bylaws.* comScore has made available to Lead Plaintiffs a complete and accurate copy of the comScore Certificate of Incorporation and comScore Bylaws. The comScore Certificate of Incorporation and comScore Bylaws, each as amended to date, are in full force and effect, and neither the comScore board of directors nor, to the knowledge of comScore, any comScore stockholder has taken any action to amend the comScore Certificate of Incorporation or the comScore Bylaws in any respect. comScore is not currently in breach or violation of any of the provisions of the comScore Certificate of Incorporation or the comScore Bylaws.

(e)    *Capitalization.*

(i)    As of the date hereof, the authorized capital stock of comScore consists of 100,000,000 shares of comScore Common Stock and 5,000,000 shares of comScore preferred stock, par value $0.001 per share ("comScore Preferred Stock"). As of December 13, 2017, (A) 57,304,236 shares of comScore Common Stock were issued and outstanding, (B) no

**EXECUTION VERSION**

shares of comScore Preferred Stock were issued and outstanding, (C) approximately 8,987,559 shares of comScore Common Stock were reserved or contemplated for issuance pursuant to existing equity plans, arrangements, agreements, or commitments, and (D) approximately 2,764,796 shares of comScore Common Stock were issued and held in the treasury of comScore. Since December 13, 2017, comScore has not issued any securities (including derivative securities) except for shares of comScore Common Stock issued upon exercise of stock options or other stock awards. This representation and warranty is as of the date of execution of this Stipulation.

(ii)      Except as described in Paragraph 57(d)(i), as of the date hereof, no capital stock of comScore or any security convertible or exchangeable into or exercisable for such capital stock, is issued, reserved for issuance or outstanding as of the date of this Stipulation.

(iii)      All Settlement Shares will be, upon issuance on the terms and conditions specified in this Stipulation, duly authorized, validly issued, fully paid and nonassessable and not subject to or issued in violation of any purchase option, call option, right of first refusal, preemptive right, subscription right or any similar right under any provision of the Delaware General Corporation Law, the comScore Certificate of Incorporation or the comScore Bylaws or any agreement to which comScore is a party or otherwise bound.

(iv)      comScore Common Stock constitutes the only class of equity securities of comScore registered or required to be registered under the Exchange Act.

(f)      *Financial Information.*  comScore's or its counsel's representations to Lead Plaintiffs during the August 17, 2017 mediation session ("Mediation Representations") included certain Company-prepared unaudited historical financial information, budgeted financial information and forecasted financial information, including forecasted Company cash flow results, all as presented in the Mediation Presentation dated August 17, 2017 (collectively, the "Company

**EXECUTION VERSION**

Information"). The Company Information was based on information and estimates available to the Company as of the date thereof, including unaudited historical financial information that is subject to audit or management's adjustments, management's then-current expectations of future events and actions that may impact the Company's projected results, and other assumptions that are subject to change, adjustment and other variables. As such, the Company Information was and remains subject to a number of risks and uncertainties that could cause actual results to differ materially or adversely from those set forth in or implied by the Company Information. The Company believes that the Company Information was reasonable and accurate as of August 17, 2017 and that the Mediation Representations were made in good faith with a reasonable basis. Subject to and in furtherance of the provisions in ¶¶ 3-8 of this Stipulation, and upon mutual agreement with Lead Plaintiffs regarding same, the Company has provided documents, materials or information in support of the reasonableness and accuracy of the Mediation Representations. comScore further agrees that it will (a) provide to Lead Plaintiffs prior to the Settlement Hearing its unaudited condensed consolidated financial statements for 2017; and (b) represent and warrant as of the date of the delivery of those financial statements that comScore has a good faith belief these financial statements fairly present under U.S. GAAP the financial condition and statement of operations of comScore as of December 31, 2017, subject to any adjustments made as a result of the final management review and audit of those financial statements.

(g)     *Accounting Matters.*  comScore's decision (effective September 28, 2017 and reported in a form 8-K filed with the SEC on October 4, 2017) not to engage Ernst & Young LLP ("EY") as the Company's independent registered public accounting firm for the fiscal year ending December 31, 2017 and instead to engage Deloitte & Touche LLP as the Company's independent registered public accounting firm for 2017 was not the result of any disagreement

with EY. During the fiscal years ended December 31, 2015 and 2016, and during the period subsequent to December 31, 2016 to the date of the decision referenced above, there were no disagreements with EY on any matter of accounting principles or practices, financial statement disclosure or auditing scope or procedure, which disagreements, if not resolved to the satisfaction of EY, would have caused EY to make reference to the subject matter of the disagreement in connection with its reports.

## MISCELLANEOUS PROVISIONS

58.      All of the exhibits attached to this Stipulation are incorporated by reference as though fully stated in this Stipulation. Notwithstanding the foregoing, if there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached to it, the terms of the Stipulation will prevail.

59.      As provided by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b)-(c), comScore must timely serve a CAFA notice upon the appropriate federal and state officials within ten calendar days of the filing of this Stipulation with the Court. comScore will be responsible for all costs and expenses related to the CAFA notice.

60.      The Parties acknowledge and warrant as follows:

(a)      By executing this Stipulation, each of the Settling Parties represents that he, she, or it has carefully read and fully understands this Stipulation and its final and binding effect.

(b)      By executing this Stipulation, each of the Settling Parties represents that the execution and delivery of this Stipulation and the performance of every obligation in this Stipulation do not and will not result in a breach of or constitute a default under, or require any consent under, any duty, relationship, contract, agreement, covenant, promise, guarantee, obligation or instrument to which the executing Settling Party is a party or by which the executing Settling Party is bound or affected.

(c)     By executing this Stipulation, each of the Settling Parties represents that there is no demand for monetary, non-monetary, or injunctive relief, or any civil, criminal, administrative, or arbitration proceeding for monetary, non-monetary, or injunctive relief known or suspected to exist against him, her, or it that would affect his, her, or its ability to enter into, execute, or perform every obligation in this Stipulation.

(d)     By executing this Stipulation, each of the Settling Parties represents that this Stipulation is fair and is executed voluntarily, with full knowledge of the consequences and implications of the obligations contained in this Stipulation.

(e)     By executing this Stipulation, each of the Settling Parties represents that this Stipulation is not the result of any fraud, duress, or undue influence, and that he, she, or it has not assigned, transferred, or conveyed or purported to assign, transfer, or convey, voluntarily, involuntarily, or by operation of law, any or all of his, her, or its respective rights and claims.

(f)     By executing this Stipulation, each of the Settling Parties represents that he, she, or it has had the opportunity to be represented by counsel of his, her, or its choice throughout the negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation.

(g)     By executing this Stipulation, each of the Settling Parties represents that he, she, or it has been afforded sufficient time and opportunity to review this Stipulation with advisors and counsel of his, her, or its choice.

61.     If a court of competent jurisdiction enters a final order determining the transfer of money to the Settlement Fund or issuance of any Settlement Shares or any portion of that transfer or issuance to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion of that transfer or issuance is required to be returned (but not promptly deposited into the

Cash Settlement Fund by others or the equivalent value of Settlement Shares not replaced by others), then, at the election of Lead Plaintiffs, Lead Plaintiffs and the Settling Defendants will jointly move the Court to vacate and set aside the Releases given and the Judgment, in which event the Releases and Judgment will be null and void, the Settling Parties will be restored to their respective positions in the litigation as provided in ¶ 48 above, and any cash amounts in the Escrow Account and , if applicable, any previously issued Settlement Shares (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) will be returned as provided in ¶ 48 above.

62.     The Settling Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Settling Defendants' Released Parties with respect to the Released Plaintiffs' Claims. Accordingly, Lead Plaintiffs, and their counsel, and the Settling Defendants, and their counsel, agree not to assert in any forum that this Action was brought by Plaintiffs or defended by the Settling Defendants in bad faith and without a reasonable basis. No Settling Party will assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Settling Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

63.     While retaining their right to deny that the claims asserted in the Action were meritorious, the Settling Defendants and their counsel, in any statement made to any media

**EXECUTION VERSION**

representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. Likewise, while retaining their right to assert that their claims in the action were meritorious, Plaintiffs and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Settling Defendants' defenses were asserted in bad faith, nor will they deny that the Settling Defendants defended the Action in good faith and that the action is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs, Plaintiffs' Counsel, Settling Defendants, and Settling Defendants' Counsel will not make any accusations of wrongful or actionable conduct by any Settling Party concerning the prosecution, defense, and resolution of the Action, and will not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

64.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and the Settling Defendants (or their successors-in-interest).

65.     All time periods stated in this Stipulation will be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run will not be included. The last day of the period so computed will be included, unless it is a Saturday, a Sunday, or a legal holiday, in which case the period will run until the end of the next day that is not a Saturday, a Sunday, or a legal holiday. As used in the preceding sentence, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day,

Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and any other day appointed as a federal holiday.

66.     Any section or paragraph headings in this Stipulation are used for the purpose of convenience only and are not meant to have legal effect.

67.     The administration and consummation of the Settlement as embodied in this Stipulation will be under the authority of the Court, and the Court will retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel, and enforcing this Stipulation, including the Plan of Allocation (or any other plan of allocation that may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

68.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party will not be deemed a waiver of any other prior or subsequent breach of this Stipulation. The provisions of this Stipulation may not be waived except by a writing signed by the affected Settling Party or counsel for that Party. No failure or delay on the part of any Settling Party in exercising any right, remedy, power, or privilege under this Stipulation will operate as a waiver of that or any other right, remedy, power, or privilege of that Settling Party under this Stipulation; nor will any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Settling Party operate as a waiver of that or any other right, remedy, power, or privilege of that Settling Party under this Stipulation, or preclude further exercise of that or any other right, remedy, power, or privilege under this Stipulation.

69.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and the Settling Defendants concerning the Settlement and this Stipulation and its exhibits. All Settling Parties acknowledge that no other agreements,

representations, warranties, or inducements have been made by any Settling Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in those documents.

70.     This Stipulation may be executed in one or more counterparts, and exchanged among the Settling Parties by facsimile or email of the .pdf or .tif image of the signature. The signatures so transmitted will be given the same effect as the original signatures. All executed counterparts and each of them will be deemed to be one and the same instrument. A complete set of executed counterparts of this Stipulation shall be filed with the Court.

71.     This Stipulation will be binding upon and inure to the benefit of the successors and assigns of the Settling Parties, including all Released Parties and any corporation, partnership, or other entity into or with which any Settling Party may merge, consolidate, or reorganize. No assignment will relieve any party to this Stipulation of any obligations under the Stipulation.

72.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate them will be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

73.     Any action arising under or to enforce this Stipulation, or any portion of this Stipulation, will be commenced and maintained only in the Court.

74.     This Stipulation will not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

75.     All counsel and any other person executing this Stipulation and any of the exhibits to this Stipulation, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken under the Stipulation to effectuate its terms, without the further consent, approval, or authorization of any person, board, entity, tribunal, or other regulatory or governmental authority.

76.     Lead Plaintiffs, on behalf of the Settlement Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class under this Stipulation to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class that: (a) are not materially inconsistent with the Judgment entered by the Court; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

77.     Lead Counsel and Settling Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts promptly to agree upon and execute all other documentation that may be reasonably required to obtain final approval by the Court of the Settlement.

78.     If any Settling Party is required to give notice to another Settling Party under this Stipulation, the notice must be in writing and will be deemed to have been duly given upon receipt of hand delivery, facsimile, or email transmission, with confirmation of receipt. Notice will be provided as follows:

> If to Lead Plaintiffs or Lead Counsel:   Bernstein Litowitz Berger & Grossmann LLP
> Attn: John C. Browne, Esq.
> 1251 Avenue of the Americas
> New York, NY 10020

**EXECUTION VERSION**

Telephone: (212) 554-1400
Email: JohnB@blbglaw.com

If to Settling Defendants:        Jones Day
Attn: Robert Micheletto, Esq.
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Email: rmicheletto@jonesday.com

79.    Except as otherwise provided in this Stipulation, each Settling Party will bear its own costs.

80.    Whether or not the Stipulation is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Settling Parties and their counsel will use their best efforts to keep all negotiations, discussions, preliminary agreements, and drafts in connection with the Stipulation confidential.

81.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information will survive this Settlement.

82.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination of those obligations, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

EXECUTION VERSION

**IN WITNESS WHEREOF,** the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of December 28, 2017.

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

By: _John Browne / JC by permission_

John Browne
Jai Chandrasekhar
Jesse L. Jensen
Kate Aufses
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
johnb@blbglaw.com
jai@blbglaw.com
jesse.jensen@blbglaw.com
kate.aufses@blbglaw.com

*Lead Counsel for Lead Plaintiffs and the
Settlement Class*

**KESSLER TOPAZ MELTZER & CHECK
LLP**

By: _Sharan Nirmul / JC by permission_

Sharan Nirmul
Margaret E. Onasch
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
snirmul@ktmc.com
monasch@ktmc.com

*Counsel for Plaintiff William Huff*

**EXECUTION VERSION**

**JONES DAY**

By: _____
    Robert Micheletto
    Nidhi (Nina) Yadava
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
rmicheletto@jonesday.com
nyadava@jonesday.com

*Counsel for Defendants comScore, Inc.,*
*William J. Henderson, Russell Fradin, Gian*
*M. Fulgoni, William Katz, Ronald J. Korn,*
*and Joan Lewis*

**STEPTOE & JOHNSON LLP**

By: _Jennifer Quinn-Barabanov,_
                                           NY
    Jennifer Quinn-Barabanov
    Christopher Conte
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-8027

*Counsel for Defendant Serge Matta*

**HOGAN LOVELLS U.S. LLP**

By: _Michael P. Kelly_/NY
    Michael P. Kelly
    Douglas B. Paul
    Sarah C. Wang
555 Thirteenth Street N.W.
Washington, DC 20004
Telephone: (202) 637-5533

*Counsel for Defendant Melvin Wesley III*

**WILLIAMS & CONNOLLY LLP**

**EXECUTION VERSION**

By: _John S. Williams /NY_

John S. Williams
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5646

*Counsel for Defendant Magid M. Abraham*

**SPEARS & IMES LLP**

By: _Joanna C. Hendon /NY_

Joanna C. Hendon
Jonathan Fayer
51 Madison Avenue
New York, NY 10010
Telephone: (212) 213-6553

*Counsel for Defendant Kenneth J. Tarpey*

## Schedule 1

1. Patent Purchase, License and Settlement Agreement, dated as of December 20, 2011, by and among comScore, Inc., The Nielsen Company (US) LLC and NetRatings LLC

2. Purchase Agreement, dated as of December 20, 2011, by and among comScore, Inc. and The Nielsen Company (US) LLC

3. Voting Agreement, dated as of December 20, 2011, by and among comScore, Inc. and The Nielsen Company (US) LLC

4. Stock Purchase Agreement, dated as of February 11, 2015, by and among Cavendish Square Holding B.V., WPP Group USA, Inc., CS Worldnet Holding B.V. and comScore, Inc.

5. Stockholders Rights Agreement, dated as of February 11, 2015, by and among comScore, Inc., WPP Group USA, Inc. and Cavendish Square Holding B.V.

6. Voting Agreement, dated as of February 11, 2015, by and among comScore, Inc., WPP Group USA, Inc. and Cavendish Square Holding B.V.

7. Strategic Alliance Agreement, dated February 11, 2015, by and between comScore, Inc. and WPP Group USA, Inc.

8. Purchase Agreement, dated as of April 1, 2015, by and between comScore, Inc. and Cavendish Square Holding B.V.

9. Agreement between comScore, Inc. and Starboard Value LP, dated as of September 28, 2017

10. Amended and Restated Security Agreement, dated as of January 11, 2018, by and between comScore, Inc. and Bank of America, N.A.

Exhibit A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, and WILLIAM HUFF, Individually and on Behalf of All Others Similarly Situated, | : : : : : : : | Case No. 1:16-cv-01820-JGK |
| Plaintiffs, | : : | |
| v. | : : | |
| COMSCORE, INC., SERGE MATTA, MELVIN WESLEY III, MAGID M. ABRAHAM, KENNETH J. TARPEY, WILLIAM J. HENDERSON, RUSSELL FRADIN, GIAN FULGONI, WILLIAM KATZ, RONALD J. KORN, JOAN LEWIS, RENTRAK CORPORATION, DAVID BOYLAN, DAVID I. CHEMEROW, WILLIAM ENGEL, PATRICIA GOTTESMAN, WILLIAM LIVEK, ANNE MACDONALD, MARTIN O'CONNOR, BRENT ROSENTHAL, and RALPH SHAW, | : : : : : : : : : : : : : : : | |
| Defendants. | : : | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court titled *Fresno County Employees' Retirement Association, et al. v. comScore, Inc., et al.*, Case No. 1:16-cv-01820-JGK (the "Action");

WHEREAS, (a) Lead Plaintiffs Fresno County Employees' Retirement Association and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge (collectively, "Lead Plaintiffs") and Plaintiff William Huff (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) Defendants comScore, Inc. ("comScore"), Serge Matta, Melvin Wesley III, Magid M. Abraham, Kenneth J. Tarpey, William J. Henderson, Russell Fradin, Gian M. Fulgoni, William Katz, Ronald J. Korn, and Joan Lewis (collectively, the "Settling Defendants") have determined to settle all claims

asserted against the Settling Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 28, 2017 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class, and allowing notice to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Settlement Class Certification** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies a Settlement Class, defined as a class consisting of all persons or entities who or which (i) purchased or otherwise acquired comScore common stock during the period from February 11, 2014 through November 23, 2016, inclusive; (ii) held the common stock of Rentrak Corporation ("Rentrak") as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended (the "Registration Statement"), and who were damaged thereby. Excluded from the Settlement Class are Defendants; the officers and directors of comScore and Rentrak during the Settlement Class Period; members

of the Immediate Families of any such excluded person; any entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest (including, without limitation, any excluded entity's subsidiaries); and the legal representatives, heirs, successors, and assigns of any excluded person or entity. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court, if any.

2.  **Settlement Class Findings** – The Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.  The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Fresno County Employees' Retirement Association, Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, and William Huff are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.  **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to

the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at __:__ _.m. in Courtroom 12B of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, for the following purposes:  (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against the Settling Defendants; (c) to determine whether the terms and conditions of the issuance of the Settlement Shares, which shares may be issued pursuant to the exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. § 77c(a)(10), as amended (the "Securities Act"), are fair to all persons and entities to whom the shares will be issued; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may be properly brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within five (5) business days of the date of entry of this Order, comScore shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Plaintiffs' Counsel, or the Claims Administrator) comScore's and its transfer agent's records concerning the identities and last known addresses of Settlement Class Members, in electronic form, which information the Claims Administrator and Plaintiffs' Counsel shall treat and maintain as confidential;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records which comScore provided or caused to be provided to the Claims Administrator, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as

Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

        (e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

       8.     **Approval of Form and Content of Notices** – The Court (a) approves, as to form and content, the Notice (Exhibit 1 hereto), the Claim Form (Exhibit 2 hereto), and the Summary Notice (Exhibit 3 hereto), and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed, posted, and published, respectively.

9.      **Nominee Procedures** – Brokers and other nominees who, for the benefit of another person or entity, purchased or otherwise acquired comScore common stock during the Settlement Class Period (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016) shall (a) within seven (7) calendar days of receipt of the Notice request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the date of entry of this Order. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By

submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

12.     Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Settling Defendants' Released Parties, as more fully described in the Stipulation and the Notice.

Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  comScore Securities Litigation, c/o JND Legal Administration, P.O. Box 91346, Seattle, WA 98111 and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Fresno County Employees' Retirement Association, et al. v. comScore, Inc., et al.*, Case No. 1:16-cv-01820-JGK"; (iii) state the number of shares of comScore common stock that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016), as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares of comScore common stock held at the beginning of the Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not

be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Settling Defendants' Released Parties, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to representatives of both Lead Counsel and Representative Settling Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the

proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Settling Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Representative Settling Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP John C. Browne, Esq. 1251 Avenue of the Americas New York, NY 10020 | Jones Day Robert Micheletto, Esq. 250 Vesey Street New York, NY 10281 |

18.    Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of comScore common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016), as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period.  Objectors who

enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court. Notwithstanding the foregoing, prior to the Effective Date, such Notice and Administration Costs paid shall not exceed $750,000 without further approval of the Court.

22.     **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in*

*custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of the Court.

23.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall, upon motion, be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and the Settling Defendants, and the Settling Parties shall return to their respective positions in the Action as of September 10, 2017, as provided in the Stipulation.

25.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained in the Notice (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken under or in connection with the Term Sheet, the Stipulation, or approval of the Settlement (including any arguments proffered in connection with approval of the Settlement):

(a) may be (i) offered against any of the Settling Defendants' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants' Released Parties with respect to, (A) the truth of any

13

fact alleged by Plaintiffs; (B) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (C) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (D) any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants' Released Parties; or (ii) in any way referred to for any other reason against any of the Settling Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than any proceedings that may be necessary to effectuate the Stipulation or any of its provisions;

(b) may be (i) offered against any of the Plaintiffs' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties (A) that any of their claims are without merit, that any of the Settling Defendants' Released Parties have meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount; or (B) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than any proceedings that may be necessary to effectuate the Stipulation or any of its provisions; or

(c) may be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial;

*except that* if the Stipulation is approved by the Court, then the Settling Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted under the Stipulation or otherwise to enforce the terms of the Stipulation.

26. **Supporting Papers** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and Lead Plaintiffs and Lead Counsel are authorized to file reply papers, which shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

27. **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b)-(c), comScore shall timely serve the CAFA notice upon the appropriate federal and state officials. comScore shall be responsible for all costs and expenses related to CAFA notice.

28. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2018.


_____
The Honorable John G. Koeltl
United States District Judge

#1151074

**Exhibit A-1**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, and WILLIAM HUFF, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:16-cv-01820-JGK |
| Plaintiffs, | |
| v. | |
| COMSCORE, INC., SERGE MATTA, MELVIN WESLEY III, MAGID M. ABRAHAM, KENNETH J. TARPEY, WILLIAM J. HENDERSON, RUSSELL FRADIN, GIAN M. FULGONI, WILLIAM KATZ, RONALD J. KORN, JOAN LEWIS, RENTRAK CORPORATION, DAVID BOYLAN, DAVID I. CHEMEROW, WILLIAM ENGEL, PATRICIA GOTTESMAN, WILLIAM LIVEK, ANNE MACDONALD, MARTIN O'CONNOR, BRENT ROSENTHAL, and RALPH SHAW, | |
| Defendants. | |

## NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned consolidated securities class action pending in the United States District Court for the Southern District of New York (the "Court") if: (i) during the period from February

11, 2014 and November 23, 2016, inclusive (the "Settlement Class Period" or "Class Period"), you purchased or otherwise acquired comScore, Inc. ("comScore" or the "Company") common stock; (ii) held the common stock of Rentrak Corporation ("Rentrak") as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; and/or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended (the "Registration Statement"), and were damaged thereby.[1]

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Lead Plaintiffs, the Fresno County Employees' Retirement Association and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge (collectively, "Lead Plaintiffs"), and Plaintiff William Huff (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 23 below), have reached a proposed settlement of the Action with the remaining Defendants: comScore, Serge Matta, Melvin Wesley III, Magid M. Abraham, Kenneth J. Tarpey, William J. Henderson, Russell Fradin, Gian M. Fulgoni, William Katz, Ronald J. Korn, and Joan Lewis (collectively, the "comScore Defendants" or "Settling Defendants") for $110 million, with $27,231,527.20 to be paid in cash and $82,768,472.80 to be paid in shares of comScore common stock (the "Settlement"). There is no provision in the Settlement for the claims that Plaintiffs had asserted—and the Court had sustained—against Defendants Rentrak, David Boylan, David I. Chemerow, William Engel, Patricia Gottesman, William Livek, Anne MacDonald, Martin O'Connor, Brent Rosenthal, and Ralph Shaw (the "Rentrak Defendants"). Plaintiffs voluntarily dismissed those claims on September 19, 2017 after an Oregon state court issued an order that released the claims as part of a separate class action settlement (*see* ¶¶ 40-44 below). Thus, if the Court approves this Settlement, it will settle and release all claims remaining in this Action, i.e., the claims asserted against the comScore Defendants.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk of the Court, comScore, Rentrak, any of the other Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 95 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that the Settling Defendants violated the federal securities laws by filing financial statements for more than three years that were materially false and misleading, violated Generally Accepted Accounting Principles ("GAAP"), and improperly recognized more than $43 million in fictitious revenues. A more detailed description of the Action is set forth in ¶¶ 11-22

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated December 28, 2017 (the "Stipulation" or "Stipulation of Settlement"), which is available at www.comscoresecuritieslitigation.com.

below. The proposed Settlement, if approved by the Court, will settle and release claims of the Settlement Class, as defined in ¶ 23 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the claims remaining in the Action in exchange for $110,000,000.00, with $27,231,527.20 paid in cash (the "Cash Settlement Amount") and $82,768,472.80 paid in shares of comScore common stock (the "Settlement Shares" and, together with the Cash Settlement Amount, the "Settlement Amount"). The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages [__-__] below.

3. **Estimate of Average Amount of Recovery Per Share:** Lead Plaintiffs' damages expert estimates that the conduct at issue in the Action affected approximately 39,714,109.88 shares of comScore common stock. Based on the total Settlement Amount, if all eligible Settlement Class Members elect to participate in the Settlement, the estimated average recovery would be approximately $2.77 per affected share of comScore common stock, before the deduction of any Court-approved fees, expenses, and costs as described in this Notice. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the total number of valid Claim Forms submitted by Settlement Class Members and, with respect to shares of comScore common stock, when and at what prices they purchased/acquired or sold their shares. Distributions to eligible Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages [__-__] below) or such other plan of allocation as may be approved by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, the Settling Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since March 2016, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount). In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims asserted in the Action, in an amount not to exceed $450,000.00, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement

Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, assuming claims are filed for all affected shares, the estimated average amount of fees and expenses, would be approximately $0.70 per affected share of comScore common stock.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, blbg@blbglaw.com.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial and immediate recovery for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could reasonably be expected to last several years. The Settling Defendants, who make no admissions of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2018.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 34 below) that you have against the Settling Defendants and the other Settling Defendants' Released Parties (defined in ¶ 35 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION, SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Settling Defendants or the other Settling Defendants' Released Parties concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION, SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, and/or the fee and expense request, unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |

| | |
|---|---|
| **GO TO THE HEARING ON _____, 2018 AT ___:___ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR, SO THAT IT IS _RECEIVED_ NO LATER THAN _____, 2018.** | Filing a written objection and notice of intention to appear by _____, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ........................................................................................... 7

What Is This Case About? ............................................................................................. 7

How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class? ............................................................................................................................ 9

What Are Plaintiffs' Reasons For The Settlement? ...................................................... 10

What Might Happen If There Were No Settlement? ..................................................... 11

Are The Rentrak Defendants Part Of The Settlement? Does The Settlement Class Still Have Claims Against The Rentrak Defendants? ...................................................................... 13

How Do I Participate In The Settlement? What Do I Need To Do? ............................. 14

How Much Will My Payment Be? ............................................................................... 15

What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? ...................................................................................................................... 23

What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? ........................................................................................................................ 23

When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? ....... 24

What If I Bought Shares On Someone Else's Behalf? ................................................. 26

Can I See The Court File? Whom Should I Contact If I Have Questions? ................... 26

## WHY DID I GET THIS NOTICE?

8.  The Court directed that this Notice be mailed to you, because you or someone in your family or an investment account for which you serve as a custodian may have (i) purchased or otherwise acquired comScore common stock during the Settlement Class Period; (ii) held Rentrak common stock of as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; and/or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement. The Court has directed us to send you this Notice, because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.

9.  The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class, if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 86-93 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), payments pursuant to the Settlement and the Court-approved plan of allocation will be made to Authorized Claimants after any objections and appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. This case is a consolidated securities class action titled *Fresno County Employees' Retirement Association, et al. v. comScore, Inc., et al.*, No. 1:16-cv-1820. The Court in charge of the case is the United States District Court for the Southern District of New York, and the presiding judge is the Honorable John G. Koeltl.

12. This case began on March 10, 2016, when the first of two securities class action complaints was filed in the Court. In accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notice to the public was issued stating the deadline by which class members could move the Court for appointment as lead plaintiff.

13. By Order dated July 19, 2016, the Court appointed the Fresno County Employees' Retirement Association and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge as Lead Plaintiffs for the Action, approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel, and consolidated all related actions into the Action.

14. Thereafter, Lead Counsel conducted an extensive investigation into the claims asserted in the Action, including, among other things, the review and analysis of publicly available documents (including SEC filings, news articles, research reports by securities and financial analysts, transcripts of comScore's investor calls, newspaper, magazine, and trade publication articles, and presentations at investor conferences), as well as interviews with several former comScore employees. Lead Counsel has also retained and consulted with accounting, statistical, and financial economics experts.

15. On October 19, 2016, Lead Plaintiffs filed and served their Consolidated Amended Class Action Complaint (the "First Amended Complaint"), adding Plaintiff Huff as a named Plaintiff. On December 9, 2016, all Defendants filed motions to dismiss the First Amended Complaint. In lieu of responding to the motions to dismiss, Plaintiffs filed the Second Consolidated Amended Class Action Complaint (the "Second Amended Complaint" or "Complaint") on January 13, 2017.

16. The Second Amended Complaint alleges, among other things, that Defendants' publicly filed financial statements for more than three years were materially false and misleading, violated GAAP, improperly recognized more than $43 million in fictitious revenue, and must be formally restated. In particular, the Complaint alleges, among other things, that Defendants reported to investors throughout the Class Period that comScore was achieving record-breaking revenues, and knew that investors valued these statements highly, as the Company touted its revenue and related metrics as the key measures by which it—and its stockholders—gauged its progress. The Second Amended Complaint alleges that, as a result of these statements, comScore's stock price soared, and its officers were compensated accordingly—they engaged in massive insider trading sales and obtained compensation packages tied to the Company's stock price. The Complaint further alleges that comScore's accounting for $43 million in nonmonetary revenue had been false and that comScore would have to restate its financial statements for three years; the Company would also be required to restate its financials for certain monetary transactions. The Complaint further alleges that the price of comScore common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions, and the price declined when the truth was revealed in disclosures that occurred on August 31, 2015, February 29, 2016, and November 23, 2016.

17. Concerning the above allegations, the Second Amended Complaint asserts (i) claims under Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, against comScore, Magid M. Abraham, Serge Matta, Kenneth J. Tarpey, Melvin Wesley III, and William J. Henderson; (ii) claims under Section 20(a) of the Exchange Act against Magid M. Abraham, Serge Matta, Kenneth J. Tarpey, Melvin Wesley III, and William J. Henderson; and (iii) claims under Section 14(a) of the Exchange Act and Section 11 of the Securities Act of 1933, as amended (the "Securities Act") against Magid M. Abraham, Serge Matta, Kenneth J. Tarpey, Melvin Wesley III, William J. Henderson, Russell Fradin, Gian M. Fulgoni, William Katz, Ronald Korn, Joan Lewis, Rentrak, David Boylan, David I. Chemerow, William Engel, Patricia Gottesman, William Livek, Anne MacDonald, Martin O'Connor, Brent Rosenthal, and Ralph Shaw, arising from comScore's 2015 merger with Rentrak (the "Merger").

18. On March 13, 2017, Defendants filed motions to dismiss the Second Amended Complaint. On April 13, 2017, Plaintiffs served their papers in opposition and, on April 27, 2017, Defendants served their reply papers. On July 14, 2017, Judge Koeltl held oral argument

on Defendants' motions to dismiss, and on July 28, 2017, the Court issued an Opinion and Order denying in full Defendants' motions, which sustained in their entirety the Complaint's allegations.

19. On August 17, 2017, Lead Plaintiffs and the comScore Defendants engaged in a full-day, private mediation session before the Honorable Layn Phillips in an attempt to reach a consensual resolution of the Action. On September 10, 2017, Lead Plaintiffs and the comScore Defendants ultimately agreed, subject to the Due Diligence Discovery described below and the other terms and conditions of the Stipulation, to settle and release all claims asserted against the Settling Defendants in the Action in return for $110 million, with $27,231,527.20 paid in cash and $82,768,472.80 in value paid in shares of comScore common stock.

20. On September 19, 2017, Plaintiffs voluntarily dismissed with prejudice their claims against the Rentrak Defendants (discussed further in ¶¶ 40-44 below).

21. On December 28, 2017, after months of good-faith negotiations, the Parties entered into a Stipulation of Settlement, which sets forth the final terms and conditions of the Settlement, including the condition that the Settlement is not final until the completion of Due Diligence Discovery to the satisfaction of Lead Plaintiffs and Lead Counsel. In connection with the Due Diligence Discovery, the Settling Defendants are producing documents and information regarding the allegations and claims asserted in the Complaint, and current and former comScore employees, or other persons within the Settling Defendants' control, will sit for interviews under oath by Lead Counsel. Pursuant to the Stipulation, Lead Plaintiffs have the right to withdraw from and terminate the Settlement at any time prior to filing their motion in support of final approval of the Settlement, if, in their discretion, information is produced during Due Diligence Discovery that renders the proposed Settlement unreasonable or inadequate.

22. On _____, 2018, the Court entered the Order Preliminarily Approving Proposed Settlement and Providing for Notice (the "Preliminary Approval Order"), which, among other things, preliminarily approved the proposed Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

23. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

all persons and entities who or which (i) purchased or otherwise acquired comScore common stock during the period from February 11, 2014 through November 23, 2016, inclusive; (ii) held the common stock of Rentrak as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended, and who were damaged thereby.

Excluded from the Settlement Class are Defendants; the officers and directors of comScore and Rentrak during the Settlement Class Period; members of the Immediate Families of any such excluded person; any entity in which any excluded person or entity has, or had during the

Settlement Class Period, a controlling interest (including, without limitation, any excluded entity's subsidiaries); and the legal representatives, heirs, successors, and assigns of any excluded person or entity. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO PAYMENT FROM THE NET SETTLEMENT FUND. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE NET SETTLEMENT FUND, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN, POSTMARKED NO LATER THAN _____, 2018.**

| **WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?** |
|---|

24. Plaintiffs' principal reason for entering the Settlement is the significant payment that the Settlement Class will receive in a timely fashion without the risk or the delays inherent in further litigation. The substantial payment provided by the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions for class certification, summary judgment and other issues, as well as a trial of the Action, and likely appeals that would follow a trial, a process that could be expected to last several years.

25. Moreover, this case presented a number of substantial risks in establishing the Settling Defendants' liability. Although the Court denied the Settling Defendants' motions to dismiss the Complaint in their entirety—sustaining all of Plaintiffs' allegations concerning the theory of the Action developed through Plaintiffs' investigation—the alleged fraud involved dense, complicated, highly technical financial and accounting issues that the Settling Defendants continue to contest. Courts and commentators have recognized the difficulties of providing fraudulent intent with respect to such matters, which are difficult to explain to a jury. Thus, even if the case were to proceed to trial, there is no guarantee that the jury would find in Plaintiffs' favor and award a substantial monetary judgment to the Class.

26. In addition, Plaintiffs and Lead Counsel also recognized a substantial risk that, even if they succeeded in establishing the Settling Defendants' liability at trial, comScore would not have been financially viable enough to pay a judgment. Plaintiffs and Lead Counsel determined that this risk was particularly acute here in light of the fact that, as of this date, comScore still has not completed its restatement and therefore does not have public financial statements for any year after 2012. Consequentially, comScore common stock has been delisted from NASDAQ and the Company lacks the ability to access most sources of capital.

27. Thus, there were very significant risks attendant to the continued prosecution of the Action. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, and subject to the satisfactory completion of Due Diligence Discovery, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe

that the Settlement provides a substantial benefit to the Settlement Class, namely $110,000,000 (in cash and shares of comScore common stock, less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

28. The Settling Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Settling Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by the Settling Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against the Settling Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything in this Action. Also, if the Settling Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

30. As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but, if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

32. If you are a Settlement Class Member and you wish to object to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims asserted against the Settling Defendants in the Action and will provide that, upon the Effective Date (as defined in the Stipulation), Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will be deemed to have, and by operation of law and of the Judgment will have, fully, finally and forever compromised, settled,

released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 34 below) against the Settling Defendants and the other Settling Defendants' Released Parties (as defined in ¶ 35 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Defendants' Released Parties.

34. "Released Plaintiffs' Claims" mean any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined in ¶ 36 below), and any and all debts, disputes, demands, rights, actions, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal, state, or foreign statutory or common law, or any other law, rule, or regulation, that Plaintiffs or any other member of the Settlement Class: (i) asserted in any complaint filed in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the facts, allegations (including any and all allegations relating to the financial statements at issue in the Action), transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts, omissions, or failures to act involved, set forth, or referred to in any complaint filed in the Action and that relate to the purchase or acquisition of comScore common stock during the Settlement Class Period, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment. Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims asserted in any pending derivative action; (iii) any claims by any governmental entity arising out of any governmental investigation of comScore or Rentrak, or any of their respective former or current officers or directors, relating to the conduct alleged in the Action; (iv) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (v) any claims against the Non-Settling Defendants or Ernst & Young.

35. "Settling Defendants' Released Parties" means the Settling Defendants, Settling Defendants' Counsel, and their respective present and former officers and directors, trustees, agents, parents, subsidiaries, affiliates, attorneys, insurers, reinsurers, employees, heirs, executors, administrators, trustees, Immediate Family members, beneficiaries, predecessors, successors, assigns, and assignees, in their capacities as such. For the avoidance of doubt, Settling Defendants' Released Parties do not include any of the Non-Settling Defendants or Ernst & Young.

36. "Unknown Claims" means any Released Plaintiffs' Claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of those claims, and any Released Settling Defendants' Claims that any Settling Defendant or any other Settling Defendants' Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of those claims, which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties will expressly waive, and each of the other Settlement Class Members and Settling Defendants' Released Parties will be deemed to have waived, and by operation of the Judgment will have expressly waived, all provisions, rights, and benefits

conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and the Settling Defendants acknowledge, and each of the other Settlement Class Members and Settling Defendants' Released Parties will be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

37. The Judgment will also provide that, upon the Effective Date, the Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will be deemed to have, and by operation of law and of the Judgment will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Settling Defendants' Claim (as defined in ¶ 38 below) against Plaintiffs and the other Plaintiffs' Released Parties (as defined in ¶ 39 below), and will forever be barred and enjoined from prosecuting any or all of the Released Settling Defendants' Claims against any of the Plaintiffs' Released Parties.

38. "Released Settling Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, and any and all debts, disputes, demands, rights, actions, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues, and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal, state, or foreign statutory or common law, or any other law, rule, or regulation, that arise out of, are based upon, or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Defendants. Released Settling Defendants' Claims do not include any claims relating to the enforcement of the Settlement.

39. "Plaintiffs' Released Parties" means Plaintiffs, all other Settlement Class Members, and their respective present and former officers and directors, trustees, agents, parents, subsidiaries, affiliates, attorneys, insurers, reinsurers, employees, heirs, executors, administrators, trustees, Immediate Family members, beneficiaries, predecessors, successors, assigns, and assignees.

---

**ARE THE RENTRAK DEFENDANTS PART OF THE SETTLEMENT? DOES THE SETTLEMENT CLASS STILL HAVE CLAIMS AGAINST THE RENTRAK DEFENDANTS?**

---

40. The Complaint asserted—and the Court sustained—claims arising from the Rentrak Merger against the Rentrak Defendants. As discussed in further detail below, however, Plaintiffs have since voluntarily dismissed those claims after an Oregon state court issued an order releasing those claims in connection with the settlement of a separate action. Accordingly, the

Rentrak Defendants are not parties to the Settlement, and the Settlement does not provide any recovery specific to the claims previously asserted in this Action against the Rentrak Defendants.

41. Specifically, on September 12, 2017, a state court in Oregon issued an order granting final approval of a class settlement in an action entitled *In re Rentrak Corporation Shareholders Litigation*, No. 15CV27429 (Multnomah County Circuit Court, Oregon) ("*In re Rentrak*") which released (among other things) claims under the federal securities laws against the Rentrak Defendants, including explicitly the claims asserted in this Action (the "*In re Rentrak* Settlement"). All Settlement Class Members on whose behalf the Complaint asserted claims against the Rentrak Defendants are included in the *In re Rentrak* Settlement class. Thus, final approval of the *In re Rentrak* Settlement released all claims against the Rentrak Defendants in this Action.

42. No *In re Rentrak* Settlement class members objected or opted-out to the *In re Rentrak* Settlement. When the *In re Rentrak* settlement was announced, Plaintiffs' Counsel and Plaintiff Huff evaluated the terms of the settlement and considered whether to object or opt-out prior to the final approval hearing. Plaintiff Huff determined not to object or opt-out, and to pursue his remaining federal claims against the remaining Defendants in this Court. Ultimately, the Oregon Court found that the *In re Rentrak* Settlement presented a fair and reasonable settlement. The *In re Rentrak* Settlement recovered $19 million, nearly exhausting Rentrak's remaining insurance coverage. The *In re Rentrak* Settlement expressly did not release the other federal securities claims asserted in this Action.

43. It was an express condition of the *In re Rentrak* Settlement that the settlement proceeds could not be distributed until the claims against the Rentrak Defendants in this Action were dismissed with prejudice. Thus, Plaintiffs and Lead Counsel determined that voluntarily dismissing those claims would serve the Class's interest by accelerating its access to the recovery from the *In re Rentrak* Settlement. Lead Plaintiffs and Lead Counsel believed that voluntary dismissal would cause no prejudice to the Settlement Class because the *In re Rentrak* Settlement released the claims of the Settlement Class Members against the Rentrak Defendants in this Action, and further because the *In re Rentrak* Settlement notice provided explicit notice that those claims would be released.

44. Accordingly, on September 19, 2017, Plaintiffs voluntarily dismissed with prejudice the Rentrak Defendants from this Action. This dismissal was without a court order, as permitted by Federal Rule of Civil Procedure 41(a)(1)(A). Thus, the Settlement will settle and release all claims remaining in this Action.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

45. To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation, **postmarked no later than _____, 2018**. A Claim Form is included with this Notice. You may also obtain a Claim Form from the website maintained by the Claims Administrator for the Settlement, www.comscoresecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-609-9715 or by emailing the Claims Administrator at info@comscoresecuritieslitigation.com. Please retain all records of your ownership of and transactions in comScore and Rentrak common stock, as they may be needed

14

to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

46. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

47. Pursuant to the Settlement, comScore has agreed to pay or caused to be paid a total of $110,000,000 for the benefit of the Settlement Class, with (i) $27,231,527.20 paid in cash (the "Cash Settlement Amount") deposited into an escrow account controlled by Lead Counsel; and (ii) $82,768,472.80 paid in shares of comScore common stock (the "Settlement Shares").[2]

48. The Settlement Amount (*i.e.*, the Cash Settlement Amount plus the Settlement Shares) plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund (including, if applicable, the net cash proceeds from the sale of any Class Settlement Shares as well as accrued interest thereon) less (i) all federal, state and/or local taxes on any income earned by the Settlement Fund (including any appreciation in value of the Settlement Shares); the reasonable expenses and costs incurred in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); and all taxes imposed on payments by the Settlement Fund, including withholding taxes; (ii) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

49. The Net Settlement Fund will not be distributed, unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

50. Neither the Settling Defendants, the Settling Defendants' Released Parties, nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Except as otherwise provided in the Stipulation, the Settling Defendants and the other Settling Defendants' Released Parties shall not have any involvement

---

[2] The Settlement Shares to be issued will be valued as of the date of the Settlement Hearing in accordance with the terms of the Stipulation. The Settlement Shares, less any Settlement Shares awarded to Plaintiffs' Counsel as attorneys' fees, are referred to as the "Class Settlement Shares." Pursuant to the Stipulation, Lead Counsel has the right to decide, in its sole discretion, whether to (i) distribute the Class Settlement Shares to Settlement Class Members who submit claims that are approved for payment by the Court ("Authorized Claimants") or (ii) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Authorized Claimants. Please Note: After the date on which such shares are valued, the value of the Class Settlement Shares may fluctuate. No representation can be made as to what the value of the Class Settlement Shares will be at the time the shares are distributed or, if applicable, sold for the benefit of Settlement Class Members.

in, or any responsibility, authority or liability whatsoever for, the administration of the Settlement or the distribution of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity in connection with the foregoing.

51. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

52. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a valid Claim Form postmarked on or before _____, 2018 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 34 above) against the Settling Defendants' Released Parties (as defined in ¶ 35 above) and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Settling Defendants' Released Parties with respect to the Released Plaintiffs' Claims, whether or not such Settlement Class Member submits a Claim Form.

53. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in comScore or Rentrak common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased, acquired, or held outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of comScore common stock during the Class Period, or claims based on any ERISA Plan's shares of Rentrak common stock held as of December 10, 2015, may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

54. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

55. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

56. Only Settlement Class Members will be potentially eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are shares of comScore common stock.

## PROPOSED PLAN OF ALLOCATION

57. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the

Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

58. Subject to the provisions stated below, the proposed Plan of Allocation will calculate: (i) a "Section 10(b) Recognized Loss Amount" or "Section 10(b) Recognized Gain Amount" for all shares of comScore common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, from February 11, 2014 through November 23, 2016, inclusive), with a multiple of 1.15% applied to Section 10(b) Recognized Loss Amounts for shares of comScore common stock acquired in exchange for shares of Rentrak common stock in connection with the Merger[3]; and (ii) a "Section 14(a) Recognized Loss Amount" or "Section 14(a) Recognized Gain Amount" for shares of Rentrak common stock held as of December 10, 2015, the record date for the shareholder vote on the Merger, that were converted to shares of comScore common stock on February 1, 2016 in connection with the Merger.

59. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the per share closing price of comScore common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in comScore common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation in comScore common stock is stated in Tables A-1 and A-2 at the end of this Notice.

60. For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be, among other things, the cause of the decline in the price or value of the security. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between February 11, 2014 and November 23, 2016, inclusive, which had the effect of artificially inflating the price of comScore common stock. Lead Plaintiffs further allege that corrective information was released to the market on: August 31, 2015 (at 12:37 p.m. New York time), February 29, 2016 (after the close of trading), March 7, 2016 (before the opening of trading), June 27, 2016 (after the close of trading), and November 23, 2016 (after the close of trading), which partially removed the artificial inflation from the price of comScore common stock on: August 31, 2015, September 1, 2015, September 2, 2015, March 1, 2016, March 7, 2016, June 28, 2016, and November 25, 2016.[4]

---

[3] The 15% premium is being applied to Section 10(b) Recognized Loss Amounts for shares of comScore common stock acquired in exchange for share of Rentrak common stock in connection with the Merger on account of the fact that such shares also have claims under Section 11 of the Securities Act in addition to claims under Section 10(b) of the Exchange Act.

[4] With respect to the partial corrective disclosure that occurred on August 31, 2015, the alleged artificial inflation was removed from the price of comScore common stock over three days: August 31, 2015, September 1, 2015, and September 2, 2015.

61. Recognized Loss Amounts under Section 10(b) are based primarily on the difference in the amount of alleged artificial inflation in the prices of comScore common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price. Accordingly, in order to have a Section 10(b) Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired comScore common stock prior to the first corrective disclosure, which occurred at 12:37 p.m. New York time on August 31, 2015, must have held his, her or its shares of comScore common stock through at least that time. A Settlement Class Member who purchased or otherwise acquired comScore common stock at or after 12:37 p.m. New York on August 31, 2015, must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of comScore common stock.

62. In developing the Plan of Allocation for claims under Section 14(a) of the Exchange Act, Lead Plaintiffs' damages expert measured the decline in the price of comScore common stock proximately caused by the revelation of information that Lead Plaintiffs alleged was concealed from Rentrak's shareholders voting on the Merger in December of 2015, adjusting for price changes that were attributable to market or industry forces. In order to have recoverable damages under Section 14(a), disclosure of the alleged misrepresentations and omissions must be the cause of the decline in the price of comScore common stock. Section 14(a) Recognized Loss Amounts are based primarily on these observed price declines of comScore common stock on dates when such corrective disclosures occurred. As with Section 10(b), the corrective disclosures remaining after the December 2015 vote and the January 29, 2016 consummation of the Merger partially removed the artificial inflation from the price of comScore common stock on: March 1, 2016, March 7, 2016, June 28, 2016, and November 25, 2016. In order to have a Section 14(a) Recognized Loss Amount, a Settlement Class Member must have (i) held Rentrak common stock as of December 10, 2015, the record date for the shareholder vote, with respect to which the Settlement Class Member was entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016 ("Rentrak Voting Shares"); (ii) acquired comScore common stock in exchange for those Rentrak Voting Shares in connection with the Merger, which exchange occurred on February 1, 2016; and (iii) held those shares of comScore stock through at least the close of trading on March 1, 2016, the date before the first corrective disclosure following the consummation of the Merger on January 29, 2016.

63. Shares of comScore common stock that were acquired as a result of the conversion of Rentrak Voting Shares into shares of comScore stock in the Merger may calculate to both: (i) a Section 10(b) Recognized Loss Amount or Section 10(b) Recognized Gain Amount; and (ii) a Section 14(a) Recognized Loss Amount or Section 14(a) Recognized Gain Amount.[5] However, with respect to each such share, a Claimant may only receive a recovery under either Section 10(b) or Section 14(a) of the Exchange Act, not both sections. For each share, whether Section 10(b) or Section 14(a) of the Exchange Act is used in calculation of the Claimant's overall Recognized Claim will be determined based on which Recognized Loss Amount is greater and which Recognized Gain Amount is less.

---

[5] For shares of comScore common stock acquired in exchange for shares of Rentrak stock in connection with the Merger, the amount paid will be $39.00 per share.

## CALCULATION OF SECTION 10(b) RECOGNIZED LOSS AMOUNTS

64.   Based on the formula stated in ¶ 65 below, a "Section 10(b) Recognized Loss Amount" or "Section 10(b) Recognized Gain Amount" will be calculated for each purchase or acquisition of comScore common stock during the Settlement Class Period (*i.e.*, from February 11, 2014 through and including the close of trading on November 23, 2016, inclusive), that is listed on the Claim Form and for which adequate documentation is provided. If a Section 10(b) Recognized Loss Amount or Section 10(b) Recognized Gain Amount calculates to a negative number or zero under the formula below, that number will be zero.

65.   For each share of comScore common stock purchased or otherwise acquired during the period from February 11, 2014, through and including the close of trading on November 23, 2016, and:

(a)   Sold at a loss[6] before August 31, 2015 or on August 31, 2015 before 12:37 p.m. New York time, a Section 10(b) Recognized Loss Amount will be calculated, which will be $0.00.

(b)   Sold for a gain[7] before August 31, 2015 or on August 31, 2015 before 12:37 p.m. New York time, a Section 10(b) Recognized Gain Amount will be calculated, which will be the sale price *minus* the purchase/acquisition price.

(c)   Sold at a loss during the period from August 31, 2015 at or after 12:37 p.m. New York time through and including the close of trading on November 23, 2016, a Section 10(b) Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1 *minus* the amount of artificial inflation per share on the date of sale as stated in Table A-2; or (ii) the purchase/acquisition price *minus* the sale price.

(d)   Sold for a gain during the period from August 31, 2015 at or after 12:37 p.m. New York time through and including the close of trading on November 23, 2016, a Section 10(b) Recognized Gain Amount will be calculated, which will be the sale price *minus* the purchase/acquisition price.

(e)   Sold during the period from November 25, 2016 through and including the close of trading on February 22, 2017, a Section 10(b) Recognized Loss Amount will be calculated, which will be ***the least of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1; (ii) the purchase/acquisition price *minus* the sale price; or (iii) the purchase/acquisition price *minus* the average closing price between November 25, 2016 and the date of sale as stated in Table B at the end of this Notice.

(f)   Held as of the close of trading on February 22, 2017, a Section 10(b) Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table

---

[6] "Sold at a loss" means the purchase/acquisition price is greater than the sale price.

[7] "Sold for a gain" means the purchase/acquisition price is less than or equal to the sale price.

A-1; or (ii) the purchase/acquisition price *minus* $30.21, the average closing price for comScore common stock between November 25, 2016 and February 22, 2017 (the last entry on Table B).[8]

## ADJUSTMENT TO SECTION 10(B) RECOGNIZED LOSS AMOUNT TO ACCOUNT FOR ADDITIONAL SECTION 11 CLAIMS

66. Section 10(b) Recognized Loss Amounts (calculated pursuant to ¶ 65 above) for shares of comScore common stock acquired in exchange for shares of Rentrak common stock in connection with the Merger will be multiplied by 1.15%.

## CALCULATION OF SECTION 14(a) RECOGNIZED LOSS AMOUNTS

67.   Based on the formula stated in ¶ 68 below, a "Section 14(a) Recognized Loss Amount" or "Section 14(a) Recognized Gain Amount" will be calculated for each share of Rentrak common stock that was held as of December 10, 2015, the record date for the shareholder vote on the Merger, and converted to comScore common stock on February 1, 2016 in connection with the Merger, that is listed on the Claim Form and for which adequate documentation is provided. If a Section 14(a) Recognized Loss Amount or Section 14(a) Recognized Gain Amount calculates to a negative number or zero under the formula below, that number will be zero.

68. For each share of Rentrak common stock that was held as of December 10, 2015, the record date for the shareholder vote on the Merger, and converted to comScore common stock on February 1, 2016 in connection with the Merger, and:

(a)     Sold at a loss before the close of trading on February 29, 2016, a Section 14(a) Recognized Loss Amount will be calculated, which will be $0.00.

(b)     Sold for a gain before the close of trading on February 29, 2016, a Section 14(a) Recognized Gain Amount will be calculated, which will be the sale price *minus* the purchase/acquisition price.

(c)     Sold at a loss during the period from March 1, 2016 through and including the close of trading on November 23, 2016, a Section 14(a) Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i); $24.44 per share *minus* the dollar inflation applicable to each share on the date of sale as stated in Table A-2 below; or (ii) the purchase/acquisition price *minus* the sale price.

(d)     Sold for a gain during the period from March 1, 2016 through and including the close of trading on November 23, 2016, a Section 14(a) Recognized Gain Amount

---

[8] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Section 10(b) Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of comScore common stock during the 90-day look-back period, November 25, 2016 through February 22, 2017, inclusive. The mean (average) closing price for comScore common stock during this 90-day look-back period was $30.21.

will be calculated, which will be the sale price *minus* the purchase/acquisition price.

(e)   Held as of the close of trading on November 23, 2016, a Section 14(a) Recognized Loss Amount will be calculated, which will be $24.44 per share.

## ADDITIONAL PROVISIONS

69.   **FIFO Matching:**   If a Settlement Class Member made more than one purchase/acquisition or sale of comScore common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

70.   **"Purchase/Sale" Dates:**   Purchases or acquisitions and sales of comScore common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of comScore common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of comScore common stock for the calculation of a Claimant's Recognized Loss or Gain Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of comScore common stock unless (i) the donor or decedent purchased or otherwise acquired or sold comScore common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such comScore common stock shares.

71.   **Short Sales:**   The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the comScore common stock.  The date of a "short sale" is deemed to be the date of sale of the comScore common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

72.   In the event that a Claimant has an opening short position in comScore common stock, the earliest purchases or acquisitions of comScore common stock during the Settlement Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

73.   **Common Stock Purchased/Sold Through the Exercise of Options:**   With respect to comScore common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

74.   **Determination of Recognized Claim:**   The Claimant's Section 10(b) Recognized Claim will be the sum of the Claimant's Section 10(b) Recognized Loss Amounts *minus* the sum of the Claimant's Section 10(b) Recognized Gain Amounts. A Claimant's Section 14(a) Recognized Claim will be the sum the Claimant's Section 14(a) Recognized Loss Amounts *minus* the sum of the Claimant's Section 14(a) Recognized Gain Amounts. A Claimant's Recognized Claim under the Plan of Allocation will be sum of the Claimant's Section 10(b) Recognized Claim and Section 14(a) Recognized Claim, unless that sum is negative or zero, in which case the Claimant's Recognized Claim under the Plan of Allocation will be zero.

75.   **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

76.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

77.   No cash payments for less than $10.00 will be made. In the event of a distribution of Settlement Shares, no fractional Settlement Shares will be issued.

78.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks and claim their Settlement Shares. To the extent any monies and/or Settlement Shares remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds and/or Settlement Shares remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and claimed their initial Settlement Shares and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and claimed their prior Settlement Shares and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds and/or Settlement Shares remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

79.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, the Settling Defendants, Settling Defendants' Counsel, or any of the other Plaintiffs' Released Parties or Settling Defendants' Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, the Settling Defendants, and their respective counsel, and all other Settling Defendants' Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

80. The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.comscoresecuritieslitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

81. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount). Lead Counsel has fee-sharing agreements with the other Plaintiffs' Counsel firms, Kessler Topaz Meltzer & Check, LLP, and The McKeige Law Firm, which provide that Lead Counsel will compensate these firms from the attorneys' fees that Lead Counsel receives in this Action in amounts commensurate with those firms' efforts in this litigation. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $450,000.00, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees and reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

82. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to comScore Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, PO Box 91346, Seattle, WA 98111. The exclusion request must be *received* no later than _____, 2018. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Fresno County Employees' Retirement Association, et al. v. comScore, Inc., et al.*, No. 1:16-cv-1820"; (iii) state the number of shares of comScore common stock that the person or entity requesting exclusion purchased/acquired and sold during the period between February 11, 2014 and November 23, 2016, inclusive (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016), as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares of comScore common stock held as of the opening of trading on February 11, 2014; and (iv) be signed by the person or entity requesting exclusion or an authorized representative thereof. A

23

Request for Exclusion shall not be valid and effective, unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

83. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion, even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Settling Defendants' Released Parties.

84. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

85. comScore has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and comScore.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

86. Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below, even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing. <u>Please Note</u>: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. You should monitor the Court's docket and the website maintained by the Claims Administrator, www.comscoresecuritieslitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

87. The Settlement Hearing will be held on _____, 2018 at __:__ _.m., before the Honorable John G. Koeltl at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 12B, 500 Pearl Street, New York, New York 10007, to determine, among other things, (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against the Settling Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) whether the terms and conditions of the issuance of the Settlement Shares pursuant to an exemption from registration requirements under Section 3(a)(10) of the Securities Act are fair to all persons and entities to whom the shares will be issued; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

88. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You

must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2018. You must also serve the papers on Lead Counsel and on Representative Settling Defendants' Counsel (defined below) at the addresses set forth below so that the papers are ***received*** **on or before _____, 2018**.

| **Clerk's Office** | **Lead Counsel** | **Representative Settling Defendants' Counsel** |
|---|---|---|
| Office of the Clerk United States District Court Southern District of New York Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY 10007-1312 | Bernstein Litowitz Berger & Grossmann LLP John C. Browne, Esq. 1251 Avenue of the Americas, 44th Floor New York, NY 10020 | Jones Day Robert C. Micheletto, Esq. 250 Vesey Street New York, NY 10281 |

89. Any objection (i) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (ii) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (iii) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of comScore common stock that the person or entity requesting exclusion purchased/acquired and sold during the period between February 11, 2014 and November 23, 2016, inclusive (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016), as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares of comScore common stock held as of the opening of trading on February 11, 2014. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

90. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection, unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

91. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Representative Settling Defendants' Counsel at the addresses set forth in ¶ 88 above, so that it is ***received*** **on or before _____, 2018**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

92. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Settling Defendants' Counsel at the addresses set forth in ¶ 88 above so that the notice is *received* on or before _____, 2018.

93. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

94. If you purchased or otherwise acquired comScore common stock during the Class Period (*i.e.*, between February 11, 2014 and November 23, 2016, inclusive), including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to comScore Securities Litigation, c/o JND Legal Administration, PO Box 91346, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.comscoresecuritieslitigation.com, by calling the Claims Administrator toll-free at 1-833-609-9715, or by emailing the Claims Administrator at info@comscoresecuritieslitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

95. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.comscoresecuritieslitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

comScore Securities Litigation          and/or          John C. Browne, Esq.
c/o JND Legal Administration                             BERNSTEIN LITOWITZ

PO Box 91346
Seattle, WA 98111
1-833-609-9715
info@comscoresecuritieslitigation.com
www.comscoresecuritieslitigation.com

BERGER & GROSSMANN LLP
1251 Avenue of the Americas
New York, NY 10020
1-800-380-8496
blbg@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, COMSCORE, ANY OF THE OTHER DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2018

By Order of the Court
United States District Court
Southern District of New York

**TABLE A-1**

**Estimated Artificial Inflation from February 11, 2014
through and including November 23, 2016
With Respect to Purchases/Acquisitions of comScore Common Stock**

| Purchase/Acquisition Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 11, 2014 - August 30, 2015 | $32.78 |
| August 31, 2015: purchased/acquired before 12:37 p.m. New York time | $32.78 |
| August 31, 2015: purchased/acquired at or after 12:37 p.m. New York time | $24.44 |
| September 1, 2015 | $24.44 |
| September 2, 2015 - February 29, 2016 | $24.44 |
| March 1, 2016 - March 6, 2016 | $21.97 |
| March 7, 2016 - June 27, 2016 | $8.00 |
| June 28, 2016 - November 23, 2016 | $1.71 |

**TABLE A-2**

**Estimated Artificial Inflation from February 11, 2014
through and including November 23, 2016
With Respect to Sales of comScore Common Stock**

| Date Range | Artificial Inflation Per Share |
|---|---|
| February 11, 2014 - August 30, 2015 | $32.78 |
| August 31, 2015: sold before 12:37 p.m. New York time | $32.78 |
| August 31, 2015: sold at or after 12:37 p.m. New York time | $31.88 |
| September 1, 2015 | $29.20 |
| September 2, 2015 - February 29, 2016 | $24.44 |
| March 1, 2016 - March 6, 2016 | $21.97 |
| March 7, 2016 - June 27, 2016 | $8.00 |
| June 28, 2016 - November 23, 2016 | $1.71 |

**TABLE B**

**90-Day Look-Back Table for comScore Common Stock**
(comScore Closing Price and Average Closing Price
November 25, 2016 – February 22, 2017)

| Date | Closing Price | Average Closing Price Between November 25th and Date Shown | Date | Closing Price | Average Closing Price Between November 25th and Date Shown |
|---|---|---|---|---|---|
| 11/25/2016 | $28.94 | $28.94 | 1/10/2017 | $33.16 | $31.64 |
| 11/28/2016 | $28.76 | $28.85 | 1/11/2017 | $32.75 | $31.68 |
| 11/29/2016 | $29.15 | $28.95 | 1/12/2017 | $32.11 | $31.69 |
| 11/30/2016 | $29.04 | $28.97 | 1/13/2017 | $32.51 | $31.72 |
| 12/1/2016 | $28.70 | $28.92 | 1/17/2017 | $32.13 | $31.73 |
| 12/2/2016 | $28.95 | $28.92 | 1/18/2017 | $32.34 | $31.75 |
| 12/5/2016 | $29.16 | $28.96 | 1/19/2017 | $31.97 | $31.75 |
| 12/6/2016 | $30.07 | $29.10 | 1/20/2017 | $32.26 | $31.76 |
| 12/7/2016 | $30.17 | $29.22 | 1/23/2017 | $31.80 | $31.77 |
| 12/8/2016 | $31.85 | $29.48 | 1/24/2017 | $32.31 | $31.78 |
| 12/9/2016 | $32.74 | $29.78 | 1/25/2017 | $32.86 | $31.81 |
| 12/12/2016 | $31.99 | $29.96 | 1/26/2017 | $32.66 | $31.83 |
| 12/13/2016 | $32.17 | $30.13 | 1/27/2017 | $33.03 | $31.85 |
| 12/14/2016 | $32.44 | $30.30 | 1/30/2017 | $32.88 | $31.88 |
| 12/15/2016 | $32.87 | $30.47 | 1/31/2017 | $33.55 | $31.91 |
| 12/16/2016 | $32.86 | $30.62 | 2/1/2017 | $32.95 | $31.94 |
| 12/19/2016 | $33.98 | $30.81 | 2/2/2017 | $32.40 | $31.95 |
| 12/20/2016 | $34.50 | $31.02 | 2/3/2017 | $32.44 | $31.96 |
| 12/21/2016 | $33.38 | $31.14 | 2/6/2017 | $23.22 | $31.78 |
| 12/22/2016 | $32.52 | $31.21 | 2/7/2017 | $22.86 | $31.60 |
| 12/23/2016 | $32.67 | $31.28 | 2/8/2017 | $22.98 | $31.43 |
| 12/27/2016 | $32.54 | $31.34 | 2/9/2017 | $23.50 | $31.28 |
| 12/28/2016 | $31.96 | $31.37 | 2/10/2017 | $22.81 | $31.12 |
| 12/29/2016 | $31.86 | $31.39 | 2/13/2017 | $22.80 | $30.96 |
| 12/30/2016 | $31.58 | $31.39 | 2/14/2017 | $21.95 | $30.80 |
| 1/3/2017 | $31.79 | $31.41 | 2/15/2017 | $22.49 | $30.65 |
| 1/4/2017 | $32.61 | $31.45 | 2/16/2017 | $23.15 | $30.52 |

| Date | Closing Price | Average Closing Price Between November 25th and Date Shown | | Date | Closing Price | Average Closing Price Between November 25th and Date Shown |
|---|---|---|---|---|---|---|
| 1/5/2017 | $33.00 | $31.51 | | 2/17/2017 | $24.30 | $30.41 |
| 1/6/2017 | $32.68 | $31.55 | | 2/21/2017 | $24.42 | $30.31 |
| 1/9/2017 | $32.89 | $31.59 | | 2/22/2017 | $24.05 | $30.21 |

#1124503

<b>Exhibit A-2</b>

# <u>PROOF OF CLAIM AND RELEASE FORM</u>

TO BE POTENTIALLY ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND IT MUST BE **POSTMARKED NO LATER THAN _____ __, 2018**.

**comScore Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91346**
**Seattle, WA 98111**

**Toll-Free Number:  1-833-609-9715**
**Email:  info@comScoreSecuritiesLitigation.com**
**<u>Settlement Website:  www.comScoreSecuritiesLitigation.com</u>**

| <u>CONTENTS</u> | <u>PAGE #</u> |
|---|:---:|
| **GENERAL INSTRUCTIONS** | __ |
| **CLAIMANT INFORMATION** | __ |
| **SCHEDULE OF TRANSACTIONS** | __ |
| **RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PROOF OF CLAIM AND RELEASE FORM

TO BE POTENTIALLY ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY FIRST-CLASS MAIL TO THE ADDRESS ON THE FIRST PAGE OF THIS CLAIM FORM, **POSTMARKED NO LATER THAN _____, 2018.**

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE A PAYMENT FROM THE PROCEEDS OF THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THE ACTION OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ON THE FIRST PAGE OF THIS CLAIM FORM.**

## GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"). The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons and entities who or which (i) purchased or otherwise acquired comScore, Inc. ("comScore") common stock during the period from February 11, 2014 through November 23, 2016, inclusive (the "Settlement Class Period"); (ii) held the common stock of Rentrak Corporation ("Rentrak") as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended, and who were damaged thereby (the "Settlement Class"). Certain persons and entities are excluded from the Settlement Class by definition as set forth in Paragraph 23 of the Notice.

3.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page __ of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.       **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.       On the Schedule of Transactions in Part II of this Claim Form, supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of the subject securities.   On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the securities, whether such transactions resulted in a profit or a loss.

6.       <u>**Please note**</u>:  Only shares of comScore common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, from February 11, 2014 through November 23, 2016, inclusive) are eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of comScore common stock during the period from November 25, 2016 through February 22, 2017, inclusive, will be used for purposes of calculating loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.       You are required to submit genuine and sufficient documentation for all of your transactions in and holdings set forth in the Schedule of Transactions in Part II of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the required transactional and holding information found in a broker confirmation slip or account statement.  The Settling Parties and the Claims Administrator do not independently have information about your investments.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

<u>**Please note**</u>:  With respect to Rentrak shares exchanged in the Merger, the documentation requirements are set forth in Part B of the Schedule of Transactions.

8.       <u>**Please note Additional Documentation Requirement Regarding Purchases/Acquisitions and Sales on August 31, 2015**</u>:  If you purchased/acquired or sold shares of comScore common stock on August 31, 2015 at prices within the range set forth in this paragraph, you will also be required to submit supporting documentation that shows the time of day, New York time, when the transaction occurred.  For any shares of comScore common stock purchased/acquired or sold on August 31, 2015, if the transaction price per share was <u>$52.899 through $53.40, inclusive</u>, you must submit a time-stamped order form or similar documentation that shows the time of day, New York time, of the transaction.  For all other trades on August 31, 2015 (*i.e.*, any trades on August 31, 2015 for less than $52.899 per share or greater than $53.40 per share), the supporting documentation does not need to provide the time of day the transaction occurred.

9.       Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the comScore and Rentrak common stock. The complete name(s) of the beneficial owner(s) must be

entered.  If you purchased or otherwise acquired the securities during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired the securities during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form. Also, if there are joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

10.   **One Claim should be submitted for each separate legal entity**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

11.   Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)   expressly state the capacity in which they are acting;

    (b)   identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the subject securities; and

    (c)   furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

12.   The proceeds of the proposed Settlement, if approved, will include shares of comScore common stock (the "Settlement Shares"). The Settlement Shares, less any Settlement Shares awarded to Plaintiffs' Counsel as attorneys' fees, are referred to as the "Class Settlement Shares." Lead Counsel has the right to decide, in its sole discretion, whether to (i) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Claimants who submit claims that are approved for payment by the Court ("Authorized Claimants") or (ii) distribute the Class Settlement Shares to Authorized Claimants. If distributed, the Class Settlement Shares will be posted electronically to the accounts of Authorized Claimants on the Direct Registration System ("DRS") maintained by comScore's transfer agent. A supplemental request for information required to electronically post the Class Settlement Shares to an account on the DRS will be sent to Claimants if shares are to be distributed. Failure to provide the information requested may lead to forfeiture of the Class Settlement Shares to which you might otherwise be eligible.

13.   By submitting a signed Claim Form, you will be swearing that you:

    (a)   own(ed) the comScore common stock and Rentrak common stock you have listed in the Claim Form; or

    (b)   are expressly authorized to act on behalf of the owner thereof.

14.   By submitting a signed Claim Form, you will be swearing to the truth of the statements

contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

15.   If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly.  Please be patient.

16.   **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. No cash payments for less than $10.00 will be made. In the event of a distribution of Settlement Shares, no fractional Settlement Shares will be issued

17.   If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@comScoreSecuritiesLitigation.com, or by toll-free phone at 1-833-609-9715, or you can visit the Settlement website, www.comScoreSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

18.   NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.comScoreSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@comScoreSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* paragraph 10 above) and the ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* paragraph 9 above).  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission,      you      should      contact      the      electronic      filing      department      at info@comScoreSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-833-609-9715.**

# I.      CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                                                         State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                                      Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (where securities were traded)[1]:

Claimant Account Type (check appropriate box):
- ☐   Individual (includes joint owner accounts)      ☐   Pension Plan      ☐   Trust
- ☐   Corporation                                                            ☐   Estate
- ☐   IRA/401K                                                               ☐   Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see Paragraph 10 of the General Instructions, above, for more information on when multiple accounts must be included in the same Claim Form.

## II. SCHEDULE OF TRANSACTIONS

Please be sure to include proper documentation with your Claim Form as described in detail in the General Instructions, Paragraph 7, above.

### PART A.   COMSCORE COMMON STOCK PURCHASES/ACQUISITIONS

| | |
|---|---|
| **1.  HOLDINGS OF COMSCORE COMMON STOCK AS OF FEBRUARY 11, 2014** – State the total number of shares held as of the opening of trading on February 11, 2014. (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**2.  PURCHASES/ACQUISITIONS OF COMSCORE COMMON STOCK FROM FEBRUARY 11, 2014 THROUGH NOVEMBER 23, 2016** – Separately list each and every purchase/acquisition (including free receipts) from after the opening of trading on February 11, 2014 through and including the close of trading on November 23, 2016.  (Must be documented.)[2]

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3.  PURCHASES/ACQUISITIONS OF COMSCORE COMMON STOCK FROM NOVEMBER 25, 2016 THROUGH FEBRUARY 22, 2017** – State the total number of shares purchased/acquired (including free receipts) from after the opening of trading on November 25, 2016 through and including the close of trading on February 22, 2017.  If none, write "zero" or "0."[3] _____

| | |
|---|---|
| **4.  SALES OF COMSCORE COMMON STOCK FROM FEBRUARY 11, 2014 THROUGH FEBRUARY 22, 2017** – Separately list each and every sale/disposition (including free deliveries) from after the opening of trading on February 11, 2014 through and including the close of trading on February 22, 2017. (Must be documented.)[4] | **IF NONE, CHECK HERE** ○ |

---

[2] As explained in Paragraph 8 of the General Instructions, above, for any shares of comScore common stock purchased/acquired on August 31, 2015, if the purchase/acquisition price per share was <u>$52.899 through $53.40, inclusive</u>, the Claimant must submit a time-stamped order form or similar documentation showing the time of day, New York time, of the transaction.

[3] **Please note**:  Information requested with respect to your purchases/acquisitions of comScore common stock from after the opening of trading on November 25, 2016 through and including the close of trading on February 22, 2017 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

[4] As explained in Paragraph 8 of the General Instructions, above, for any shares of comScore common stock sold on August 31, 2015, if the sale price per share was <u>$52.899 through $53.40, inclusive</u>, the claimant must submit a time-

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| **5. HOLDINGS OF COMSCORE COMMON STOCK AS OF FEBRUARY 22, 2017** – State the total number of shares held as of the close of trading on February 22, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

**PART B.      RENTRAK COMMON STOCK EXCHANGED IN THE MERGER**

In order to document your holdings and transactions for this section, you must provide your brokerage statements for December 2015, January 2016, February 2016, and March 2016. Your brokerage statements must reflect your opening and ending holdings for each month as well as all transactions during the month.

| | |
|---|---|
| **1. HOLDINGS OF RENTRAK COMMON STOCK AS OF DECEMBER 10, 2015** – State the total number of shares held as of the close of trading on December 10, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
| **2. PURCHASES/ACQUISITIONS OF RENTRAK COMMON STOCK FROM DECEMBER 11, 2015 THROUGH JANUARY 31, 2016** – State the total number of shares purchased/acquired (including free receipts) from after the opening of trading on December 11, 2015 through and including the close of trading on January 31, 2016.  (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Purchases Enclosed ○ |
| **3. SALES OF RENTRAK COMMON STOCK FROM DECEMBER 11, 2015 THROUGH JANUARY 31, 2016** – State the total number of shares sold (including free deliveries) from after the opening of trading on December 11, 2015 through and including the close of trading on January 31, 2016.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Sales Enclosed ○ |
| **4. SHARES OF RENTRAK COMMON STOCK CONVERTED ON FEBRUARY 1, 2016 IN CONNECTION WITH THE COMSCORE/RENTRAK MERGER** – State the total number of shares of Rentrak common stock converted into shares of comScore common stock on February 1, 2016 in connection with the Merger between comScore and Rentrak. (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
| **5. SHARES OF COMSCORE COMMON STOCK ACQUIRED ON FEBRUARY 1, 2016 IN EXCHANGE FOR SHARES OF RENTRAK STOCK IN CONNECTION WITH THE COMSCORE/RENTRAK MERGER** – State the total number of shares of comScore common stock acquired in exchange for shares of Rentrak common stock in | Confirm Proof of Position Enclosed ○ |

---

stamped order form or similar documentation showing the time of day, New York time, of the transaction.

| connection with the Merger between comScore and Rentrak.  (Must be documented.) If none, write "zero" or "0." _____ | |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## IV. RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, (i) will be deemed to have, and by operation of law and of the Judgment will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Settling Defendants and the other Settling Defendants' Released Parties, and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Defendants' Released Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.     that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.     that I (we) own(ed) the comScore common stock and Rentrak common stock identified in the Claim Form and have not assigned the claim against any of the Settling Defendants or any of the other Settling Defendants' Released Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions/holdings of comScore common stock and Rentrak common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                    Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                             Date

_____
Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____
Signature of person signing on behalf of claimant                                     Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see General Instructions, Paragraph 11, above.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-833-609-9715.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@comScoreSecuritiesLitigation.com, or by toll-free phone at 1-833-609-9715, or you may visit www.comScoreSecuritiesLitigation.com.   DO NOT call comScore or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____ __, 2018**, ADDRESSED AS FOLLOWS:

comScore Securities Litigation
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ __, 2018 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

#1150837

**Exhibit A-3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, and WILLIAM HUFF, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:16-cv-01820-JGK |

                                    Plaintiffs,

               v.

COMSCORE, INC., SERGE MATTA, MELVIN WESLEY III, MAGID M. ABRAHAM, KENNETH J. TARPEY, WILLIAM J. HENDERSON, RUSSELL FRADIN, GIAN M. FULGONI, WILLIAM KATZ, RONALD J. KORN, JOAN LEWIS, RENTRAK CORPORATION, DAVID BOYLAN, DAVID I. CHEMEROW, WILLIAM ENGEL, PATRICIA GOTTESMAN, WILLIAM LIVEK, ANNE MACDONALD, MARTIN O'CONNOR, BRENT ROSENTHAL, and RALPH SHAW,

                                    Defendants.

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:    All persons and entities who or which (i) purchased or otherwise acquired comScore, Inc. ("comScore") common stock during the period from February 11, 2014 through November 23, 2016, inclusive; (ii) held the common stock of Rentrak Corporation ("Rentrak") as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock issued pursuant to the Registration**

**Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended, and were damaged thereby (the "Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action, on behalf of themselves and the other members of the Settlement Class, have reached a proposed settlement of the Action for $110 million, with $27,231,527.20 to be paid in cash and $82,768,472.80 to be paid in shares of comScore common stock (the "Settlement"). If approved by the Court, the Settlement will resolve all remaining claims in the Action.

A hearing will be held on _____, 2018 at __:__ _.m., before the Honorable John G. Koeltl at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, to determine, among other things, (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice and the Releases specified and described in the Stipulation and Agreement of Settlement dated December 28, 2017 (and in the Notice) should be granted; (iii) whether the terms and conditions of the issuance of the Settlement Shares pursuant to an exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, as amended, are fair to all persons and entities to whom the shares will be issued; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at comScore Securities Litigation, c/o JND Legal Administration; by toll-free phone at 1-833-609-9715; or by email at info@comscoresecuritieslitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.comscoresecuritieslitigation.com.

If you are a member of the Settlement Class, in order potentially to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2018. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2018, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Representative Settling Defendants' Counsel (as described in the Notice) such that they are *received* no later than _____, 2018, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, comScore, Rentrak, any of the other Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

comScore Securities Litigation
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111
1-833-609-9715
info@comscoresecuritieslitigation.com
www.comscoresecuritieslitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John C. Browne, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496

By Order of the Court

#1145354

Exhibit B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, and WILLIAM HUFF, Individually and on Behalf of All Others Similarly Situated, | : : : : : : : | Case No. 1:16-cv-01820-JGK |
| Plaintiffs, | : : | |
| v. | : : | |
| COMSCORE, INC., SERGE MATTA, MELVIN WESLEY III, MAGID M. ABRAHAM, KENNETH J. TARPEY, WILLIAM J. HENDERSON, RUSSELL FRADIN, GIAN FULGONI, WILLIAM KATZ, RONALD J. KORN, JOAN LEWIS, RENTRAK CORPORATION, DAVID BOYLAN, DAVID I. CHEMEROW, WILLIAM ENGEL, PATRICIA GOTTESMAN, WILLIAM LIVEK, ANNE MACDONALD, MARTIN O'CONNOR, BRENT ROSENTHAL, and RALPH SHAW, | : : : : : : : : : : : : : : | |
| Defendants. | : : | |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court titled *Fresno County Employees' Retirement Association, et al. v. comScore, Inc., et al.*, Case No. 1:16-cv-01820-JGK (the "Action");

WHEREAS, (a) Lead Plaintiffs Fresno County Employees' Retirement Association and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge (collectively, "Lead Plaintiffs") and Plaintiff William Huff (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) Defendants comScore, Inc. ("comScore"), Serge Matta, Melvin Wesley III, Magid M. Abraham, Kenneth J. Tarpey, William J. Henderson, Russell Fradin, Gian M. Fulgoni, William Katz, Ronald J. Korn, and Joan Lewis (collectively, the "Settling Defendants") have determined to settle all claims

asserted against the Settling Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 28, 2017 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2018 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) whether a judgment should be entered dismissing the Action with prejudice as against the Settling Defendants; and (c) whether the terms and conditions of the issuance of the Settlement Shares, which shares may be issued pursuant to the exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, § 15 U.S.C. 77c(a)(10), as amended (the "Securities Act"), are fair to all persons and entities to whom the shares will be issued;

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  the Stipulation, Notice, and Summary Notice, each of which was previously filed with the Court.

3.      **Settlement Class Certification** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class, defined as a class consisting of all persons or entities who or which (i) purchased or otherwise acquired comScore common stock during the period from February 11, 2014 through November 23, 2016, inclusive; (ii) held the common stock of Rentrak Corporation ("Rentrak") as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended, and who were damaged thereby. Excluded from the Settlement Class are Defendants; the officers and directors of comScore and Rentrak during the Settlement Class Period; members of the Immediate Families of any such excluded person; any entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest (including, without limitation, any excluded entity's subsidiaries); and the legal representatives, heirs, successors, and assigns of any excluded person or entity. [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.     **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

6.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and

finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Settling Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      All of the claims asserted against Settling Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Settling Parties and the D&O Insurers shall bear their own costs and expenses, except as otherwise expressly provided for in the Stipulation.

8.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Settling Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.      **Releases and Bar Order** – The Releases stated in paragraphs 10 through 12 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors,

successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Settling Defendants and the other Settling Defendants' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Defendants' Released Parties. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(v) of the Stipulation).

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, the Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Settling Defendants' Claim against Plaintiffs and the other Plaintiffs' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Settling Defendants' Claims against any of the Plaintiffs' Released Parties. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Bar Order** – Upon the Effective Date of the Settlement, the Court hereby permanently bars and enjoins, to the fullest extent permitted by law, any individual or entity ("Barred Person") from instituting, prosecuting, participating, continuing, maintaining, or asserting any and all claims against any of the Settling Defendants' Released Parties, and by the

Settling Defendants' Released Parties against any Barred Person, for (a) contribution or indemnity arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury or damages claimed is that Barred Person's actual or threatened liability to any Settlement Class Member, including the Plaintiffs (the "Bar Order"); *provided, however*, that nothing in this Judgment or the Stipulation shall release or alter any Individual Settling Defendant's right to indemnification against comScore arising: (a) under the terms of any written agreement, if any, between that Individual Settling Defendant and comScore, (b) under comScore's bylaws or comScore's certificate of incorporation, or (c) under Delaware law.

12.    **Judgment Reduction** – Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any Barred Person shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants for common damages; or (b) the amount paid by or on behalf of the Settling Defendants to the Settlement Class or Settlement Class Member for common damages.

13.    **Settlement Shares** – The Court, after holding the Settlement Hearing, hereby finds that: (a) the Settlement Shares are to be issued solely in exchange for bona fide outstanding claims; (b) all persons and entities to whom the Settlement Shares will be issued have had the right to appear at the Settlement Hearing; (c) the Settlement Hearing was open to all persons and entities to whom the Settlement Shares will be issued; (d) adequate notice has been given to all persons and entities to whom the Settlement Shares will be issued, and there have been no improper impediments to the appearance of such persons and entities at the Settlement Hearing; and (e) the terms and conditions of the issuance of the Settlement Shares pursuant to the terms of the Stipulation are fair to all persons and entities to whom the Settlement Shares will be issued. The

Court hereby acknowledges that it was advised prior to the Settlement Hearing that, pursuant to the terms of the Stipulation, the Settlement Shares may be issued to the Settlement Class (and to Plaintiffs' Counsel, as may be awarded by the Court) in reliance upon the exemption from registration provided by Section 3(a)(10) of the Securities Act, based on this Court's approval of the Settlement. The Court hereby approves the fairness to the Settlement Class Members of the terms and conditions of the exchange of the issuance of the Settlement Shares for the settlement and release of the claims asserted against Settling Defendants in the Action.

14.    **Rule 11 Findings** – The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

15.    **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits to the Stipulation and the Plan of Allocation contained in the Notice (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken under or in connection with the Term Sheet, the Stipulation, or approval of the Settlement (including any arguments proffered in connection with approval of the Settlement):

(a)    may be (i) offered against any of the Settling Defendants' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants' Released Parties with respect to, (A) the truth of any fact alleged by Plaintiffs; (B) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (C) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (D) any liability, negligence, fault, or

other wrongdoing of any kind of any of the Settling Defendants' Released Parties; or (ii) in any way referred to for any other reason against any of the Settling Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than any proceedings that may be necessary to effectuate the Stipulation or any of its provisions;

(b)      may be (i) offered against any of the Plaintiffs' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties (A) that any of their claims are without merit, that any of the Settling Defendants' Released Parties have meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount; or (B) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than any proceedings that may be necessary to effectuate the Stipulation or any of its provisions; or

(c)      may be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial;

except that the Settling Parties and the Released Parties and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted under this Judgment and under the Stipulation or otherwise to enforce the terms of the Stipulation.

16.      **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Settling Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees or

Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

17.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

18.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and the Settling Defendants are hereby authorized to agree to, and thereupon adopt, such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

19.     **Reasonable Extensions of Time** – Without further order of the Court, Lead Plaintiffs and Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

20.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and the Settling Defendants, and the Settling Parties shall return to their respective positions in the Action as of September 10, 2017, as provided in the Stipulation.

21.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action dismissing the Action against all Settling Defendants with prejudice, without costs to any Settling Party or the D&O Insurers, except for the payments expressly provided for in the Stipulation.

SO ORDERED this _____ day of _____, 2018.

_____
The Honorable John G. Koeltl
United States District Judge

#1151069

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**