# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, and WILLIAM HUFF, Individually and on Behalf of All Others Similarly Situated, | : : : : : : : | Case No. 1:16-cv-01820-JGK |
| Plaintiffs, | : : | |
| v. | : : | |
| COMSCORE, INC., SERGE MATTA, MELVIN WESLEY III, MAGID M. ABRAHAM, KENNETH J. TARPEY, WILLIAM J. HENDERSON, RUSSELL FRADIN, GIAN FULGONI, WILLIAM KATZ, RONALD J. KORN, JOAN LEWIS, RENTRAK CORPORATION, DAVID BOYLAN, DAVID I. CHEMEROW, WILLIAM ENGEL, PATRICIA GOTTESMAN, WILLIAM LIVEK, ANNE MACDONALD, MARTIN O'CONNOR, BRENT ROSENTHAL, and RALPH SHAW, | : : : : : : : : : : : : : : | |
| Defendants. | : : | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court titled *Fresno County Employees' Retirement Association, et al. v. comScore, Inc., et al.*, Case No. 1:16-cv-01820-JGK (the "Action");

WHEREAS, (a) Lead Plaintiffs Fresno County Employees' Retirement Association and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge (collectively, "Lead Plaintiffs") and Plaintiff William Huff (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) Defendants comScore, Inc. ("comScore"), Serge Matta, Melvin Wesley III, Magid M. Abraham, Kenneth J. Tarpey, William J. Henderson, Russell Fradin, Gian M. Fulgoni, William Katz, Ronald J. Korn, and Joan Lewis (collectively, the "Settling Defendants") have determined to settle all claims

asserted against the Settling Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 28, 2017 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class, and allowing notice to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Settlement Class Certification** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies a Settlement Class, defined as a class consisting of all persons or entities who or which (i) purchased or otherwise acquired comScore common stock during the period from February 11, 2014 through November 23, 2016, inclusive; (ii) held the common stock of Rentrak Corporation ("Rentrak") as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended (the "Registration Statement"), and who were damaged thereby. Excluded from the Settlement Class are Defendants; the officers and directors of comScore and Rentrak during the Settlement Class Period; members

of the Immediate Families of any such excluded person; any entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest (including, without limitation, any excluded entity's subsidiaries); and the legal representatives, heirs, successors, and assigns of any excluded person or entity. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court, if any.

2.     **Settlement Class Findings** – The Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Fresno County Employees' Retirement Association, Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, and William Huff are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to

the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at __:__ _.m. in Courtroom 12B of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, for the following purposes:  (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against the Settling Defendants; (c) to determine whether the terms and conditions of the issuance of the Settlement Shares, which shares may be issued pursuant to the exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. § 77c(a)(10), as amended (the "Securities Act"), are fair to all persons and entities to whom the shares will be issued; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may be properly brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)    within five (5) business days of the date of entry of this Order, comScore shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Plaintiffs' Counsel, or the Claims Administrator) comScore's and its transfer agent's records concerning the identities and last known addresses of Settlement Class Members, in electronic form, which information the Claims Administrator and Plaintiffs' Counsel shall treat and maintain as confidential;

(b)    not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records which comScore provided or caused to be provided to the Claims Administrator, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as

Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

      (e)      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

      8.      **<u>Approval of Form and Content of Notices</u>** – The Court (a) approves, as to form and content, the Notice (Exhibit 1 hereto), the Claim Form (Exhibit 2 hereto), and the Summary Notice (Exhibit 3 hereto), and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed, posted, and published, respectively.

9.      **Nominee Procedures** – Brokers and other nominees who, for the benefit of another person or entity, purchased or otherwise acquired comScore common stock during the Settlement Class Period (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016) shall (a) within seven (7) calendar days of receipt of the Notice request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.      **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the date of entry of this Order. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By

submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

12.     Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Settling Defendants' Released Parties, as more fully described in the Stipulation and the Notice.

Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  comScore Securities Litigation, c/o JND Legal Administration, P.O. Box 91346, Seattle, WA 98111and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Fresno County Employees' Retirement Association, et al. v. comScore, Inc., et al.*, Case No. 1:16-cv-01820-JGK"; (iii) state the number of shares of comScore common stock that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016), as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares of comScore common stock held at the beginning of the Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not

be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Settling Defendants' Released Parties, as more fully described in the Stipulation and Notice.

16.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to representatives of both Lead Counsel and Representative Settling Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the

proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Settling Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|  **Lead Counsel**  |  **Representative Settling Defendants' Counsel**  |
|:---:|:---:|
| Bernstein Litowitz Berger<br>& Grossmann LLP<br>John C. Browne, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020 | Jones Day<br>Robert Micheletto, Esq.<br>250 Vesey Street<br>New York, NY 10281 |

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of comScore common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016), as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period.  Objectors who

enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court. Notwithstanding the foregoing, prior to the Effective Date, such Notice and Administration Costs paid shall not exceed $750,000 without further approval of the Court.

22.     **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in*

*custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of the Court.

23.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall, upon motion, be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and the Settling Defendants, and the Settling Parties shall return to their respective positions in the Action as of September 10, 2017, as provided in the Stipulation.

25.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained in the Notice (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken under or in connection with the Term Sheet, the Stipulation, or approval of the Settlement (including any arguments proffered in connection with approval of the Settlement):

(a) may be (i) offered against any of the Settling Defendants' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants' Released Parties with respect to, (A) the truth of any

13

fact alleged by Plaintiffs; (B) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (C) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (D) any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants' Released Parties; or (ii) in any way referred to for any other reason against any of the Settling Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than any proceedings that may be necessary to effectuate the Stipulation or any of its provisions;

(b) may be (i) offered against any of the Plaintiffs' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties (A) that any of their claims are without merit, that any of the Settling Defendants' Released Parties have meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount; or (B) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than any proceedings that may be necessary to effectuate the Stipulation or any of its provisions; or

(c) may be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial;

*except that* if the Stipulation is approved by the Court, then the Settling Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted under the Stipulation or otherwise to enforce the terms of the Stipulation.

26.     **Supporting Papers** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and Lead Plaintiffs and Lead Counsel are authorized to file reply papers, which shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

27.     **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b)-(c), comScore shall timely serve the CAFA notice upon the appropriate federal and state officials. comScore shall be responsible for all costs and expenses related to CAFA notice.

28.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2018.


_____
              The Honorable John G. Koeltl
              United States District Judge


#1151074

**Exhibit 1**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, and WILLIAM HUFF, Individually and on Behalf of All Others Similarly Situated, <br><br>    Plaintiffs, <br><br>    v. <br><br> COMSCORE, INC., SERGE MATTA, MELVIN WESLEY III, MAGID M. ABRAHAM, KENNETH J. TARPEY, WILLIAM J. HENDERSON, RUSSELL FRADIN, GIAN M. FULGONI, WILLIAM KATZ, RONALD J. KORN, JOAN LEWIS, RENTRAK CORPORATION, DAVID BOYLAN, DAVID I. CHEMEROW, WILLIAM ENGEL, PATRICIA GOTTESMAN, WILLIAM LIVEK, ANNE MACDONALD, MARTIN O'CONNOR, BRENT ROSENTHAL, and RALPH SHAW, <br><br>    Defendants. | Case No.: 1:16-cv-01820-JGK |

### NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned consolidated securities class action pending in the United States District Court for the Southern District of New York (the "Court") if: (i) during the period from February

11, 2014 and November 23, 2016, inclusive (the "Settlement Class Period" or "Class Period"), you purchased or otherwise acquired comScore, Inc. ("comScore" or the "Company") common stock; (ii) held the common stock of Rentrak Corporation ("Rentrak") as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; and/or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended (the "Registration Statement"), and were damaged thereby.[1]

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Lead Plaintiffs, the Fresno County Employees' Retirement Association and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge (collectively, "Lead Plaintiffs"), and Plaintiff William Huff (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 23 below), have reached a proposed settlement of the Action with the remaining Defendants: comScore, Serge Matta, Melvin Wesley III, Magid M. Abraham, Kenneth J. Tarpey, William J. Henderson, Russell Fradin, Gian M. Fulgoni, William Katz, Ronald J. Korn, and Joan Lewis (collectively, the "comScore Defendants" or "Settling Defendants") for $110 million, with $27,231,527.20 to be paid in cash and $82,768,472.80 to be paid in shares of comScore common stock (the "Settlement"). There is no provision in the Settlement for the claims that Plaintiffs had asserted—and the Court had sustained—against Defendants Rentrak, David Boylan, David I. Chemerow, William Engel, Patricia Gottesman, William Livek, Anne MacDonald, Martin O'Connor, Brent Rosenthal, and Ralph Shaw (the "Rentrak Defendants"). Plaintiffs voluntarily dismissed those claims on September 19, 2017 after an Oregon state court issued an order that released the claims as part of a separate class action settlement (*see* ¶¶ 40-44 below). Thus, if the Court approves this Settlement, it will settle and release all claims remaining in this Action, i.e., the claims asserted against the comScore Defendants.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk of the Court, comScore, Rentrak, any of the other Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 95 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that the Settling Defendants violated the federal securities laws by filing financial statements for more than three years that were materially false and misleading, violated Generally Accepted Accounting Principles ("GAAP"), and improperly recognized more than $43 million in fictitious revenues. A more detailed description of the Action is set forth in ¶¶ 11-22

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated December 28, 2017 (the "Stipulation" or "Stipulation of Settlement"), which is available at www.comscoresecuritieslitigation.com.

below. The proposed Settlement, if approved by the Court, will settle and release claims of the Settlement Class, as defined in ¶ 23 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the claims remaining in the Action in exchange for $110,000,000.00, with $27,231,527.20 paid in cash (the "Cash Settlement Amount") and $82,768,472.80 paid in shares of comScore common stock (the "Settlement Shares" and, together with the Cash Settlement Amount, the "Settlement Amount"). The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages [__-__] below.

3. **Estimate of Average Amount of Recovery Per Share:** Lead Plaintiffs' damages expert estimates that the conduct at issue in the Action affected approximately 39,714,109.88 shares of comScore common stock. Based on the total Settlement Amount, if all eligible Settlement Class Members elect to participate in the Settlement, the estimated average recovery would be approximately $2.77 per affected share of comScore common stock, before the deduction of any Court-approved fees, expenses, and costs as described in this Notice. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the total number of valid Claim Forms submitted by Settlement Class Members and, with respect to shares of comScore common stock, when and at what prices they purchased/acquired or sold their shares. Distributions to eligible Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages [__-__] below) or such other plan of allocation as may be approved by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, the Settling Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since March 2016, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount). In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims asserted in the Action, in an amount not to exceed $450,000.00, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement

Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, assuming claims are filed for all affected shares, the estimated average amount of fees and expenses, would be approximately $0.70 per affected share of comScore common stock.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, blbg@blbglaw.com.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial and immediate recovery for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could reasonably be expected to last several years. The Settling Defendants, who make no admissions of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2018.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 34 below) that you have against the Settling Defendants and the other Settling Defendants' Released Parties (defined in ¶ 35 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION, SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Settling Defendants or the other Settling Defendants' Released Parties concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION, SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, and/or the fee and expense request, unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |

| | |
|---|---|
| **GO TO THE HEARING ON _____, 2018 AT \_\_:\_\_ \_\_.M., AND FILE A NOTICE OF INTENTION TO APPEAR, SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | Filing a written objection and notice of intention to appear by _____, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ........................................................................................... 7

What Is This Case About? ............................................................................................. 7

How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class? ........................................................................................................................... 9

What Are Plaintiffs' Reasons For The Settlement? ..................................................... 10

What Might Happen If There Were No Settlement? .................................................... 11

Are The Rentrak Defendants Part Of The Settlement? Does The Settlement Class Still Have Claims Against The Rentrak Defendants? ...................................................................... 13

How Do I Participate In The Settlement? What Do I Need To Do? ............................. 14

How Much Will My Payment Be? ............................................................................... 15

What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? ....................................................................................................... 23

What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? ....................................................................................................................... 23

When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? ....... 24

What If I Bought Shares On Someone Else's Behalf? ................................................. 26

Can I See The Court File? Whom Should I Contact If I Have Questions? ................... 26

## WHY DID I GET THIS NOTICE?

8.   The Court directed that this Notice be mailed to you, because you or someone in your family or an investment account for which you serve as a custodian may have (i) purchased or otherwise acquired comScore common stock during the Settlement Class Period; (ii) held Rentrak common stock of as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; and/or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement. The Court has directed us to send you this Notice, because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.

9.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class, if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 86-93 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), payments pursuant to the Settlement and the Court-approved plan of allocation will be made to Authorized Claimants after any objections and appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. This case is a consolidated securities class action titled *Fresno County Employees' Retirement Association, et al. v. comScore, Inc., et al.*, No. 1:16-cv-1820. The Court in charge of the case is the United States District Court for the Southern District of New York, and the presiding judge is the Honorable John G. Koeltl.

12. This case began on March 10, 2016, when the first of two securities class action complaints was filed in the Court. In accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notice to the public was issued stating the deadline by which class members could move the Court for appointment as lead plaintiff.

13. By Order dated July 19, 2016, the Court appointed the Fresno County Employees' Retirement Association and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge as Lead Plaintiffs for the Action, approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel, and consolidated all related actions into the Action.

14. Thereafter, Lead Counsel conducted an extensive investigation into the claims asserted in the Action, including, among other things, the review and analysis of publicly available documents (including SEC filings, news articles, research reports by securities and financial analysts, transcripts of comScore's investor calls, newspaper, magazine, and trade publication articles, and presentations at investor conferences), as well as interviews with several former comScore employees. Lead Counsel has also retained and consulted with accounting, statistical, and financial economics experts.

15. On October 19, 2016, Lead Plaintiffs filed and served their Consolidated Amended Class Action Complaint (the "First Amended Complaint"), adding Plaintiff Huff as a named Plaintiff. On December 9, 2016, all Defendants filed motions to dismiss the First Amended Complaint. In lieu of responding to the motions to dismiss, Plaintiffs filed the Second Consolidated Amended Class Action Complaint (the "Second Amended Complaint" or "Complaint") on January 13, 2017.

16. The Second Amended Complaint alleges, among other things, that Defendants' publicly filed financial statements for more than three years were materially false and misleading, violated GAAP, improperly recognized more than $43 million in fictitious revenue, and must be formally restated. In particular, the Complaint alleges, among other things, that Defendants reported to investors throughout the Class Period that comScore was achieving record-breaking revenues, and knew that investors valued these statements highly, as the Company touted its revenue and related metrics as the key measures by which it—and its stockholders—gauged its progress. The Second Amended Complaint alleges that, as a result of these statements, comScore's stock price soared, and its officers were compensated accordingly—they engaged in massive insider trading sales and obtained compensation packages tied to the Company's stock price. The Complaint further alleges that comScore's accounting for $43 million in nonmonetary revenue had been false and that comScore would have to restate its financial statements for three years; the Company would also be required to restate its financials for certain monetary transactions. The Complaint further alleges that the price of comScore common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions, and the price declined when the truth was revealed in disclosures that occurred on August 31, 2015, February 29, 2016, and November 23, 2016.

17. Concerning the above allegations, the Second Amended Complaint asserts (i) claims under Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, against comScore, Magid M. Abraham, Serge Matta, Kenneth J. Tarpey, Melvin Wesley III, and William J. Henderson; (ii) claims under Section 20(a) of the Exchange Act against Magid M. Abraham, Serge Matta, Kenneth J. Tarpey, Melvin Wesley III, and William J. Henderson; and (iii) claims under Section 14(a) of the Exchange Act and Section 11 of the Securities Act of 1933, as amended (the "Securities Act") against Magid M. Abraham, Serge Matta, Kenneth J. Tarpey, Melvin Wesley III, William J. Henderson, Russell Fradin, Gian M. Fulgoni, William Katz, Ronald Korn, Joan Lewis, Rentrak, David Boylan, David I. Chemerow, William Engel, Patricia Gottesman, William Livek, Anne MacDonald, Martin O'Connor, Brent Rosenthal, and Ralph Shaw, arising from comScore's 2015 merger with Rentrak (the "Merger").

18. On March 13, 2017, Defendants filed motions to dismiss the Second Amended Complaint. On April 13, 2017, Plaintiffs served their papers in opposition and, on April 27, 2017, Defendants served their reply papers. On July 14, 2017, Judge Koeltl held oral argument

8

on Defendants' motions to dismiss, and on July 28, 2017, the Court issued an Opinion and Order denying in full Defendants' motions, which sustained in their entirety the Complaint's allegations.

19. On August 17, 2017, Lead Plaintiffs and the comScore Defendants engaged in a full-day, private mediation session before the Honorable Layn Phillips in an attempt to reach a consensual resolution of the Action. On September 10, 2017, Lead Plaintiffs and the comScore Defendants ultimately agreed, subject to the Due Diligence Discovery described below and the other terms and conditions of the Stipulation, to settle and release all claims asserted against the Settling Defendants in the Action in return for $110 million, with $27,231,527.20 paid in cash and $82,768,472.80 in value paid in shares of comScore common stock.

20. On September 19, 2017, Plaintiffs voluntarily dismissed with prejudice their claims against the Rentrak Defendants (discussed further in ¶¶ 40-44 below).

21. On December 28, 2017, after months of good-faith negotiations, the Parties entered into a Stipulation of Settlement, which sets forth the final terms and conditions of the Settlement, including the condition that the Settlement is not final until the completion of Due Diligence Discovery to the satisfaction of Lead Plaintiffs and Lead Counsel. In connection with the Due Diligence Discovery, the Settling Defendants are producing documents and information regarding the allegations and claims asserted in the Complaint, and current and former comScore employees, or other persons within the Settling Defendants' control, will sit for interviews under oath by Lead Counsel. Pursuant to the Stipulation, Lead Plaintiffs have the right to withdraw from and terminate the Settlement at any time prior to filing their motion in support of final approval of the Settlement, if, in their discretion, information is produced during Due Diligence Discovery that renders the proposed Settlement unreasonable or inadequate.

22. On _____, 2018, the Court entered the Order Preliminarily Approving Proposed Settlement and Providing for Notice (the "Preliminary Approval Order"), which, among other things, preliminarily approved the proposed Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

23. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who or which (i) purchased or otherwise acquired comScore common stock during the period from February 11, 2014 through November 23, 2016, inclusive; (ii) held the common stock of Rentrak as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended, and who were damaged thereby.

Excluded from the Settlement Class are Defendants; the officers and directors of comScore and Rentrak during the Settlement Class Period; members of the Immediate Families of any such excluded person; any entity in which any excluded person or entity has, or had during the

Settlement Class Period, a controlling interest (including, without limitation, any excluded entity's subsidiaries); and the legal representatives, heirs, successors, and assigns of any excluded person or entity. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO PAYMENT FROM THE NET SETTLEMENT FUND. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE NET SETTLEMENT FUND, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN, POSTMARKED NO LATER THAN _____, 2018.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

24. Plaintiffs' principal reason for entering the Settlement is the significant payment that the Settlement Class will receive in a timely fashion without the risk or the delays inherent in further litigation. The substantial payment provided by the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions for class certification, summary judgment and other issues, as well as a trial of the Action, and likely appeals that would follow a trial, a process that could be expected to last several years.

25. Moreover, this case presented a number of substantial risks in establishing the Settling Defendants' liability. Although the Court denied the Settling Defendants' motions to dismiss the Complaint in their entirety—sustaining all of Plaintiffs' allegations concerning the theory of the Action developed through Plaintiffs' investigation—the alleged fraud involved dense, complicated, highly technical financial and accounting issues that the Settling Defendants continue to contest. Courts and commentators have recognized the difficulties of providing fraudulent intent with respect to such matters, which are difficult to explain to a jury. Thus, even if the case were to proceed to trial, there is no guarantee that the jury would find in Plaintiffs' favor and award a substantial monetary judgment to the Class.

26. In addition, Plaintiffs and Lead Counsel also recognized a substantial risk that, even if they succeeded in establishing the Settling Defendants' liability at trial, comScore would not have been financially viable enough to pay a judgment. Plaintiffs and Lead Counsel determined that this risk was particularly acute here in light of the fact that, as of this date, comScore still has not completed its restatement and therefore does not have public financial statements for any year after 2012. Consequentially, comScore common stock has been delisted from NASDAQ and the Company lacks the ability to access most sources of capital.

27. Thus, there were very significant risks attendant to the continued prosecution of the Action. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, and subject to the satisfactory completion of Due Diligence Discovery, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe

that the Settlement provides a substantial benefit to the Settlement Class, namely $110,000,000 (in cash and shares of comScore common stock, less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

28. The Settling Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Settling Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by the Settling Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against the Settling Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything in this Action. Also, if the Settling Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

30. As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but, if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

32. If you are a Settlement Class Member and you wish to object to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims asserted against the Settling Defendants in the Action and will provide that, upon the Effective Date (as defined in the Stipulation), Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will be deemed to have, and by operation of law and of the Judgment will have, fully, finally and forever compromised, settled,

11

released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 34 below) against the Settling Defendants and the other Settling Defendants' Released Parties (as defined in ¶ 35 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Defendants' Released Parties.

34. "Released Plaintiffs' Claims" mean any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined in ¶ 36 below), and any and all debts, disputes, demands, rights, actions, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal, state, or foreign statutory or common law, or any other law, rule, or regulation, that Plaintiffs or any other member of the Settlement Class: (i) asserted in any complaint filed in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the facts, allegations (including any and all allegations relating to the financial statements at issue in the Action), transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts, omissions, or failures to act involved, set forth, or referred to in any complaint filed in the Action and that relate to the purchase or acquisition of comScore common stock during the Settlement Class Period, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment. Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims asserted in any pending derivative action; (iii) any claims by any governmental entity arising out of any governmental investigation of comScore or Rentrak, or any of their respective former or current officers or directors, relating to the conduct alleged in the Action; (iv) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (v) any claims against the Non-Settling Defendants or Ernst & Young.

35. "Settling Defendants' Released Parties" means the Settling Defendants, Settling Defendants' Counsel, and their respective present and former officers and directors, trustees, agents, parents, subsidiaries, affiliates, attorneys, insurers, reinsurers, employees, heirs, executors, administrators, trustees, Immediate Family members, beneficiaries, predecessors, successors, assigns, and assignees, in their capacities as such. For the avoidance of doubt, Settling Defendants' Released Parties do not include any of the Non-Settling Defendants or Ernst & Young.

36. "Unknown Claims" means any Released Plaintiffs' Claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of those claims, and any Released Settling Defendants' Claims that any Settling Defendant or any other Settling Defendants' Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of those claims, which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties will expressly waive, and each of the other Settlement Class Members and Settling Defendants' Released Parties will be deemed to have waived, and by operation of the Judgment will have expressly waived, all provisions, rights, and benefits

conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and the Settling Defendants acknowledge, and each of the other Settlement Class Members and Settling Defendants' Released Parties will be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

37. The Judgment will also provide that, upon the Effective Date, the Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will be deemed to have, and by operation of law and of the Judgment will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Settling Defendants' Claim (as defined in ¶ 38 below) against Plaintiffs and the other Plaintiffs' Released Parties (as defined in ¶ 39 below), and will forever be barred and enjoined from prosecuting any or all of the Released Settling Defendants' Claims against any of the Plaintiffs' Released Parties.

38. "Released Settling Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, and any and all debts, disputes, demands, rights, actions, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues, and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal, state, or foreign statutory or common law, or any other law, rule, or regulation, that arise out of, are based upon, or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Defendants. Released Settling Defendants' Claims do not include any claims relating to the enforcement of the Settlement.

39. "Plaintiffs' Released Parties" means Plaintiffs, all other Settlement Class Members, and their respective present and former officers and directors, trustees, agents, parents, subsidiaries, affiliates, attorneys, insurers, reinsurers, employees, heirs, executors, administrators, trustees, Immediate Family members, beneficiaries, predecessors, successors, assigns, and assignees.

---

**ARE THE RENTRAK DEFENDANTS PART OF THE SETTLEMENT? DOES THE SETTLEMENT CLASS STILL HAVE CLAIMS AGAINST THE RENTRAK DEFENDANTS?**

---

40. The Complaint asserted—and the Court sustained—claims arising from the Rentrak Merger against the Rentrak Defendants. As discussed in further detail below, however, Plaintiffs have since voluntarily dismissed those claims after an Oregon state court issued an order releasing those claims in connection with the settlement of a separate action. Accordingly, the

Rentrak Defendants are not parties to the Settlement, and the Settlement does not provide any recovery specific to the claims previously asserted in this Action against the Rentrak Defendants.

41. Specifically, on September 12, 2017, a state court in Oregon issued an order granting final approval of a class settlement in an action entitled *In re Rentrak Corporation Shareholders Litigation*, No. 15CV27429 (Multnomah County Circuit Court, Oregon) ("*In re Rentrak*") which released (among other things) claims under the federal securities laws against the Rentrak Defendants, including explicitly the claims asserted in this Action (the "*In re Rentrak* Settlement"). All Settlement Class Members on whose behalf the Complaint asserted claims against the Rentrak Defendants are included in the *In re Rentrak* Settlement class. Thus, final approval of the *In re Rentrak* Settlement released all claims against the Rentrak Defendants in this Action.

42. No *In re Rentrak* Settlement class members objected or opted-out to the *In re Rentrak* Settlement. When the *In re Rentrak* settlement was announced, Plaintiffs' Counsel and Plaintiff Huff evaluated the terms of the settlement and considered whether to object or opt-out prior to the final approval hearing. Plaintiff Huff determined not to object or opt-out, and to pursue his remaining federal claims against the remaining Defendants in this Court.  Ultimately, the Oregon Court found that the *In re Rentrak* Settlement presented a fair and reasonable settlement. The *In re Rentrak* Settlement recovered $19 million, nearly exhausting Rentrak's remaining insurance coverage. The *In re Rentrak* Settlement expressly did not release the other federal securities claims asserted in this Action.

43. It was an express condition of the *In re Rentrak* Settlement that the settlement proceeds could not be distributed until the claims against the Rentrak Defendants in this Action were dismissed with prejudice. Thus, Plaintiffs and Lead Counsel determined that voluntarily dismissing those claims would serve the Class's interest by accelerating its access to the recovery from the *In re Rentrak* Settlement. Lead Plaintiffs and Lead Counsel believed that voluntary dismissal would cause no prejudice to the Settlement Class because the *In re Rentrak* Settlement released the claims of the Settlement Class Members against the Rentrak Defendants in this Action, and further because the *In re Rentrak* Settlement notice provided explicit notice that those claims would be released.

44. Accordingly, on September 19, 2017, Plaintiffs voluntarily dismissed with prejudice the Rentrak Defendants from this Action. This dismissal was without a court order, as permitted by Federal Rule of Civil Procedure 41(a)(1)(A). Thus, the Settlement will settle and release all claims remaining in this Action.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

45. To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation, **postmarked no later than _____, 2018**. A Claim Form is included with this Notice. You may also obtain a Claim Form from the website maintained by the Claims Administrator for the Settlement, www.comscoresecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-609-9715 or by emailing the Claims Administrator at info@comscoresecuritieslitigation.com. Please retain all records of your ownership of and transactions in comScore and Rentrak common stock, as they may be needed

to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

46. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

47. Pursuant to the Settlement, comScore has agreed to pay or caused to be paid a total of $110,000,000 for the benefit of the Settlement Class, with (i) $27,231,527.20 paid in cash (the "Cash Settlement Amount") deposited into an escrow account controlled by Lead Counsel; and (ii) $82,768,472.80 paid in shares of comScore common stock (the "Settlement Shares").[2]

48. The Settlement Amount (*i.e.*, the Cash Settlement Amount plus the Settlement Shares) plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund (including, if applicable, the net cash proceeds from the sale of any Class Settlement Shares as well as accrued interest thereon) less (i) all federal, state and/or local taxes on any income earned by the Settlement Fund (including any appreciation in value of the Settlement Shares); the reasonable expenses and costs incurred in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); and all taxes imposed on payments by the Settlement Fund, including withholding taxes; (ii) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

49. The Net Settlement Fund will not be distributed, unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

50. Neither the Settling Defendants, the Settling Defendants' Released Parties, nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Except as otherwise provided in the Stipulation, the Settling Defendants and the other Settling Defendants' Released Parties shall not have any involvement

---

[2] The Settlement Shares to be issued will be valued as of the date of the Settlement Hearing in accordance with the terms of the Stipulation. The Settlement Shares, less any Settlement Shares awarded to Plaintiffs' Counsel as attorneys' fees, are referred to as the "Class Settlement Shares." Pursuant to the Stipulation, Lead Counsel has the right to decide, in its sole discretion, whether to (i) distribute the Class Settlement Shares to Settlement Class Members who submit claims that are approved for payment by the Court ("Authorized Claimants") or (ii) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Authorized Claimants. Please Note: After the date on which such shares are valued, the value of the Class Settlement Shares may fluctuate. No representation can be made as to what the value of the Class Settlement Shares will be at the time the shares are distributed or, if applicable, sold for the benefit of Settlement Class Members.

in, or any responsibility, authority or liability whatsoever for, the administration of the Settlement or the distribution of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity in connection with the foregoing.

51. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

52. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a valid Claim Form postmarked on or before _____, 2018 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 34 above) against the Settling Defendants' Released Parties (as defined in ¶ 35 above) and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Settling Defendants' Released Parties with respect to the Released Plaintiffs' Claims, whether or not such Settlement Class Member submits a Claim Form.

53. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in comScore or Rentrak common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased, acquired, or held outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of comScore common stock during the Class Period, or claims based on any ERISA Plan's shares of Rentrak common stock held as of December 10, 2015, may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

54. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

55. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

56. Only Settlement Class Members will be potentially eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are shares of comScore common stock.

## PROPOSED PLAN OF ALLOCATION

57. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the

Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

58. Subject to the provisions stated below, the proposed Plan of Allocation will calculate: (i) a "Section 10(b) Recognized Loss Amount" or "Section 10(b) Recognized Gain Amount" for all shares of comScore common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, from February 11, 2014 through November 23, 2016, inclusive), with a multiple of 1.15% applied to Section 10(b) Recognized Loss Amounts for shares of comScore common stock acquired in exchange for shares of Rentrak common stock in connection with the Merger[3]; and (ii) a "Section 14(a) Recognized Loss Amount" or "Section 14(a) Recognized Gain Amount" for shares of Rentrak common stock held as of December 10, 2015, the record date for the shareholder vote on the Merger, that were converted to shares of comScore common stock on February 1, 2016 in connection with the Merger.

59. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the per share closing price of comScore common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in comScore common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation in comScore common stock is stated in Tables A-1 and A-2 at the end of this Notice.

60. For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be, among other things, the cause of the decline in the price or value of the security. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between February 11, 2014 and November 23, 2016, inclusive, which had the effect of artificially inflating the price of comScore common stock. Lead Plaintiffs further allege that corrective information was released to the market on: August 31, 2015 (at 12:37 p.m. New York time), February 29, 2016 (after the close of trading), March 7, 2016 (before the opening of trading), June 27, 2016 (after the close of trading), and November 23, 2016 (after the close of trading), which partially removed the artificial inflation from the price of comScore common stock on: August 31, 2015, September 1, 2015, September 2, 2015, March 1, 2016, March 7, 2016, June 28, 2016, and November 25, 2016.[4]

---

[3] The 15% premium is being applied to Section 10(b) Recognized Loss Amounts for shares of comScore common stock acquired in exchange for share of Rentrak common stock in connection with the Merger on account of the fact that such shares also have claims under Section 11 of the Securities Act in addition to claims under Section 10(b) of the Exchange Act.

[4] With respect to the partial corrective disclosure that occurred on August 31, 2015, the alleged artificial inflation was removed from the price of comScore common stock over three days: August 31, 2015, September 1, 2015, and September 2, 2015.

61. Recognized Loss Amounts under Section 10(b) are based primarily on the difference in the amount of alleged artificial inflation in the prices of comScore common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price. Accordingly, in order to have a Section 10(b) Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired comScore common stock prior to the first corrective disclosure, which occurred at 12:37 p.m. New York time on August 31, 2015, must have held his, her or its shares of comScore common stock through at least that time. A Settlement Class Member who purchased or otherwise acquired comScore common stock at or after 12:37 p.m. New York on August 31, 2015, must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of comScore common stock.

62. In developing the Plan of Allocation for claims under Section 14(a) of the Exchange Act, Lead Plaintiffs' damages expert measured the decline in the price of comScore common stock proximately caused by the revelation of information that Lead Plaintiffs alleged was concealed from Rentrak's shareholders voting on the Merger in December of 2015, adjusting for price changes that were attributable to market or industry forces. In order to have recoverable damages under Section 14(a), disclosure of the alleged misrepresentations and omissions must be the cause of the decline in the price of comScore common stock. Section 14(a) Recognized Loss Amounts are based primarily on these observed price declines of comScore common stock on dates when such corrective disclosures occurred. As with Section 10(b), the corrective disclosures remaining after the December 2015 vote and the January 29, 2016 consummation of the Merger partially removed the artificial inflation from the price of comScore common stock on: March 1, 2016, March 7, 2016, June 28, 2016, and November 25, 2016. In order to have a Section 14(a) Recognized Loss Amount, a Settlement Class Member must have (i) held Rentrak common stock as of December 10, 2015, the record date for the shareholder vote, with respect to which the Settlement Class Member was entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016 ("Rentrak Voting Shares"); (ii) acquired comScore common stock in exchange for those Rentrak Voting Shares in connection with the Merger, which exchange occurred on February 1, 2016; and (iii) held those shares of comScore stock through at least the close of trading on March 1, 2016, the date before the first corrective disclosure following the consummation of the Merger on January 29, 2016.

63. Shares of comScore common stock that were acquired as a result of the conversion of Rentrak Voting Shares into shares of comScore stock in the Merger may calculate to both: (i) a Section 10(b) Recognized Loss Amount or Section 10(b) Recognized Gain Amount; and (ii) a Section 14(a) Recognized Loss Amount or Section 14(a) Recognized Gain Amount.[5] However, with respect to each such share, a Claimant may only receive a recovery under either Section 10(b) or Section 14(a) of the Exchange Act, not both sections. For each share, whether Section 10(b) or Section 14(a) of the Exchange Act is used in calculation of the Claimant's overall Recognized Claim will be determined based on which Recognized Loss Amount is greater and which Recognized Gain Amount is less.

---

[5] For shares of comScore common stock acquired in exchange for shares of Rentrak stock in connection with the Merger, the amount paid will be $39.00 per share.

## CALCULATION OF SECTION 10(b) RECOGNIZED LOSS AMOUNTS

64.    Based on the formula stated in ¶ 65 below, a "Section 10(b) Recognized Loss Amount" or "Section 10(b) Recognized Gain Amount" will be calculated for each purchase or acquisition of comScore common stock during the Settlement Class Period (*i.e.*, from February 11, 2014 through and including the close of trading on November 23, 2016, inclusive), that is listed on the Claim Form and for which adequate documentation is provided. If a Section 10(b) Recognized Loss Amount or Section 10(b) Recognized Gain Amount calculates to a negative number or zero under the formula below, that number will be zero.

65.    For each share of comScore common stock purchased or otherwise acquired during the period from February 11, 2014, through and including the close of trading on November 23, 2016, and:

(a)    Sold at a loss[6] before August 31, 2015 or on August 31, 2015 before 12:37 p.m. New York time, a Section 10(b) Recognized Loss Amount will be calculated, which will be $0.00.

(b)    Sold for a gain[7] before August 31, 2015 or on August 31, 2015 before 12:37 p.m. New York time, a Section 10(b) Recognized Gain Amount will be calculated, which will be the sale price *minus* the purchase/acquisition price.

(c)    Sold at a loss during the period from August 31, 2015 at or after 12:37 p.m. New York time through and including the close of trading on November 23, 2016, a Section 10(b) Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1 *minus* the amount of artificial inflation per share on the date of sale as stated in Table A-2; or (ii) the purchase/acquisition price *minus* the sale price.

(d)    Sold for a gain during the period from August 31, 2015 at or after 12:37 p.m. New York time through and including the close of trading on November 23, 2016, a Section 10(b) Recognized Gain Amount will be calculated, which will be the sale price *minus* the purchase/acquisition price.

(e)    Sold during the period from November 25, 2016 through and including the close of trading on February 22, 2017, a Section 10(b) Recognized Loss Amount will be calculated, which will be ***the least of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1; (ii) the purchase/acquisition price *minus* the sale price; or (iii) the purchase/acquisition price *minus* the average closing price between November 25, 2016 and the date of sale as stated in Table B at the end of this Notice.

(f)    Held as of the close of trading on February 22, 2017, a Section 10(b) Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table

---

[6] "Sold at a loss" means the purchase/acquisition price is greater than the sale price.

[7] "Sold for a gain" means the purchase/acquisition price is less than or equal to the sale price.

A-1; or (ii) the purchase/acquisition price *minus* $30.21, the average closing price for comScore common stock between November 25, 2016 and February 22, 2017 (the last entry on Table B).[8]

## ADJUSTMENT TO SECTION 10(B) RECOGNIZED LOSS AMOUNT TO ACCOUNT FOR ADDITIONAL SECTION 11 CLAIMS

66. Section 10(b) Recognized Loss Amounts (calculated pursuant to ¶ 65 above) for shares of comScore common stock acquired in exchange for shares of Rentrak common stock in connection with the Merger will be multiplied by 1.15%.

## CALCULATION OF SECTION 14(a) RECOGNIZED LOSS AMOUNTS

67.   Based on the formula stated in ¶ 68 below, a "Section 14(a) Recognized Loss Amount" or "Section 14(a) Recognized Gain Amount" will be calculated for each share of Rentrak common stock that was held as of December 10, 2015, the record date for the shareholder vote on the Merger, and converted to comScore common stock on February 1, 2016 in connection with the Merger, that is listed on the Claim Form and for which adequate documentation is provided. If a Section 14(a) Recognized Loss Amount or Section 14(a) Recognized Gain Amount calculates to a negative number or zero under the formula below, that number will be zero.

68. For each share of Rentrak common stock that was held as of December 10, 2015, the record date for the shareholder vote on the Merger, and converted to comScore common stock on February 1, 2016 in connection with the Merger, and:

(a)     Sold at a loss before the close of trading on February 29, 2016, a Section 14(a) Recognized Loss Amount will be calculated, which will be $0.00.

(b)     Sold for a gain before the close of trading on February 29, 2016, a Section 14(a) Recognized Gain Amount will be calculated, which will be the sale price *minus* the purchase/acquisition price.

(c)     Sold at a loss during the period from March 1, 2016 through and including the close of trading on November 23, 2016, a Section 14(a) Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i); $24.44 per share *minus* the dollar inflation applicable to each share on the date of sale as stated in Table A-2 below; or (ii) the purchase/acquisition price *minus* the sale price.

(d)     Sold for a gain during the period from March 1, 2016 through and including the close of trading on November 23, 2016, a Section 14(a) Recognized Gain Amount

---

[8] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Section 10(b) Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of comScore common stock during the 90-day look-back period, November 25, 2016 through February 22, 2017, inclusive. The mean (average) closing price for comScore common stock during this 90-day look-back period was $30.21.

will be calculated, which will be the sale price *minus* the purchase/acquisition price.

(e)     Held as of the close of trading on November 23, 2016, a Section 14(a) Recognized Loss Amount will be calculated, which will be $24.44 per share.

## ADDITIONAL PROVISIONS

69.     **FIFO Matching:**     If a Settlement Class Member made more than one purchase/acquisition or sale of comScore common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

70.     **"Purchase/Sale" Dates:**     Purchases or acquisitions and sales of comScore common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of comScore common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of comScore common stock for the calculation of a Claimant's Recognized Loss or Gain Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of comScore common stock unless (i) the donor or decedent purchased or otherwise acquired or sold comScore common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such comScore common stock shares.

71.     **Short Sales:**     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the comScore common stock.  The date of a "short sale" is deemed to be the date of sale of the comScore common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

72.     In the event that a Claimant has an opening short position in comScore common stock, the earliest purchases or acquisitions of comScore common stock during the Settlement Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

73.     **Common Stock Purchased/Sold Through the Exercise of Options:**  With respect to comScore common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

74.     **Determination of Recognized Claim:**     The Claimant's Section 10(b) Recognized Claim will be the sum of the Claimant's Section 10(b) Recognized Loss Amounts *minus* the sum of the Claimant's Section 10(b) Recognized Gain Amounts. A Claimant's Section 14(a) Recognized Claim will be the sum the Claimant's Section 14(a) Recognized Loss Amounts *minus* the sum of the Claimant's Section 14(a) Recognized Gain Amounts. A Claimant's Recognized Claim under the Plan of Allocation will be sum of the Claimant's Section 10(b) Recognized Claim and Section 14(a) Recognized Claim, unless that sum is negative or zero, in which case the Claimant's Recognized Claim under the Plan of Allocation will be zero.

75.    **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

76.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

77.    No cash payments for less than $10.00 will be made. In the event of a distribution of Settlement Shares, no fractional Settlement Shares will be issued.

78.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks and claim their Settlement Shares. To the extent any monies and/or Settlement Shares remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds and/or Settlement Shares remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and claimed their initial Settlement Shares and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and claimed their prior Settlement Shares and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds and/or Settlement Shares remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

79.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, the Settling Defendants, Settling Defendants' Counsel, or any of the other Plaintiffs' Released Parties or Settling Defendants' Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, the Settling Defendants, and their respective counsel, and all other Settling Defendants' Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

80. The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.comscoresecuritieslitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

81. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount). Lead Counsel has fee-sharing agreements with the other Plaintiffs' Counsel firms, Kessler Topaz Meltzer & Check, LLP, and The McKeige Law Firm, which provide that Lead Counsel will compensate these firms from the attorneys' fees that Lead Counsel receives in this Action in amounts commensurate with those firms' efforts in this litigation. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $450,000.00, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees and reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

82. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to comScore Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, PO Box 91346, Seattle, WA 98111. The exclusion request must be *received* no later than _____, 2018. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Fresno County Employees' Retirement Association, et al. v. comScore, Inc., et al.*, No. 1:16-cv-1820"; (iii) state the number of shares of comScore common stock that the person or entity requesting exclusion purchased/acquired and sold during the period between February 11, 2014 and November 23, 2016, inclusive (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016), as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares of comScore common stock held as of the opening of trading on February 11, 2014; and (iv) be signed by the person or entity requesting exclusion or an authorized representative thereof. A

Request for Exclusion shall not be valid and effective, unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

83. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion, even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Settling Defendants' Released Parties.

84. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

85. comScore has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and comScore.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

86. Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below, even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing. Please Note: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. You should monitor the Court's docket and the website maintained by the Claims Administrator, www.comscoresecuritieslitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

87. The Settlement Hearing will be held on _____, 2018 at __:__ _.m., before the Honorable John G. Koeltl at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 12B, 500 Pearl Street, New York, New York 10007, to determine, among other things, (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against the Settling Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) whether the terms and conditions of the issuance of the Settlement Shares pursuant to an exemption from registration requirements under Section 3(a)(10) of the Securities Act are fair to all persons and entities to whom the shares will be issued; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

88. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You

must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2018. You must also serve the papers on Lead Counsel and on Representative Settling Defendants' Counsel (defined below) at the addresses set forth below so that the papers are **received** **on or before** _____, **2018**.

| **Clerk's Office** | **Lead Counsel** | **Representative Settling Defendants' Counsel** |
|---|---|---|
| Office of the Clerk United States District Court Southern District of New York Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY 10007-1312 | Bernstein Litowitz Berger & Grossmann LLP John C. Browne, Esq. 1251 Avenue of the Americas, 44th Floor New York, NY 10020 | Jones Day Robert C. Micheletto, Esq. 250 Vesey Street New York, NY 10281 |

89. Any objection (i) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (ii) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (iii) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of comScore common stock that the person or entity requesting exclusion purchased/acquired and sold during the period between February 11, 2014 and November 23, 2016, inclusive (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016), as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares of comScore common stock held as of the opening of trading on February 11, 2014. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

90. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection, unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

91. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Representative Settling Defendants' Counsel at the addresses set forth in ¶ 88 above, so that it is **received on or before** _____, **2018**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

92. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Settling Defendants' Counsel at the addresses set forth in ¶ 88 above so that the notice is *received* **on or before _____, 2018**.

93. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

94. If you purchased or otherwise acquired comScore common stock during the Class Period (*i.e.*, between February 11, 2014 and November 23, 2016, inclusive), including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to comScore Securities Litigation, c/o JND Legal Administration, PO Box 91346, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.comscoresecuritieslitigation.com, by calling the Claims Administrator toll-free at 1-833-609-9715, or by emailing the Claims Administrator at info@comscoresecuritieslitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

95. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.comscoresecuritieslitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

comScore Securities Litigation      and/or      John C. Browne, Esq.
c/o JND Legal Administration                     BERNSTEIN LITOWITZ

| | |
|---|---|
| PO Box 91346 | BERGER & GROSSMANN LLP |
| Seattle, WA 98111 | 1251 Avenue of the Americas |
| 1-833-609-9715 | New York, NY 10020 |
| info@comscoresecuritieslitigation.com | 1-800-380-8496 |
| www.comscoresecuritieslitigation.com | blbg@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, COMSCORE, ANY OF THE OTHER DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2018

By Order of the Court
United States District Court
Southern District of New York

**TABLE A-1**

**Estimated Artificial Inflation from February 11, 2014
through and including November 23, 2016
With Respect to Purchases/Acquisitions of comScore Common Stock**

| Purchase/Acquisition Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 11, 2014 - August 30, 2015 | $32.78 |
| August 31, 2015: purchased/acquired before 12:37 p.m. New York time | $32.78 |
| August 31, 2015: purchased/acquired at or after 12:37 p.m. New York time | $24.44 |
| September 1, 2015 | $24.44 |
| September 2, 2015 - February 29, 2016 | $24.44 |
| March 1, 2016 - March 6, 2016 | $21.97 |
| March 7, 2016 - June 27, 2016 | $8.00 |
| June 28, 2016 - November 23, 2016 | $1.71 |

**TABLE A-2**

**Estimated Artificial Inflation from February 11, 2014
through and including November 23, 2016
With Respect to Sales of comScore Common Stock**

| Date Range | Artificial Inflation Per Share |
|---|---|
| February 11, 2014 - August 30, 2015 | $32.78 |
| August 31, 2015: sold before 12:37 p.m. New York time | $32.78 |
| August 31, 2015: sold at or after 12:37 p.m. New York time | $31.88 |
| September 1, 2015 | $29.20 |
| September 2, 2015 - February 29, 2016 | $24.44 |
| March 1, 2016 - March 6, 2016 | $21.97 |
| March 7, 2016 - June 27, 2016 | $8.00 |
| June 28, 2016 - November 23, 2016 | $1.71 |

**TABLE B**

**90-Day Look-Back Table for comScore Common Stock**
(comScore Closing Price and Average Closing Price
November 25, 2016 – February 22, 2017)

| Date | Closing Price | Average Closing Price Between November 25th and Date Shown | Date | Closing Price | Average Closing Price Between November 25th and Date Shown |
|---|---|---|---|---|---|
| 11/25/2016 | $28.94 | $28.94 | 1/10/2017 | $33.16 | $31.64 |
| 11/28/2016 | $28.76 | $28.85 | 1/11/2017 | $32.75 | $31.68 |
| 11/29/2016 | $29.15 | $28.95 | 1/12/2017 | $32.11 | $31.69 |
| 11/30/2016 | $29.04 | $28.97 | 1/13/2017 | $32.51 | $31.72 |
| 12/1/2016 | $28.70 | $28.92 | 1/17/2017 | $32.13 | $31.73 |
| 12/2/2016 | $28.95 | $28.92 | 1/18/2017 | $32.34 | $31.75 |
| 12/5/2016 | $29.16 | $28.96 | 1/19/2017 | $31.97 | $31.75 |
| 12/6/2016 | $30.07 | $29.10 | 1/20/2017 | $32.26 | $31.76 |
| 12/7/2016 | $30.17 | $29.22 | 1/23/2017 | $31.80 | $31.77 |
| 12/8/2016 | $31.85 | $29.48 | 1/24/2017 | $32.31 | $31.78 |
| 12/9/2016 | $32.74 | $29.78 | 1/25/2017 | $32.86 | $31.81 |
| 12/12/2016 | $31.99 | $29.96 | 1/26/2017 | $32.66 | $31.83 |
| 12/13/2016 | $32.17 | $30.13 | 1/27/2017 | $33.03 | $31.85 |
| 12/14/2016 | $32.44 | $30.30 | 1/30/2017 | $32.88 | $31.88 |
| 12/15/2016 | $32.87 | $30.47 | 1/31/2017 | $33.55 | $31.91 |
| 12/16/2016 | $32.86 | $30.62 | 2/1/2017 | $32.95 | $31.94 |
| 12/19/2016 | $33.98 | $30.81 | 2/2/2017 | $32.40 | $31.95 |
| 12/20/2016 | $34.50 | $31.02 | 2/3/2017 | $32.44 | $31.96 |
| 12/21/2016 | $33.38 | $31.14 | 2/6/2017 | $23.22 | $31.78 |
| 12/22/2016 | $32.52 | $31.21 | 2/7/2017 | $22.86 | $31.60 |
| 12/23/2016 | $32.67 | $31.28 | 2/8/2017 | $22.98 | $31.43 |
| 12/27/2016 | $32.54 | $31.34 | 2/9/2017 | $23.50 | $31.28 |
| 12/28/2016 | $31.96 | $31.37 | 2/10/2017 | $22.81 | $31.12 |
| 12/29/2016 | $31.86 | $31.39 | 2/13/2017 | $22.80 | $30.96 |
| 12/30/2016 | $31.58 | $31.39 | 2/14/2017 | $21.95 | $30.80 |
| 1/3/2017 | $31.79 | $31.41 | 2/15/2017 | $22.49 | $30.65 |
| 1/4/2017 | $32.61 | $31.45 | 2/16/2017 | $23.15 | $30.52 |

| Date | Closing Price | Average Closing Price Between November 25th and Date Shown | | Date | Closing Price | Average Closing Price Between November 25th and Date Shown |
|------|------|------|------|------|------|------|
| 1/5/2017 | $33.00 | $31.51 | | 2/17/2017 | $24.30 | $30.41 |
| 1/6/2017 | $32.68 | $31.55 | | 2/21/2017 | $24.42 | $30.31 |
| 1/9/2017 | $32.89 | $31.59 | | 2/22/2017 | $24.05 | $30.21 |

#1124503

**Exhibit 2**

# PROOF OF CLAIM AND RELEASE FORM

TO BE POTENTIALLY ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND IT MUST BE **POSTMARKED NO LATER THAN _____ __, 2018**.

**comScore Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91346**
**Seattle, WA 98111**

**Toll-Free Number:  1-833-609-9715**
**Email:  info@comScoreSecuritiesLitigation.com**
**Settlement Website:  www.comScoreSecuritiesLitigation.com**

| CONTENTS | PAGE # |
|---|---|
| **GENERAL INSTRUCTIONS** | __ |
| **CLAIMANT INFORMATION** | __ |
| **SCHEDULE OF TRANSACTIONS** | __ |
| **RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PROOF OF CLAIM AND RELEASE FORM

TO BE POTENTIALLY ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY FIRST-CLASS MAIL TO THE ADDRESS ON THE FIRST PAGE OF THIS CLAIM FORM, **POSTMARKED NO LATER THAN _____, 2018.**

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE A PAYMENT FROM THE PROCEEDS OF THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THE ACTION OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ON THE FIRST PAGE OF THIS CLAIM FORM.**

## GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"). The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons and entities who or which (i) purchased or otherwise acquired comScore, Inc. ("comScore") common stock during the period from February 11, 2014 through November 23, 2016, inclusive (the "Settlement Class Period"); (ii) held the common stock of Rentrak Corporation ("Rentrak") as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended, and who were damaged thereby (the "Settlement Class"). Certain persons and entities are excluded from the Settlement Class by definition as set forth in Paragraph 23 of the Notice.

3.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page __ of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      On the Schedule of Transactions in Part II of this Claim Form, supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of the subject securities.   On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the securities, whether such transactions resulted in a profit or a loss.

6.      <u>**Please note**</u>:  Only shares of comScore common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, from February 11, 2014 through November 23, 2016, inclusive) are eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of comScore common stock during the period from November 25, 2016 through February 22, 2017, inclusive, will be used for purposes of calculating loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings set forth in the Schedule of Transactions in Part II of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the required transactional and holding information found in a broker confirmation slip or account statement.  The Settling Parties and the Claims Administrator do not independently have information about your investments.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

<u>**Please note**</u>:  With respect to Rentrak shares exchanged in the Merger, the documentation requirements are set forth in Part B of the Schedule of Transactions.

8.      <u>**Please note Additional Documentation Requirement Regarding Purchases/Acquisitions and Sales on August 31, 2015**</u>:  If you purchased/acquired or sold shares of comScore common stock on August 31, 2015 at prices within the range set forth in this paragraph, you will also be required to submit supporting documentation that shows the time of day, New York time, when the transaction occurred.  For any shares of comScore common stock purchased/acquired or sold on August 31, 2015, if the transaction price per share was <u>$52.899 through $53.40, inclusive</u>, you must submit a time-stamped order form or similar documentation that shows the time of day, New York time, of the transaction.  For all other trades on August 31, 2015 (*i.e.*, any trades on August 31, 2015 for less than $52.899 per share or greater than $53.40 per share), the supporting documentation does not need to provide the time of day the transaction occurred.

9.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the comScore and Rentrak common stock. The complete name(s) of the beneficial owner(s) must be

entered.  If you purchased or otherwise acquired the securities during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired the securities during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form. Also, if there are joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

10.    **One Claim should be submitted for each separate legal entity**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

11.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the subject securities; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

12.    The proceeds of the proposed Settlement, if approved, will include shares of comScore common stock (the "Settlement Shares"). The Settlement Shares, less any Settlement Shares awarded to Plaintiffs' Counsel as attorneys' fees, are referred to as the "Class Settlement Shares." Lead Counsel has the right to decide, in its sole discretion, whether to (i) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Claimants who submit claims that are approved for payment by the Court ("Authorized Claimants") or (ii) distribute the Class Settlement Shares to Authorized Claimants. If distributed, the Class Settlement Shares will be posted electronically to the accounts of Authorized Claimants on the Direct Registration System ("DRS") maintained by comScore's transfer agent. A supplemental request for information required to electronically post the Class Settlement Shares to an account on the DRS will be sent to Claimants if shares are to be distributed. Failure to provide the information requested may lead to forfeiture of the Class Settlement Shares to which you might otherwise be eligible.

13.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the comScore common stock and Rentrak common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

14.    By submitting a signed Claim Form, you will be swearing to the truth of the statements

contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

15.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly.  Please be patient.

16.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. No cash payments for less than $10.00 will be made. In the event of a distribution of Settlement Shares, no fractional Settlement Shares will be issued

17.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@comScoreSecuritiesLitigation.com, or by toll-free phone at 1-833-609-9715, or you can visit the Settlement website, www.comScoreSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

18.    NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.comScoreSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@comScoreSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* paragraph 10 above) and the *complete* name of the beneficial owner of the securities must be entered where called for (*see* paragraph 9 above).  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission,         you         should         contact         the         electronic         filing         department         at info@comScoreSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-833-609-9715.**

## I.     CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                                                              State     Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                                        Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (where securities were traded)[1]:

Claimant Account Type (check appropriate box):
- ☐   Individual (includes joint owner accounts)   ☐   Pension Plan     ☐   Trust
- ☐   Corporation                                                        ☐   Estate
- ☐   IRA/401K                                                           ☐   Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see Paragraph 10 of the General Instructions, above, for more information on when multiple accounts must be included in the same Claim Form.

## II.  SCHEDULE OF TRANSACTIONS

Please be sure to include proper documentation with your Claim Form as described in detail in the General Instructions, Paragraph 7, above.

**PART A.    COMSCORE COMMON STOCK PURCHASES/ACQUISITIONS**

| | |
|---|---|
| **1.  HOLDINGS OF COMSCORE COMMON STOCK AS OF FEBRUARY 11, 2014** – State the total number of shares held as of the opening of trading on February 11, 2014. (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**2.  PURCHASES/ACQUISITIONS OF COMSCORE COMMON STOCK FROM FEBRUARY 11, 2014 THROUGH NOVEMBER 23, 2016** – Separately list each and every purchase/acquisition (including free receipts) from after the opening of trading on February 11, 2014 through and including the close of trading on November 23, 2016.  (Must be documented.)[2]

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3.  PURCHASES/ACQUISITIONS OF COMSCORE COMMON STOCK FROM NOVEMBER 25, 2016 THROUGH FEBRUARY 22, 2017** – State the total number of shares purchased/acquired (including free receipts) from after the opening of trading on November 25, 2016 through and including the close of trading on February 22, 2017.  If none, write "zero" or "0."[3] _____

| | |
|---|---|
| **4.  SALES OF COMSCORE COMMON STOCK FROM FEBRUARY 11, 2014 THROUGH FEBRUARY 22, 2017** – Separately list each and every sale/disposition (including free deliveries) from after the opening of trading on February 11, 2014 through and including the close of trading on February 22, 2017. (Must be documented.)[4] | **IF NONE, CHECK HERE** ○ |

---

[2] As explained in Paragraph 8 of the General Instructions, above, for any shares of comScore common stock purchased/acquired on August 31, 2015, if the purchase/acquisition price per share was $52.899 through $53.40, inclusive, the Claimant must submit a time-stamped order form or similar documentation showing the time of day, New York time, of the transaction.

[3] **Please note**:  Information requested with respect to your purchases/acquisitions of comScore common stock from after the opening of trading on November 25, 2016 through and including the close of trading on February 22, 2017 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

[4] As explained in Paragraph 8 of the General Instructions, above, for any shares of comScore common stock sold on August 31, 2015, if the sale price per share was $52.899 through $53.40, inclusive, the claimant must submit a time-

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5. HOLDINGS OF COMSCORE COMMON STOCK AS OF FEBRUARY 22, 2017** – State the total number of shares held as of the close of trading on February 22, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

**PART B.        RENTRAK COMMON STOCK EXCHANGED IN THE MERGER**

In order to document your holdings and transactions for this section, you must provide your brokerage statements for December 2015, January 2016, February 2016, and March 2016. Your brokerage statements must reflect your opening and ending holdings for each month as well as all transactions during the month.

| | |
|---|---|
| **1. HOLDINGS OF RENTRAK COMMON STOCK AS OF DECEMBER 10, 2015** – State the total number of shares held as of the close of trading on December 10, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
| **2. PURCHASES/ACQUISITIONS OF RENTRAK COMMON STOCK FROM DECEMBER 11, 2015 THROUGH JANUARY 31, 2016** – State the total number of shares purchased/acquired (including free receipts) from after the opening of trading on December 11, 2015 through and including the close of trading on January 31, 2016.  (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Purchases Enclosed ○ |
| **3. SALES OF RENTRAK COMMON STOCK FROM DECEMBER 11, 2015 THROUGH JANUARY 31, 2016** – State the total number of shares sold (including free deliveries) from after the opening of trading on December 11, 2015 through and including the close of trading on January 31, 2016.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Sales Enclosed ○ |
| **4. SHARES OF RENTRAK COMMON STOCK CONVERTED ON FEBRUARY 1, 2016 IN CONNECTION WITH THE COMSCORE/RENTRAK MERGER** – State the total number of shares of Rentrak common stock converted into shares of comScore common stock on February 1, 2016 in connection with the Merger between comScore and Rentrak. (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
| **5. SHARES OF COMSCORE COMMON STOCK ACQUIRED ON FEBRUARY 1, 2016 IN EXCHANGE FOR SHARES OF RENTRAK STOCK IN CONNECTION WITH THE COMSCORE/RENTRAK MERGER** – State the total number of shares of comScore common stock acquired in exchange for shares of Rentrak common stock in | Confirm Proof of Position Enclosed ○ |

stamped order form or similar documentation showing the time of day, New York time, of the transaction.

| connection with the Merger between comScore and Rentrak.  (Must be documented.) If none, write "zero" or "0." _____ | |

---

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## IV. RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, (i) will be deemed to have, and by operation of law and of the Judgment will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Settling Defendants and the other Settling Defendants' Released Parties, and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Defendants' Released Parties.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.     that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.     that I (we) own(ed) the comScore common stock and Rentrak common stock identified in the Claim Form and have not assigned the claim against any of the Settling Defendants or any of the other Settling Defendants' Released Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions/holdings of comScore common stock and Rentrak common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                             Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                         Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                              Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see General Instructions, Paragraph 11, above.)

## **REMINDER CHECKLIST**

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-833-609-9715.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@comScoreSecuritiesLitigation.com, or by toll-free phone at 1-833-609-9715, or you may visit www.comScoreSecuritiesLitigation.com.   DO NOT call comScore or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____ __, 2018**, ADDRESSED AS FOLLOWS:

comScore Securities Litigation
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ __, 2018 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

#1150837

**Exhibit 3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, and WILLIAM HUFF, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:16-cv-01820-JGK |
| Plaintiffs, | |
| v. | |
| COMSCORE, INC., SERGE MATTA, MELVIN WESLEY III, MAGID M. ABRAHAM, KENNETH J. TARPEY, WILLIAM J. HENDERSON, RUSSELL FRADIN, GIAN M. FULGONI, WILLIAM KATZ, RONALD J. KORN, JOAN LEWIS, RENTRAK CORPORATION, DAVID BOYLAN, DAVID I. CHEMEROW, WILLIAM ENGEL, PATRICIA GOTTESMAN, WILLIAM LIVEK, ANNE MACDONALD, MARTIN O'CONNOR, BRENT ROSENTHAL, and RALPH SHAW, | |
| Defendants. | |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

TO:   All persons and entities who or which (i) purchased or otherwise acquired comScore, Inc. ("comScore") common stock during the period from February 11, 2014 through November 23, 2016, inclusive; (ii) held the common stock of Rentrak Corporation ("Rentrak") as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock issued pursuant to the Registration

**Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended, and were damaged thereby (the "Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action, on behalf of themselves and the other members of the Settlement Class, have reached a proposed settlement of the Action for $110 million, with $27,231,527.20 to be paid in cash and $82,768,472.80 to be paid in shares of comScore common stock (the "Settlement"). If approved by the Court, the Settlement will resolve all remaining claims in the Action.

A hearing will be held on _____, 2018 at __:__ _.m., before the Honorable John G. Koeltl at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, to determine, among other things, (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice and the Releases specified and described in the Stipulation and Agreement of Settlement dated December 28, 2017 (and in the Notice) should be granted; (iii) whether the terms and conditions of the issuance of the Settlement Shares pursuant to an exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, as amended, are fair to all persons and entities to whom the shares will be issued; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at comScore Securities Litigation, c/o JND Legal Administration; by toll-free phone at 1-833-609-9715; or by email at info@comscoresecuritieslitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.comscoresecuritieslitigation.com.

If you are a member of the Settlement Class, in order potentially to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2018. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2018, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Representative Settling Defendants' Counsel (as described in the Notice) such that they are *received* no later than _____, 2018, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, comScore, Rentrak, any of the other Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

comScore Securities Litigation
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111
1-833-609-9715
info@comscoresecuritieslitigation.com
www.comscoresecuritieslitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John C. Browne, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496

By Order of the Court

#1145354