## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FRESNO COUNTY EMPLOYEES' RETIREMENT
ASSOCIATION, EMPLOYEES' RETIREMENT
SYSTEM OF THE CITY OF BATON ROUGE AND
PARISH OF EAST BATON ROUGE, and
WILLIAM HUFF, Individually and on Behalf of All
Others Similarly Situated,

Plaintiffs,

v.

COMSCORE, INC., SERGE MATTA, MELVIN
WESLEY III, MAGID M. ABRAHAM, KENNETH
J. TARPEY, WILLIAM J. HENDERSON,
RUSSELL FRADIN, GIAN FULGONI, WILLIAM
KATZ, RONALD J. KORN, JOAN LEWIS,
RENTRAK CORPORATION, DAVID BOYLAN,
DAVID I. CHEMEROW, WILLIAM ENGEL,
PATRICIA GOTTESMAN, WILLIAM LIVEK,
ANNE MACDONALD, MARTIN O'CONNOR,
BRENT ROSENTHAL, and RALPH SHAW,

Defendants.

Case No. 1:16-cv-01820-JGK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/7/2018_

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES
## AND REIMBURSEMENT OF LITIGATION EXPENSES

WHEREAS, this matter came on for hearing on June 7, 2018 (the "Settlement Hearing")

on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation

Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and

otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved

by the Court was mailed to all Settlement Class Members who or which could be identified with

reasonable effort, and that a summary notice of the hearing substantially in the form approved by

the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire*

pursuant to the specifications of the Court; and the Court having considered and determined the

fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 28, 2017 (ECF No. 250-1) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.     The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.     Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.     Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of **20** % of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount), which sum the Court finds to be fair and reasonable.     Plaintiffs' Counsel are also hereby awarded $ **296,362.39** in reimbursement of Plaintiffs' Counsel's Litigation Expenses to be paid from the Cash Settlement Fund, which sum the Court finds to be fair and reasonable.

2

5. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

6. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $110,000,000, consisting of $27,231,527.20 in cash and $82,768,472.80 in shares of comScore common stock, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiffs, institutional investors that oversaw the prosecution and resolution of the Action;

(c) Over 36,000 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $450,000, and there are no objections to the requested attorneys' fees and expenses;

(d) Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

3

(g)     Plaintiffs' Counsel represented that they devoted over 44,200 hours to achieve the Settlement; and

(h)     The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable.

7.     Lead Plaintiff Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge is hereby awarded $ _950. 36_____ from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8.     Lead Plaintiff Fresno County Employees' Retirement Association is hereby awarded $ _5, 019 . 12_ from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

9.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

So ordered. This 7ᵗʰ day of June 2018

6/Loe Get

u. S D. J.

4